WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Marcia L. Goldstein
Gary T. Holtzer
Adam P. Strochak
Stephen A. Youngman (*pro hac vice pending*)
Sylvia A. Mayer (*pro hac vice pending*)

KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
Telephone:  (312) 861-2000
Facsimile:   (312) 861-2200
James H.M. Sprayregen, P.C.
Anup Sathy, P.C. (*pro hac vice pending*)

Proposed Attorneys for Debtors and
Debtors in Possession

Proposed Co-Attorneys for Certain Subsidiary
Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                                             :
**In re**                                                    :    **Chapter 11 Case No.**
                                                             :
**GENERAL GROWTH**                                           :    **09 - _____ (   )**
**PROPERTIES, INC., et al.,**                                :
                                                             :    **(Joint Administration Requested)**
                          **Debtors.**                       :
-------------------------------------------------------------x

## DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 1015(c) AND 9007 IMPLEMENTING CERTAIN NOTICE AND CASE MANAGEMENT PROCEDURES

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

South Street Seaport Limited Partnership, its ultimate parent, General Growth

Properties, Inc. ("**GGP**"), and their debtor affiliates, as debtors and debtors in possession

(collectively, "**General Growth**" or the "**Debtors**"),[1] submit this motion (the "**Motion**") and

respectfully represent as follows:

---
[1]    A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's
federal tax identification number, is attached hereto as **Exhibit "A"**.

## I.

## PRELIMINARY STATEMENT

1.      The Debtors request that, pursuant to section 105(a) of title 11 of the
United States Code (the "**Bankruptcy Code**") and Rules 1015(c) and 9007 of the Federal Rules
of Bankruptcy Procedure (each a "**Bankruptcy Rule**" and, collectively, the "**Bankruptcy
Rules**"), the Court implement certain procedures to facilitate the orderly administration of these
chapter 11 cases (the "**Procedures**").  The Debtors request that, to the extent that any of the
Procedures conflict with the provisions of the Bankruptcy Code, the Bankruptcy Rules or the
Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy
Rules**"), the Procedures shall govern and shall supersede such provisions and rules.  A proposed
order is attached hereto as **Exhibit "B"**.

## II.

## BACKGROUND

2.      Commencing on April 16, 2009 (the "**Commencement Date**") and
continuing thereafter, the Debtors each commenced a voluntary case under the Bankruptcy Code.
The Debtors are authorized to operate their businesses and manage their properties as debtors in
possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Contemporaneously
herewith, the Debtors filed a motion seeking joint administration of their chapter 11 cases
pursuant to Bankruptcy Rule 1015(b).

## III.

## THE DEBTORS' BUSINESS

3.      GGP is a publicly-traded real estate investment trust ("**REIT**")
headquartered in Chicago, Illinois.  GGP, along with its approximately 750 wholly owned

Debtor and non-Debtor subsidiaries and affiliates (collectively, the "**GGP Group**"),[2] comprise one of the largest shopping center REITs in the United States, measured by the number of shopping centers it owns and manages.  GGP is the general partner of GGP Limited Partnership ("**GGP LP**"), which is the entity through which substantially all of the GGP Group's business is conducted.  GGP LP, in turn, owns or controls, directly or indirectly, GGPLP, L.L.C., The Rouse Company LP ("**TRCLP**"), and General Growth Management, Inc. ("**GGMI**").  GGMI is a non-Debtor affiliate that provides management and other services to the GGP Group, to certain joint ventures of the GGP Group, and to third parties in which the GGP Group does not hold an ownership interest.

4.      The GGP Group operates its business on an integrated basis with centralized administration, leasing and management functions that enable the GGP Group to achieve operating efficiencies and revenue enhancement benefiting the overall enterprise.  The Debtors include various wholly owned holding companies and project level operating companies.  The non-Debtor subsidiaries and affiliates similarly include various holding companies, management companies, and project level operating companies, as well as all of the joint venture operations.

5.      For purposes of public financial reporting, GGP divides its operations into two business segments:  (i) Retail and Other, which includes the operation, development and management of shopping centers, office buildings, and other commercial properties, and is the GGP Group's primary business; and (ii) Master Planned Communities, which includes the development and sale of land, primarily in large-scale, long-term community development

---

[2]      GGP owns 96% of GGP LP, and outside parties hold the remaining 4%.  Consequently, while the Debtors refer to subsidiaries owned directly or indirectly by GGP and GGP LP as "wholly owned," a small percentage of GGP LP actually is held by outside parties.

projects.  The net operating income ("**NOI**") for GGP's Retail and Other segment was $2.59

billion in 2008, a 4.5 percent increase over 2007.  The NOI for the substantially smaller Master

Planned Communities decreased from prior years and was approximately $29 million in 2008.

### A.    Retail and Other

6.    The GGP Group owns a portfolio of more than 200 regional shopping

centers located in major and middle markets throughout 44 states, including joint venture

interests in approximately 48 shopping centers. The GGP Group also owns non-controlling

interests in two international joint ventures that own shopping centers in Brazil and Turkey.  The

shopping centers in which the GGP Group has an ownership interest, or for which it has

management responsibility, have approximately 200 million square feet of space and contain

over 24,000 retail stores, department stores, restaurants, and other amenities.

7.    The primary source of revenue for the Retail and Other segment is tenant

rent.  The GGP Group's retail leases generally include both a base rent component and a charge

for the tenant's share of expenses associated with the operation of the applicable shopping

center, such as real estate taxes, utilities, insurance, maintenance costs, security costs, and other

general operating expenses.  Many of the retail leases also contain scheduled increases during the

term of the lease, and an overage rent provision under which the tenant may be required to pay

additional rent based upon its annual sales.  With respect to shopping center properties owned

by, or in joint ventures with, third parties, the GGP Group generally conducts its property

management activities through GGMI.  Consequently, in addition to its rental income, the GGP

Group's Retail and Other segment also reports revenue earned from such property management

services, as well as from strategic partnerships, advertising, sponsorship, vending machines,

parking services, and the sale of gift cards.

B.    **Master Planned Communities**

8.    In addition to its core shopping center business, the GGP Group also owns and develops large-scale, long-term master planned communities.  GGP Group has five master planned communities located in and around Columbia, Maryland; Summerlin, Nevada; and Houston, Texas.  These communities contain approximately 18,500 saleable acres of land.  They feature residential, retail, office and mixed- use components as well as schools, civic spaces and other amenities including parks, lakes, golf courses, and wilderness trails.  The master planned community segment's revenue is generated primarily from the sale of improved land to homebuilders and commercial developers.

C.    **Financials**

9.    As of December 31, 2008, the GGP Group as a whole reported approximately $29.6 billion in total assets and approximately $27.3 billion in total liabilities (including the GGP Group's proportionate share of joint venture indebtedness).  Of the $27.3 billion in total liabilities, $24.85 billion represents the aggregate consolidated outstanding indebtedness of consolidated entities, which includes $6.58 billion in unsecured, recourse indebtedness and $18.27 billion in debt secured by properties.  For 2008, the GGP Group reported consolidated revenue of approximately $3.4 billion and net cash from operating activities of $555.6 million.  The GGP Group employs approximately 3,700 people.  Additional information regarding the Debtors' business, capital structure, and the circumstances leading to these chapter 11 cases is contained in certain declarations filed concurrently herewith (collectively, the "**Declarations**").

**IV.**

### JURISDICTION

10.     This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### V.

### BASIS FOR RELIEF REQUESTED

11.     The Procedures establish requirements for the filing and serving of motions, pleadings, applications, and other requests for relief (collectively, the "**Pleadings**") to facilitate the orderly administration of these chapter 11 cases.  As set forth more fully below, the Procedures (i) delineate standards for notice; (ii) authorize the Debtors to schedule, in cooperation with the Court, periodic omnibus hearing dates; and (iii) articulate mandatory guidelines for those hearings and other proceedings.

A.     **The Procedures**

1.     **Notice Procedures**

12.     In excess of 100,000 parties-in-interest may be entitled to receive notice in these cases.  Providing notice of all Pleadings filed to each creditor and party-in-interest is unnecessary and would be extremely burdensome and costly to the estate, in light of the photocopying, postage, and other expenses associated with such large mailings.

13.     The Debtors therefore request, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9007, that the Court approve the notice procedures outlined herein.  Consistent with the approach taken in other large chapter 11 cases, the Debtors propose to establish a master service list (the "**Master Service List**"), which would include: (i) the Office of the United States Trustee for the Southern District of New York (Attn: Greg

Zipes) (the "**U.S. Trustee**"); (ii) the Debtors; (iii) counsel for the Debtors; (iv) counsel for any

official committee appointed in the Debtors' chapter 11 cases; (v) EuroHypo AG, New York

Branch, administrative agent for the lenders to certain of the Debtors under (a) the Second

Amended and Restated Credit Agreement dated as of February 24, 2006 and (b) the Loan

Agreement, dated as of July 11, 2008, as amended; (vi) Deutsche Bank Trust Company

Americas, as administrative agent for the lenders to certain of the Debtors under certain Loan

Agreements, dated as of November 28, 2008; (vii) Goldman Sachs Mortgage Company, as

administrative agent for the lenders to certain of the Debtors under the Amended and Restated

Credit Agreement, dated as of November 3, 2008; (viii) Wilmington Trust FSB, as indenture

trustee under (a) that certain Indenture, dated as of May 5, 2006, and (b) that certain Indenture,

dated as of April 16, 2007; (ix) LaSalle Bank National Association and Wilmington Trust FSB,[3]

as indenture trustee under that certain Junior Subordinated Indenture, dated as of February 24,

2006; (x) The Bank of New York Mellon Corporation, as indenture trustee under that certain

Indenture, dated as of February 24, 1995; (xi) those creditors holding the 100 largest unsecured

claims against the Debtors' estates (on a consolidated basis); and (xii) the Securities and

Exchange Commission, the Internal Revenue Service, and other government agencies to the

extent required by the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

14.    Any creditor or party-in-interest that wishes to receive notice other than as

required by Bankruptcy Rule 2002 must file a notice of appearance and request for service of

papers (a "**Request**") with the Clerk of the Court and serve a copy of such Request upon each of

---

[3]    Wilmington Trust FSB recently entered into an agreement pursuant to which it will assume the indenture trustee assignments of LaSalle Bank National Association. As of the Commencement Date, the trustee assignment with respect to this indenture has not yet been transferred to Wilmington Trust FSB; however, Wilmington Trust FSB will succeed LaSalle Bank National Association as indenture trustee for this series of notes upon the transfer of the trustee assignment.

the parties set forth in paragraph 11 (i)-(xii) above.  Each Request must include such party's: (i) name; (ii) address; (iii) name of client, if applicable; (iv) telephone number; (v) facsimile number; and (vi) electronic mail ("**e-mail**") address, unless such party files a request to be exempted from providing an e-mail address.

15.    To the extent that a Request fails to contain an e-mail address, such party shall not be entitled to additional service of papers, as described below, until such party (i) files a request to be exempted from providing an e-mail address, and (ii) serves a copy of such request upon each of the parties set forth on the Master Service List as the date thereof.  Each party having filed a Request shall be deemed to have consented to electronic service of papers.

16.    The Debtors propose to update the Master Service List on a monthly basis to include the names, addresses, and e-mail addresses of any party-in-interest who has made a written request for notice since the prior month.  In the event any changes are made, the Debtors will file the updated Master Service List with the Court.

17.    The Debtors propose that notice of Pleadings in these chapter 11 cases only be served upon: (i) the parties then-listed on the Master Service List; (ii) any parties that have, pursuant to Bankruptcy Rule 2002, formally appeared and requested service since the last Master Service List was filed with the Court; and (iii) any party against whom direct relief is sought in such matter.

18.    The proceedings with respect to which notice is proposed to be limited to those parties included on the Master Service List would include all matters covered by Bankruptcy Rule 2002 and the Local Bankruptcy Rules, with the express exception of the following: (i) notice of the first meeting of creditors pursuant to section 341 of the Bankruptcy Code; (ii) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c); (iii) the

time fixed for filing objections to, and the hearing to consider approval of, a disclosure statement and a plan of reorganization; (iv) notice of and transmittal of ballots for accepting or rejecting a plan of reorganization; and (v) notice for approval of the sale of all or substantially all of the Debtors' assets.  Notice of the foregoing matters would be given to all parties-in-interest in accordance with Bankruptcy Rule 2002 and other applicable Bankruptcy Rules, unless otherwise ordered by the Court or otherwise proscribed by the Bankruptcy Code.

19.    Pursuant to the Court's General Order on Revised Electronic Filing Procedures (the "**Revised Electronic Filing Procedures**"), M-242, dated January 19, 2001, electronic service (i.e., service by e-mail) may be made on a person who has requested, or is deemed to have requested, electronic notice in accordance with Bankruptcy Rule 9036 or the Revised Electronic Filing Procedures;[4] provided, however, that hard copies of documents or notices shall be served in the following circumstances: (i) service made in accordance with Rules 4 and 45 of the Federal Rules of Civil Procedure, Bankruptcy Rule 7004, or Bankruptcy Rule 9016; (ii) service made upon an agency of the United States, including the United States Attorney, the U.S. Trustee, or chambers, in accordance with the Bankruptcy Rules, the Local Bankruptcy Rules, or an order of the court; (iii) notice served pursuant to Bankruptcy Rule 2002(a)(1); and (iv) service made by the attorneys for the Debtors of the petition, schedules and statement of financial affairs on the U.S. Trustee.

20.    Upon the completion of noticing of any particular matter, the Debtors shall file with the Court either an affidavit of service or certificate of service, annexing thereto the list of those parties to whom notice was provided

---

[4]    The Revised Electronic Filing Procedures provide that "the request for and receipt of an [Electronic Filing] System password from the Court shall constitute a request for electronic service pursuant to [Bankruptcy Rule 9036], and except as otherwise provided in the Revised Electronic Filing Procedures, a waiver of the right to receive notice and service conventionally."

## 2.      **Hearings and Related Procedural Matters**

21.      <u>Omnibus Hearings</u>.  The Debtors seek authorization to schedule, in cooperation with the Court, periodic omnibus hearings at which Pleadings shall be heard.  To the extent that omnibus hearings are scheduled, as an administrative matter, the Debtors will serve notice of the omnibus hearing dates scheduled.  Moreover, the Debtors propose that the following guidelines apply to the omnibus hearings:

(a)      <u>Adversary Proceedings and Claims Objections</u>.  The Court shall set separate hearings for claim objections and for pre-trial conferences and trials in connection with adversary proceedings.  Initial pre-trial conferences in connection with adversary proceedings shall be scheduled on the next available hearing date that is at least forty-five (45) days after the filing of a complaint.

(b)      <u>Hearings Scheduled in Error</u>.  If a document is filed by a non-Debtor party that purports to set a hearing date inconsistent with the omnibus hearing dates and the Procedures herein, the hearing shall be scheduled, without the necessity of Court order, for the first omnibus hearing after the applicable notice period has expired.  If this occurs, the Debtors shall provide the movant with notice of these Procedures within five (5) business days of the Debtors' receipt of the documents that are erroneously filed.

(c)      <u>Emergency Relief</u>.  If a movant or applicant other than a Debtor determines that a Pleading requires emergency or expedited relief, the movant or applicant shall telephonically contact the Debtors' attorneys and request that the Pleading be considered on an expedited basis.  If the Debtors disagree with the movant's or applicant's determination regarding the emergency or expedited nature of the relief requested, the movant or applicant shall:  (i) inform the Court of the disagreement via telephone; and (ii) arrange thereafter for a

chambers conference, telephonic or in-person, to be held among the Court, the Debtors'

attorneys, and the movant or applicant to discuss the disagreement.  If the Court agrees with the

position of the movant or applicant regarding the necessity for expedited consideration, the

movant or applicant, may, by order to show cause, request an expedited hearing.

22.    Guidelines for Setting a Hearing Date.  Pleadings (other than those filed as

set forth below) shall not be considered by the Court unless filed and served in accordance with

these Procedures at least twenty (20) calendar days before the scheduled omnibus hearing date.

Notwithstanding the foregoing, pursuant to Bankruptcy Rule 9006, if the parties served with

Pleadings include parties being served by U.S. mail, a hearing may not be scheduled before

twenty-three (23) calendar days from the date of service.  Nothing in these Procedures shall

prejudice the right of any party to move the Court to request an enlargement or reduction of any

time period under Bankruptcy Rules 6006(b) and 9006(b)-(c).  Furthermore, if a Pleading

requests relief pursuant to Bankruptcy Rules 2002(a)-(b), the relevant hearing shall be set after

the passage of the time period set forth in the rule.

23.    Telephonic Appearances.  If a party desires to participate in a hearing by

telephone, such party must request permission from Chambers and notify the attorneys for the

Debtors at least forty-eight (48) hours prior to the scheduled hearing.  If chambers permits

telephonic participation, the party participating telephonically must arrange such telephonic

participation with Court Call, adhering to the procedures for telephonic participation applicable

in the United States Bankruptcy Court for the Southern District of New York.  Those parties

participating by phone may not use speakerphones, unless first authorized by the Court; by

reason of technical limitations of the equipment, and the way speakerphones disrupt proceedings

in the courtroom, speakerphone authorizations usually will not be granted.  Parties participating

by phone must put their phones on "mute" except when they need to be heard.  Parties so participating are not to put their phones on "hold" under any circumstances.

24.     <u>Objection Deadlines</u>.  The deadline to file an objection to any Pleading shall be:  (i) at least five (5) calendar days before the applicable hearing date, or (ii) such other date ordered by the Court.  That deadline may be extended with the consent of the movant or the applicant.  The objection will not be considered timely filed unless filed with the Court and received by all parties on the Master Service List and the interested movant, on or before the applicable objection deadline.  All parties filing an objection shall include their telephone and facsimile numbers in the signature block on the last page of the objection.

25.     <u>Deadline for Filing Reply</u>.  If a party chooses to file a reply to an objection, and unless otherwise ordered by the Court, such reply shall be filed with the Court and served in accordance with these Procedures on or before 12:00 noon, prevailing Eastern Time, on the day that is at least two (2) calendar days before the date of a hearing.

26.     <u>Relief Without a Hearing</u>.  A Pleading may be granted without a hearing provided that, after the passage of the objection deadline, the attorney for the entity that filed the Pleading:  (i) files a declaration pursuant to 28 U.S.C. § 1746 indicating that no objection has been filed or served in accordance with these Procedures; (ii) serves the declaration by facsimile or e-mail upon the undersigned attorneys for the Debtors one (1) business day before submission thereof to the Court; and (iii) delivers by U.S. mail, electronic mail, or hand or overnight delivery, a package to the Court including (a) the declaration described in subsection (i) above, and (b) an electronic copy of an order granting the relief requested in the applicable Pleading (collectively, the "**<u>Presentment Package</u>**").  Upon receipt of the Presentment Package, the Court may grant the relief requested in the Pleading without further submission, hearing, or request.  If

the Court does not grant the relief, (i) the Pleading will be considered by the Court at the hearing

date set in accordance with the provisions of this Motion and (ii) the decision shall not constitute

an extension of the objection deadline related thereto, unless otherwise agreed between the

Debtors and the party seeking relief.

27.    Notices of Hearing.  A "**Notice of Hearing**" shall be affixed to all

Pleadings and shall include the following:  (i) the title of the Pleading; (ii) the parties upon whom

any objection to the Pleading is required to be served; (iii) the date and time of the applicable

objection deadline; (iv) the date of the hearing at which the Pleading shall be considered by the

Court; and (v) a statement that the relief requested may be granted without a hearing if no

objection is timely filed and served in accordance with these Procedures.  The applicable

objection deadline and hearing date shall also appear in the upper right corner of the first page of

the Notice of Hearing.

28.    Proposed Agenda Hearing.  By 12:00 noon on the day prior to each

hearing day, the Debtors' counsel shall file with the Court a proposed agenda with regard to the

matters which are or were to be heard on such hearing day.

29.    Certificate of Conference.  Prior to filing a motion seeking (a) relief from

the automatic stay, (b) adequate protection, (c) compel assumption or rejection, or (d) compel the

Debtors to take other action, the movant shall attempt to confer with Debtors' counsel to explore

consensual resolution of the dispute.  Each motion must include a certificate of conference

("**Certificate of Conference**") certifying that: (i) the parties conferred and were unable to

resolve the matter; (ii) the parties conferred and were able to resolve some, but not all, of the

issues in dispute; or (iii) if the movant attempted to contact Debtors' counsel, but was unable to

confer, a description of movant's efforts to reach Debtors' counsel.  To the extent the parties

partially resolved the issues, the Certificate of Conference should describe the substance of any remaining disputes.

30.    <u>Settlements</u>.  Unless otherwise shortened by an order of the Court, motions and applications to compromise and settle claims, disputes and causes of action pursuant to Bankruptcy Rule 9019 shall be noticed for hearing on the next hearing day that is at least ten (10) days after such motion or application is filed with the Clerk of the Court.  Unless otherwise ordered by the Court, the objection deadline with respect thereto shall be three (3) days prior to the hearing day with respect thereto.  In the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing on the hearing day.  To the extent that the parties reach an agreement prior to the hearing thus obviating the need for a contested hearing, the parties shall notify chambers that the matter has been settled as soon as practicable.  In the event the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties-in-interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.  In the event the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the procedures set forth herein and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

31.    <u>Attachment of Cited Orders</u>.  The Court may not consider citations to orders that have been entered in other cases (whether or not in this district) unless a copy of the referenced order is included with the document submitted to the Court.

3.      **Automatic Stay Proceedings**

32.     Hearings and Objection Deadlines.  Notwithstanding anything contained herein, motions for relief from the automatic stay filed pursuant to section 362 of the Bankruptcy Code shall be noticed for consideration on the omnibus hearing date that is at least twenty-five (25) days after the motion is filed and notice is served upon the Debtors.  Unless otherwise ordered by the Court, the objection deadline shall be five (5) calendar days before the scheduled hearing.

33.     Automatic Relief Provision Inapplicable.  Notwithstanding section 362(e) of the Bankruptcy Code, if a scheduled motion with respect to a request for relief under section 362(d) of the Bankruptcy Code is adjourned upon the consent of the Debtors and the moving party to a date that is on or after the 30th day after the moving party's request for relief was made, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

4.      **Discovery Rules in Contested Matters[5] and Adversary Proceedings**

34.     Federal Rules of Civil Procedure 26(a)(1) (initial disclosures), 26(a)(2) (disclosures with respect to expert testimony), 26(a)(3) (additional pretrial disclosures) and 26(f) (mandatory meeting before scheduling conference/discovery plan) are inapplicable in Contested Matters in this case, unless otherwise agreed by the parties or ordered by the Court.

35.     Federal Rules of Civil Procedure 26(a)(1) (initial disclosures), 26(a)(2) (disclosures with respect to expert testimony), 26(a)(3) (additional pretrial disclosures) and 26(f)

---

[5]     A "**Contested Matter**" is any matter other than one (i) in an adversary proceeding or (ii) involving  a contested petition.

(mandatory meeting before scheduling conference/discovery plan) are applicable to adversary proceedings that are filed under this case, unless otherwise agreed by the parties or ordered by the Court.

**B.**     **Establishing the Procedures Is in the Best Interests of the Debtors' Estates**

36.     Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Further, Bankruptcy Rule 9007 grants the Court general authority to regulate the manner of any notices required to be given under the Bankruptcy Rules.  The Debtors submit that implementation of the Procedures is appropriate in these chapter 11 cases and well within the Court's equitable powers under section 105 of the Bankruptcy Code and Bankruptcy Rule 9007.

37.     The Debtors submit that approval of the Procedures is in the best interests of the Debtors' estates and their creditors.  The Debtors believe the administration of their chapter 11 cases would be more efficient and cost-effective if the relief requested herein were granted.  The nature of the Debtors' financial difficulties has placed significant demands on the Debtors and their personnel and professionals.  In addition to the discharge of their ordinary duties, the Debtors' personnel now carry the additional burdens imposed by the commencement of these chapter 11 cases.  By authorizing the Debtors to schedule omnibus hearing dates, establishing clear timelines for the filing of requests for relief, and allowing, with certain exceptions, electronic service, the Procedures will assist the Debtors' management in preserving the Debtors' time and directing the attention of their personnel to issues raised in their chapter 11 cases.

# VI.

## NOTICE

38.     No trustee, examiner, or statutory creditors' committee has been appointed
in these chapter 11 cases.  The Debtors have served notice of this Motion on: (i) the Office of the
United States Trustee for the Southern District of New York (Attn: Greg M. Zipes); (ii) the
Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) EuroHypo AG,
New York Branch, administrative agent for the lenders to certain of the Debtors under (a) the
Second Amended and Restated Credit Agreement dated as of February 24, 2006 and (b) the Loan
Agreement, dated as of July 11, 2008, as amended; (v) Deutsche Bank Trust Company Americas,
as administrative agent for the lenders to certain of the Debtors under certain Loan Agreements,
dated as of November 28, 2008; (vi) Goldman Sachs Mortgage Company, as administrative
agent for the lenders to certain of the Debtors under the Amended and Restated Credit
Agreement, dated as of November 3, 2008; (vii) Wilmington Trust FSB, as indenture trustee
under (a) that certain Indenture, dated as of May 5, 2006, and (b) that certain Indenture, dated as
of April 16, 2007; (viii) LaSalle Bank National Association and Wilmington Trust FSB, as
indenture trustee under that certain Junior Subordinated Indenture, dated as of February 24,
2006; (ix) The Bank of New York Mellon Corporation, as indenture trustee under that certain
Indenture, dated as of February 24, 1995; and (x) those creditors holding the 100 largest
unsecured claims against the Debtors' estates (on a consolidated basis).  The Debtors submit that
no other or further notice need be provided.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated:  April 16, 2009
        New York, New York

/s/ Gary T. Holtzer
Marcia L. Goldstein
Gary T. Holtzer
Adam P. Strochak
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007

and

Stephen A. Youngman (*pro hac vice pending*)
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas  75201
Telephone:  (214) 746-7700
Facsimile:   (214)  746-7777

and

Sylvia A. Mayer (*pro hac vice pending*)
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas  77002
Telephone:  (713) 546-5000
Facsimile:   (713) 224-9511

Proposed Attorneys for Debtors
and Debtors in Possession

and

James H.M. Sprayregen, P.C.
Anup Sathy, P.C. (*pro hac vice pending*)
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
Telephone:  (312) 861-2000
Facsimile:   (312) 861-2200[6]

Proposed Co-Attorneys for Certain Subsidiary
Debtors and Debtors in Possession

---

[6]     **Please Note:**  During the month of April, Kirkland & Ellis ("**K&E**") is relocating to new offices.
Effective April 20, 2009, K&E's new address and contact information will be: 300 North LaSalle,
Chicago, IL 60654. Telephone: (312) 862-2000, Facsimile: (312) 862-2200.

## Exhibit A

### Debtors

| Debtor | Last Four Digits of Federal Tax I.D. No.[*] | Debtor | Last Four Digits of Federal Tax I.D. No.[*] |
|---|---|---|---|
| 10000 Covington Cross, LLC | N/A | Austin Mall Limited Partnership | N/A |
| 10000 West Charleston Boulevard LLC | N/A | Austin Mall, LLC | N/A |
| 10190 Covington Cross, LLC | N/A | Bakersfield Mall, Inc. | N/A |
| 1120/1140 Town Center Drive, LLC | N/A | Bakersfield Mall LLC | 3084 |
| 1160/1180 Town Center Drive, LLC | N/A | Baltimore Center Associates Limited Partnership | 5598 |
| 1201-1281 Town Center Drive, LLC | N/A | Baltimore Center Garage Limited Partnership | N/A |
| 1251 Center Crossing, LLC | N/A | Baltimore Center, LLC | N/A |
| 1450 Center Crossing Drive, LLC | N/A | Bay City Mall Associates L.L.C. | N/A |
| 1451 Center Crossing Drive, LLC | N/A | Bay Shore Mall II L.L.C. | 9502 |
| 1551 Hillshire Drive, LLC | N/A | Bay Shore Mall, Inc. | N/A |
| 1635 Village Centre Circle, LLC | N/A | Bay Shore Mall Partners | 5255 |
| 1645 Village Center Circle, LLC | N/A | Beachwood Place Holding, LLC | N/A |
| 9901-9921 Covington Cross, LLC | N/A | Beachwood Place Mall, LLC | N/A |
| 9950-9980 Covington Cross, LLC | N/A | Bellis Fair Partners | 5992 |
| Alameda Mall Associates | N/A | Benson Park Business Trust | N/A |
| Alameda Mall L.L.C. | N/A | Birchwood Mall, LLC | N/A |
| Apache Mall, LLC | N/A | Boise Mall, LLC | N/A |
| Arizona Center Parking, LLC | N/A | Boise Town Square Anchor Acquisition, LLC | N/A |
| Augusta Mall, LLC | N/A | Boise Towne Plaza L.L.C. | N/A |
| Augusta Mall Anchor Acquisition, LLC | N/A | Boulevard Associates | 7916 |
| Augusta Mall Anchor Holding, LLC | N/A | Boulevard Mall, Inc. | N/A |
| Augusta Mall Holding, LLC | N/A | Boulevard Mall I LLC | 3079 |
| | | Boulevard Mall II LLC | 3080 |
| | | BTS Properties L.L.C. | N/A |
| | | The Burlington Town Center LLC | N/A |
| | | Cache Valley, LLC | N/A |

[*] Pursuant to Treasury Regulation section 301.7701-3(b), certain Debtors are disregarded for tax purposes.  "N/A" indicates that a separate tax identification number is not required for these Debtors.

| Debtor | Last Four Digits of Federal Tax I.D. No.* | Debtor | Last Four Digits of Federal Tax I.D. No.* |
|---|---|---|---|
| Caledonian Holding Company, Inc. | N/A | Fallbrook Square Partners L.L.C. | N/A |
| Century Plaza, Inc. | N/A | Fallen Timbers Shops, LLC | N/A |
| Century Plaza L.L.C. | 9142 | Fallen Timbers Shops II, LLC | N/A |
| Champaign Market Place L.L.C. | N/A | Faneuil Hall Marketplace, LLC | N/A |
| Chapel Hills Mall L.L.C. | N/A | Fashion Place, LLC | N/A |
| Chattanooga Mall, Inc. | N/A | Fashion Place Anchor Acquisition, LLC | N/A |
| Chico Mall L.L.C. | N/A | Fashion Show Mall LLC | N/A |
| Chico Mall, L.P. | N/A | Fifty Columbia Corporate Center, LLC | N/A |
| Chula Vista Center, LLC | N/A | Forty Columbia Corporate Center, LLC | N/A |
| Collin Creek Anchor Acquisition, LLC | N/A | Fox River Shopping Center, LLC | N/A |
| Collin Creek Mall, LLC | N/A | Franklin Park Mall, LLC | 1736 |
| Colony Square Mall L.L.C. | N/A | Franklin Park Mall Company, LLC | N/A |
| Columbia Mall L.L.C. | N/A | Gateway Crossing L.L.C. | N/A |
| Coronado Center L.L.C. | N/A | Gateway Overlook Business Trust | N/A |
| Coronado Center Holding L.L.C. | N/A | Gateway Overlook II Business Trust | N/A |
| Cottonwood Mall, LLC | N/A | General Growth Properties, Inc. | 3895 |
| Country Hills Plaza, LLC | N/A | GGP Acquisition, L.L.C. | N/A |
| Deerbrook Mall, LLC | N/A | GGP Ala Moana L.L.C. | N/A |
| DK Burlington Town Center LLC | N/A | GGP Ala Moana Holdings L.L.C. | N/A |
| Eagle Ridge Mall, Inc. | N/A | GGP American Holdings Inc. | N/A |
| Eagle Ridge Mall, L.P. | 1211 | GGP American Properties Inc. | N/A |
| Eastridge Shopping Center L.L.C. | N/A | GGP General II, Inc. | N/A |
| Eden Prairie Anchor Building L.L.C. | N/A | GGP Holding, Inc. | 0211 |
| Eden Prairie Mall, Inc. | N/A | GGP Holding II, Inc. | 7493 |
| Eden Prairie Mall L.L.C. | 1182 | GGP Holding Services, Inc. | 0219 |
| Elk Grove Town Center L.L.C. | N/A | GGP Ivanhoe II, Inc. | N/A |
| Elk Grove Town Center, L.P. | N/A | GGP Ivanhoe IV Services, Inc. | 6959 |
| ER Land Acquisition L.L.C. | N/A | GGP Jordan Creek L.L.C. | N/A |
| Fallbrook Square Partners Limited Partnership | N/A | GGP Kapiolani Development L.L.C. | N/A |

| Debtor | Last Four Digits of Federal Tax I.D. No.* | Debtor | Last Four Digits of Federal Tax I.D. No.* |
|---|---|---|---|
| GGP Knollwood Mall, LP | 1685 | GGP-NewPark L.L.C. | N/A |
| GGP Limited Partnership | 6121 | GGP-North Point, Inc. | N/A |
| GGP Natick Residence LLC | N/A | GGP-North Point Land L.L.C. | N/A |
| GGP Savannah L.L.C. | N/A | GGP-Pecanland, Inc. | N/A |
| GGP Village at Jordan Creek L.L.C. | N/A | GGP-Pecanland, L.P. | 0863 |
| GGP/Homart, Inc. | 2784 | GGP-Pecanland II, L.P. | 0891 |
| GGP/Homart Services, Inc. | 2467 | GGP-Redlands Mall L.L.C. | N/A |
| GGP-Bay City One, Inc. | N/A | GGP-Redlands Mall, L.P. | N/A |
| GGP-Brass Mill, Inc. | N/A | GGP-South Shore Partners, Inc. | N/A |
| GGP-Burlington L.L.C. | 2109 | GGP-Steeplegate, Inc. | N/A |
| GGP-Canal Shoppes L.L.C. | N/A | GGP-Tucson Land L.L.C. | N/A |
| GGP-Foothills L.L.C. | N/A | GGP-Tucson Mall L.L.C. | N/A |
| GGP-Four Seasons L.L.C. | N/A | GGP-UC L.L.C. | N/A |
| GGP-Glenbrook L.L.C. | N/A | Grand Canal Shops II, LLC | N/A |
| GGP-Glenbrook Holding L.L.C. | N/A | Grandville Mall, Inc. | N/A |
| GGP-Grandville L.L.C. | 6334 | Grandville Mall II, Inc. | N/A |
| GGP-Grandville II L.L.C. | N/A | Greengate Mall, Inc. | 8940 |
| GGP-Grandville Land L.L.C. | 1990 | Greenwood Mall Land, LLC | N/A |
| GGP-La Place, Inc. | N/A | Harbor Place Associates Limited Partnership | 8763 |
| GGP-Lakeview Square, Inc. | N/A | Harborplace Borrower, LLC | N/A |
| GGP-Lansing Mall, Inc. | N/A | HHP Government Services, Limited Partnership | 5387 |
| GGPLP, L.L.C. | 9491 | Hickory Ridge Village Center, Inc. | N/A |
| GGP-Maine Mall L.L.C. | N/A | HMF Properties, LLC | N/A |
| GGP-Maine Mall Holding L.L.C. | N/A | Ho Retail Properties I Limited Partnership | 6769 |
| GGP-Maine Mall Land L.L.C. | N/A | Ho Retail Properties II Limited Partnership | N/A |
| GGP-Mall of Louisiana, L.P. | 7204 | Hocker Oxmoor, LLC | N/A |
| GGP-Mint Hill L.L.C. | N/A | Hocker Oxmoor Partners, LLC | N/A |
| GGP-Moreno Valley, Inc. | N/A | Howard Hughes Canyon Pointe Q4, LLC | N/A |
| GGP-Newgate Mall, LLC | N/A | | |
| GGP-NewPark, Inc. | N/A | | |

| Debtor | Last Four Digits of Federal Tax I.D. No.* | Debtor | Last Four Digits of Federal Tax I.D. No.* |
|---|---|---|---|
| The Howard Hughes Corporation | 8800 | LLC | |
| Howard Hughes Properties, Inc. | 8603 | Mall of the Bluffs, LLC | N/A |
| Howard Hughes Properties, Limited Partnership | 3933 | Mall St. Matthews Company, LLC | N/A |
| Howard Hughes Properties IV, LLC | N/A | Mall St. Vincent, Inc. | N/A |
| Howard Hughes Properties V, LLC | N/A | Mall St. Vincent, L.P. | 6370 |
| HRD Parking, Inc. | N/A | Mayfair Mall, LLC | N/A |
| HRD Remainder, Inc. | N/A | MSAB Holdings, Inc. | N/A |
| Hulen Mall, LLC | N/A | MSAB Holdings L.L.C. | 7198 |
| The Hughes Corporation | 4858 | MSM Property L.L.C. | 2929 |
| Kapiolani Condominium Development, LLC | N/A | Natick Retail, LLC | N/A |
| Kapiolani Retail, LLC | N/A | New Orleans Riverwalk Associates | 0856 |
| Knollwood Mall, Inc. | N/A | New Orleans Riverwalk Limited Partnership | 1645 |
| La Place Shopping, L.P. | N/A | Newgate Mall Land Acquisition, LLC | N/A |
| Lakeside Mall Holding, LLC | 7441 | Newpark Anchor Acquisition, LLC | N/A |
| Lakeside Mall Property, LLC | N/A | NewPark Mall L.L.C. | N/A |
| Lakeview Square Limited Partnership | 8376 | North Plains Mall, LLC | N/A |
| Land Trust No. 89433 | N/A | North Star Anchor Acquisition, LLC | N/A |
| Land Trust No. 89434 | N/A | North Star Mall, LLC | N/A |
| Land Trust No. FHB-TRES 200601 | N/A | North Town Mall, LLC | N/A |
| Land Trust No. FHB-TRES 200602 | N/A | Northgate Mall L.L.C. | N/A |
| Landmark Mall L.L.C. | N/A | NSMJV, LLC | 9431 |
| Lansing Mall Limited Partnership | 8373 | Oakwood Hills Mall, LLC | N/A |
| Lincolnshire Commons, LLC | N/A | Oakwood Shopping Center Limited Partnership | 9385 |
| Lockport L.L.C. | 5991 | Oglethorpe Mall L.L.C. | N/A |
| Lynnhaven Holding L.L.C. | N/A | Oklahoma Mall L.L.C. | 8382 |
| Lynnhaven Mall L.L.C. | N/A | OM Borrower, LLC | N/A |
| Majestic Partners-Provo, LLC | N/A | One Willow Company, LLC | N/A |
| Mall of Louisiana Holding, Inc. | N/A | Orem Plaza Center Street, LLC | N/A |
| Mall of Louisiana Land, LP | N/A | Owings Mills Limited Partnership | N/A |
| Mall of Louisiana Land Holding, | N/A | | |

| Debtor | Last Four Digits of Federal Tax I.D. No.* | Debtor | Last Four Digits of Federal Tax I.D. No.* |
|---|---|---|---|
| Park Mall, Inc. | N/A | Ridgedale Center, LLC | N/A |
| Park Mall L.L.C. | 8169 | Rio West L.L.C. | N/A |
| Park Square Limited Partnership | N/A | River Falls Mall, LLC | N/A |
| Parke West, LLC | N/A | River Hills Land, LLC | N/A |
| Parkside Limited Partnership | N/A | River Hills Mall, LLC | N/A |
| Parkview Office Building Limited Partnership | N/A | Rogue Valley Mall L.L.C. | N/A |
| PDC Community Centers L.L.C. | N/A | Rogue Valley Mall Holding L.L.C. | N/A |
| PDC-Eastridge Mall L.L.C. | N/A | Rouse LLC | N/A |
| PDC-Red Cliffs Mall L.L.C. | N/A | The Rouse Company LP | N/A |
| Peachtree Mall L.L.C. | N/A | The Rouse Company at Owings Mills, LLC | N/A |
| Pecanland Anchor Acquisition, LLC | N/A | The Rouse Company BT, LLC | N/A |
| Phase II Mall Subsidiary, LLC | N/A | The Rouse Company of Florida, LLC | N/A |
| Piedmont Mall, L.L.C. | N/A | The Rouse Company of Louisiana, LLC | N/A |
| Pierre Bossier Mall, LLC | N/A | The Rouse Company of Michigan, LLC | N/A |
| Pine Ridge Mall L.L.C. | N/A | The Rouse Company of Minnesota, LLC | N/A |
| Pines Mall Partners | 2185 | The Rouse Company of Ohio, LLC | N/A |
| Pioneer Office Limited Partnership | 4181 | The Rouse Company Operating Partnership LP | N/A |
| Pioneer Place Limited Partnership | 4180 | Rouse F.S., LLC | 9886 |
| Price Development Company, Limited Partnership | N/A | Rouse Office Management of Arizona, LLC | N/A |
| Price Development TRS, Inc. | 8038 | Rouse Providence LLC | N/A |
| Price Financing Partnership, L.P. | N/A | Rouse Ridgedale, LLC | N/A |
| Price GP L.L.C. | N/A | Rouse Ridgedale Holding, LLC | N/A |
| Price-ASG L.L.C. | N/A | Rouse SI Shopping Center, LLC | N/A |
| Prince Kuhio Plaza, Inc. | N/A | Rouse Southland, LLC | N/A |
| Providence Place Holdings, LLC | N/A | Rouse-Arizona Center, LLC | N/A |
| RASCAP Realty, Ltd. | N/A | Rouse-Arizona Retail Center Limited Partnership | 4885 |
| Redlands Land Acquisition Company L.L.C. | N/A | Rouse-Fairwood Development Corporation | 9217 |
| Redlands Land Acquisition Company LP | N/A | Rouse-New Orleans, LLC | N/A |
| Redlands Land Holding L.L.C. | N/A | | |

| Debtor | Last Four Digits of Federal Tax I.D. No.[*] | Debtor | Last Four Digits of Federal Tax I.D. No.[*] |
|---|---|---|---|
| Rouse-Oakwood Shopping Center, LLC | N/A | Southwest Plaza L.L.C. | N/A |
| Rouse-Orlando, LLC | N/A | Spring Hill Mall L.L.C. | N/A |
| Rouse-Phoenix Cinema, LLC | N/A | St. Cloud Land L.L.C. | N/A |
| Rouse-Phoenix Corporate Center Limited Partnership | N/A | St. Cloud Mall L.L.C. | N/A |
| Rouse-Phoenix Development Company, LLC | N/A | St. Cloud Mall Holding L.L.C. | N/A |
| Rouse-Phoenix Master Limited Partnership | 5092 | Stonestown Shopping Center L.L.C. | N/A |
| Rouse-Phoenix Theatre Limited Partnership | N/A | Stonestown Shopping Center, L.P. | N/A |
| Rouse-Portland, LLC | N/A | Summerlin Centre, LLC | N/A |
| RS Properties Inc. | N/A | Summerlin Corporation | 5927 |
| Saint Louis Galleria L.L.C. | N/A | Three Rivers Mall L.L.C. | N/A |
| Saint Louis Galleria Anchor Acquisition, LLC | N/A | Three Willow Company, LLC | N/A |
| Saint Louis Galleria Holding L.L.C. | N/A | Town East Mall, LLC | N/A |
| Saint Louis Land L.L.C. | N/A | Tracy Mall, Inc. | N/A |
| Seaport Marketplace, LLC | N/A | Tracy Mall Partners, L.P. | 7674 |
| Seaport Marketplace Theatre, LLC | N/A | Tracy Mall Partners I L.L.C. | 9500 |
| Sierra Vista Mall, LLC | N/A | Tracy Mall Partners II, L.P. | 9495 |
| Sikes Senter, LLC | N/A | TRC Co-Issuer, Inc. | 0460 |
| Silver Lake Mall, LLC | N/A | TRC Willow, LLC | N/A |
| Sixty Columbia Corporate Center, LLC | N/A | Tucson Anchor Acquisition, LLC | N/A |
| Sooner Fashion Mall L.L.C. | N/A | TV Investment, LLC | N/A |
| South Shore Partners, L.P. | 6053 | Two Arizona Center, LLC | N/A |
| South Street Seaport Limited Partnership | N/A | Two Willow Company, LLC | N/A |
| Southlake Mall L.L.C. | N/A | Tysons Galleria L.L.C. | N/A |
| Southland Center, LLC | N/A | U.K.-American Properties, Inc. | N/A |
| Southland Center Holding, LLC | N/A | Valley Hills Mall, Inc. | N/A |
| Southland Mall, Inc. | N/A | Valley Hills Mall L.L.C. | 6809 |
| Southland Mall, L.P. | 1889 | Valley Plaza Anchor Acquisition, LLC | N/A |
| Southwest Denver Land L.L.C. | N/A | VCK Business Trust | N/A |
| | | Victoria Ward Center L.L.C. | N/A |

6

| Debtor | Last Four Digits of Federal Tax I.D. No.* | Debtor | Last Four Digits of Federal Tax I.D. No.* |
|---|---|---|---|
| Victoria Ward Entertainment Center, L.L.C. | N/A | West Kendall Holdings, LLC | N/A |
| Victoria Ward, Limited | 7590 | Westwood Mall, LLC | N/A |
| Victoria Ward Services, Inc. | 8057 | White Marsh General Partnership | N/A |
| The Village of Cross Keys, LLC | N/A | White Marsh Mall Associates | N/A |
| Visalia Mall L.L.C. | N/A | White Marsh Mall LLC | N/A |
| Visalia Mall, L.P. | N/A | White Marsh Phase II Associates | N/A |
| Vista Commons, LLC | N/A | White Mountain Mall, LLC | N/A |
| Vista Ridge Mall, LLC | N/A | Willow SPE, LLC | N/A |
| VW Condominium Development, LLC | N/A | Willowbrook II, LLC | N/A |
| Ward Gateway-Industrial-Village, LLC | N/A | Willowbrook Mall, LLC | N/A |
| Ward Plaza-Warehouse, LLC | N/A | Woodbridge Center Property, LLC | N/A |
| Weeping Willow RNA, LLC | N/A | The Woodlands Mall Associates, LLC | N/A |

## **Exhibit B**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                           :

In re                             :      **Chapter 11 Case No.**
                                           :

**GENERAL GROWTH**        :      **09 - _____ (   )**
**PROPERTIES, INC., et al.,**   :
                                         :      **(Joint Administration Requested)**
          **Debtors.**          :
-------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 1015(c) AND 9007 TO IMPLEMENT CERTAIN NOTICE AND CASE MANAGEMENT PROCEDURES

Upon the motion, dated April 16, 2009 (the "**Motion**")[1] of South Street Seaport

Limited Partnership, its ultimate parent, General Growth Properties, Inc. ("**GGP**"), and their

debtor affiliates, as debtors and debtors in possession (collectively, "**General Growth**" or the

"**Debtors**"), pursuant to section 105(a) of title 11 of the United States Code

(the "**Bankruptcy Code**") and Rules 1015(c) and 9007 of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**"), implementing notice and case management procedures

(the "**Procedures**"), all as more fully set forth in the Motion; and the Court having jurisdiction to

consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and

the Standing Order of Referral of Cases to Bankruptcy Judges of the District Court for the

Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of

the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

the Debtors having provided notice of the Motion and Hearing (as defined below) to: (i) the

---

[1]     Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Office of the United States Trustee for the Southern District of New York (Attn: Greg M. Zipes) (the "**U.S. Trustee**"); (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) EuroHypo AG, New York Branch, administrative agent for the lenders to certain of the Debtors under (a) the Second Amended and Restated Credit Agreement dated as of February 24, 2006 and (b) the Loan Agreement, dated as of July 11, 2008, as amended; (v) Deutsche Bank Trust Company Americas, as administrative agent for the lenders to certain of the Debtors under certain Loan Agreements, dated as of November 28, 2008; (vi) Goldman Sachs Mortgage Company, as administrative agent for the lenders to certain of the Debtors under the Amended and Restated Credit Agreement, dated as of November 3, 2008; (vii) Wilmington Trust FSB, as indenture trustee under (a) that certain Indenture, dated as of May 5, 2006, and (b) that certain Indenture, dated as of April 16, 2007; (viii) LaSalle Bank National Association and Wilmington Trust FSB,[2] as indenture trustee under that certain Junior Subordinated Indenture, dated as of February 24, 2006; (ix) The Bank of New York Mellon Corporation, as indenture trustee under that certain Indenture, dated as of February 24, 1995; and (x) those creditors holding the 100 largest unsecured claims against the Debtors' estates (on a consolidated basis); and the Court having held a hearing to consider the requested relief (the "**Hearing**"); and upon the Declarations, the record of the Hearing, and all of the proceedings before the Court, the Court finds and determines that the requested relief is in the best interests of the Debtors, their estates, creditors, and all parties in interest; the Debtors have provided due and proper notice of the

---

[2]   Wilmington Trust FSB recently entered into an agreement pursuant to which it will assume the indenture trustee assignments of LaSalle Bank National Association.  As of the Commencement Date, the trustee assignment with respect to this indenture has not yet been transferred to Wilmington Trust FSB; however, Wilmington Trust FSB will succeed LaSalle Bank National Association as indenture trustee for this series of notes upon the transfer of the trustee assignment.

Motion and Hearing and no further notice is necessary; the legal and factual bases set forth in the

Motion establish just and sufficient cause to grant the requested relief herein; and therefor, it is

ORDERED that the Motion is granted to the extent provided herein; and it is

further

ORDERED that the Debtors shall serve a printed copy of this Order upon all

parties on the Master Service List (as defined below) on the date this Order is entered, or as soon

thereafter as is practicable and shall direct their claims and noticing agent promptly to post such

Order on the website maintained by the Debtors in connection with these chapter 11 cases

(www.kccllc.com); and it is further

ORDERED that the Procedures set forth herein are approved and shall govern all

aspects of these chapter 11 cases, except as otherwise set forth herein or ordered by the Court;

and it is further

ORDERED that all documents filed in the Debtors' chapter 11 cases, including

but not limited to, all notices, motions, applications, other requests for relief, and documents

filed in support thereof shall be filed electronically with the Court on the docket of General

Growth Properties, Inc., Case No. 09-_____, in accordance with General Order M-242

(available at www.nysb.uscourts.gov/orders/orders2.html) by registered users of the Court's case

filing system and by all other parties in interest on a 3.5 inch disk, preferably in Portable

Document Format (PDF), Microsoft Word or any other Windows-based word processing format;

and it is further

ORDERED that any individual or entity filing a Notice of Appearance who (i)

does not maintain and cannot practicably obtain an e-mail address or (ii) is not represented in

these cases by an attorney must include in its notice of appearance a certification stating the

same, and notice will be provided to these individuals or entities by U.S. mail or facsimile, in the

Debtors' sole discretion; and it is further

ORDERED that the Debtors shall establish a master service list (the "**Master

Service List**"), which will include: (i) the U.S. Trustee (Attn: Greg Zipes); (ii) the Debtors;

(iii) counsel for the Debtors; (iv) counsel for any official committee appointed in the Debtors'

chapter 11 cases; (v) EuroHypo AG, New York Branch, administrative agent for the lenders to

certain of the Debtors under (a) the Second Amended and Restated Credit Agreement dated as of

February 24, 2006 and (b) the Loan Agreement, dated as of July 11, 2008, as amended; (vi)

Deutsche Bank Trust Company Americas, as administrative agent for the lenders to certain of the

Debtors under certain Loan Agreements, dated as of November 28, 2008; (vii) Goldman Sachs

Mortgage Company, as administrative agent for the lenders to certain of the Debtors under the

Amended and Restated Credit Agreement, dated as of November 3, 2008; (viii) Wilmington

Trust FSB, as indenture trustee under (a) that certain Indenture, dated as of May 5, 2006, and (b)

that certain Indenture, dated as of April 16, 2007; (ix) LaSalle Bank National Association and

Wilmington Trust FSB, as indenture trustee under that certain Junior Subordinated Indenture,

dated as of February 24, 2006; (x) The Bank of New York Mellon Corporation, as indenture

trustee under that certain Indenture, dated as of February 24, 1995; (xi) those creditors holding

the 100 largest unsecured claims against the Debtors' estates (on a consolidated basis); and

(xii) the Securities and Exchange Commission, the Internal Revenue Service, and other

government agencies to the extent required by the Bankruptcy Code, the Bankruptcy Rules, and

the Local Bankruptcy Rules; and it is further

ORDERED that any creditor or party-in-interest that wishes to receive notice

other than as required by Bankruptcy Rule 2002 must file a notice of appearance and request for

service of papers (a "**Request**") with the Clerk of the Court and serve a copy of such Request upon each of the parties set forth in the preceding paragraph as (i)-(xii).  Each Request must include such party's: (i) name; (ii) address; (iii) name of client, if applicable; (iv) telephone number; (v) facsimile number; and (vi) electronic mail ("**e-mail**") address, unless such party files a request to be exempted from providing an e-mail address; and it is further

ORDERED that, to the extent that a Request fails to contain an e-mail address, such party shall not be entitled to additional service of papers, as described below, until such party (i) files a request to be exempted from providing an e-mail address, and (ii) serves a copy of such request upon each of the parties set forth on the Master Service List as the date thereof. Each party having filed a Request shall be deemed to have consented to electronic service of papers; and it is further

ORDERED that the Debtors shall update the Master Service List on a monthly basis to include the names, addresses, and e-mail addresses of any party-in-interest who has made a written request for notice since the prior month and, in the event any changes are made, file the updated Master Service List with the Court; and it is further

ORDERED that, except as otherwise provided herein, notice of any relief sought or other pleadings in these chapter 11 cases shall only be served upon: (i) the parties then-listed on the Master Service List; (ii) any parties that have, pursuant to Bankruptcy Rule 2002, formally appeared and requested service since the last Master Service List was filed with the Court; and (iii) any party against whom direct relief is sought in such matter; and it is further

ORDERED that the matters for which notice shall be limited to the persons on the Master Service List, parties who have formally appeared, and any party against whom direct relief is sought in such proceeding, shall include all matters covered by Bankruptcy Rule 2002

5

and the Local Bankruptcy Rules, with the express exception of the following:  (i) notice of the

first meeting of creditors pursuant to section 341 of the Bankruptcy Code; (ii) the time fixed for

filing proofs of claim pursuant to Bankruptcy Rule 3003(c); (iii) the time fixed for filing

objections to, and the hearing to consider approval of, a disclosure statement and a plan of

reorganization; (iv) notice of and transmittal of ballots for accepting or rejecting a plan of

reorganization; and (v) notice for approval of the sale of all or substantially all of the Debtors'

assets; and it is further

ORDERED that electronic service (i.e., service by e-mail) may be made on a

person who has requested or is deemed to have requested electronic notice in accordance with

Bankruptcy Rule 9036 or the Revised Electronic Filing Procedures.  Each party having filed a

Request shall be deemed to have consented to electronic service of papers; provided, however,

that hard copies of documents or notices shall be served in the following circumstances:

(i) service made in accordance with Rules 4 and 45 of the Federal Rules of Civil Procedure,

Bankruptcy Rule 7004, or Bankruptcy Rule 9016; (ii) service made upon an agency of the United

States, including the United States Attorney, the United States Trustee, or chambers, in

accordance with the Bankruptcy Rules, the Local Bankruptcy Rules, or an order of the court; (iii)

notice served pursuant to Bankruptcy Rule 2002(a)(1); and (iv) service made by the attorneys for

the Debtors of the petition, schedules and statement of financial affairs on the U.S. Trustee; and

it is further

ORDERED that upon the completion of noticing any particular matter, the

Debtors shall file with the Court either an affidavit of service or certification of service, annexing

thereto the list of those parties receiving notice; and it is further

ORDERED that the Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings at which motions, pleadings, applications, and other requests for relief shall be heard.  To the extent that omnibus hearings are scheduled, the Debtors shall serve notice of the omnibus hearing dates scheduled and the following guidelines shall apply to the omnibus hearings:

(a)    The Court shall set separate hearings for claim objections and for pre-trial conferences and trials in connection with adversary proceedings.  Initial pre-trial conferences in connection with adversary proceedings shall be scheduled on the next available hearing date that is at least forty-five (45) days after the filing of the complaint.

(b)    If a document is filed by a non-Debtor party that purports to set a hearing date inconsistent with the omnibus hearing dates and the Procedures herein, the hearing shall be scheduled, without the necessity of Court order, for the first omnibus hearing after the applicable notice period has expired.  If this occurs, the Debtors shall provide the movant with notice of these Procedures within five (5) business days of the Debtors' receipt of the documents that are erroneously filed.

(c)    If a movant or applicant other than the Debtors determines that a motion, pleading, application, or other request requires emergency or expedited relief, the movant or applicant shall telephonically contact the Debtors' attorneys requesting that the motion or application be considered on an expedited basis.  If the Debtors disagree with the movant's or applicant's determination regarding the emergency or expedited nature of the relief requested, the movant or applicant shall:  (i) inform the Court of the disagreement via telephone; and (ii) arrange thereafter for a chambers conference, telephonic or in-person, to be held among the Court, the Debtors' attorneys, and the movant or applicant to discuss the disagreement.  If the

7

Court agrees with the position of the movant or applicant regarding the necessity for expedited

consideration, the movant or applicant may, by order to show cause, request an expedited

hearing; and it is further

ORDERED that motions, pleadings, applications, and other requests for relief

(other than those as set forth below) shall not be considered by the Court unless filed and served

in accordance with these Procedures at least twenty (20) calendar days before the scheduled

omnibus hearing date.  Notwithstanding the foregoing, pursuant to Bankruptcy Rule 9006, if the

parties served with a motion, pleading, application, or other requests for relief include parties

being served by U.S. mail, a hearing may not be scheduled before twenty-three (23) calendar

days from the date of service; and it is further

ORDERED that nothing in these Procedures shall prejudice the right of any party

to move the Court to request an enlargement or reduction of any time period under Bankruptcy

Rules 6006(b) and 9006(c); and it is further

ORDERED that if a motion, pleading, application, or other request for relief seeks

relief pursuant to Bankruptcy Rules 2002(a)-(b), the relevant hearing shall be set after the

passage of the time period set forth therein; provided, however, that, consistent with Bankruptcy

Rule 9006, if service is by U.S. mail, a hearing shall not be scheduled before twenty-three (23)

calendar days from the date of service; and it is further

ORDERED that if a party desires to participate in a hearing by telephone, such

party must request permission from Chambers and notify the attorneys for the Debtors at least

forty-eight (48) hours prior to the scheduled hearing.  If chambers permits telephonic

participation, the party participating telephonically must arrange such telephonic participation

with Court Call, adhering to the procedures for telephonic participation applicable in the United

States Bankruptcy Court for the Southern District of New York.  Those parties participating by phone may not use speakerphones, unless first authorize by the Court; by reason of technical limitations of the equipment, and the way speakerphones disrupt proceedings in the courtroom, speakerphone authorizations usually will not be granted.  Parties participating by phone must put their phones on "mute" except when they need to be heard.  Parties so participating are not to put their phones on "hold" under any circumstances; and it is further

ORDERED that the deadline to file an objection to any motion, pleading, application, or other request for relief shall be: (i) at least (5) five calendar days before the applicable hearing date; or (ii) any date ordered by the Court.  The objection deadline may be extended with the consent of the movant or applicant.  The objection will not be considered timely filed unless filed with the Court and received by all parties on the Master Service List, and the interested movant, on or before the applicable objection deadline.  All parties filing an objection shall include their telephone and facsimile numbers in the signature block on the last page of the objection; and it is further

ORDERED that, if a party chooses to file a reply to an objection, and unless otherwise ordered by the Court, such reply shall be filed with the Court and served in accordance with these Procedures on or before 12:00 noon prevailing Eastern Time on the day that is at least two (2) calendar days before the date of a hearing; and it is further

ORDERED that a motion, pleading, application, or other request for relief may be granted without a hearing provided that, after the passage of the objection deadline, the attorney for the entity who filed the motion, pleading, application, or other request for relief: (i) files a declaration pursuant to 28 U.S.C. § 1746 indicating that no objection has been filed or served in accordance with these Procedures; (ii) serves the declaration by facsimile or electronic mail upon

the attorneys for the Debtors one (1) business day before submission thereof to the Court; and (iii) delivers by U.S. mail, electronic mail or hand or overnight delivery, a package to the Court including (a) the declaration described in subsection (i) above, and (b) an electronic copy of the order granting the relief requested in the applicable motion, pleading, application, or other request for relief (collectively, the "**Presentment Package**").  Upon receipt of the Presentment Package, the Court may grant the relief requested in the motion, pleading, application, or other request for relief without further submission, hearing, or request.  If the Court does not grant the relief, (i) the motion, pleading, application, or other request for relief will be considered by the Court at the hearing date set in accordance with the provisions of this order and (ii) the decision shall not constitute an extension of the objection deadline related thereto, unless otherwise agreed between the Debtors and the party seeking relief; and it is further

ORDERED that a "**Notice of Hearing**" shall be affixed to all motions, pleadings, applications, and other requests for relief and shall include the following:  (i) the title of the motion, pleading, application, or other request for relief; (ii) the parties upon whom any objection to the motion, pleading, application, or other request for relief is required to be served; (iii) the date and time of the applicable objection deadline; (iv) the date of the hearing at which the motion, pleading, application, or other request for relief shall be considered by the Court; and (v) a statement that the relief requested may be granted without a hearing if no objection is timely filed and served in accordance with these Procedures.  The applicable objection deadline and hearing date shall also appear in the upper right corner of the first page of the Notice of Hearing; and it is further

ORDERED that, by 12:00 noon on the day prior to each hearing day, the Debtors' counsel shall file with the Court a proposed agenda with regard to the matters which are or were to be heard on such hearing day; and it is further

ORDERED that prior to filing a motion seeking (a) relief from the automatic stay, (b) adequate protection, (c) compel assumption or rejection, or (d) compel the Debtors to take other action, the movant shall attempt to confer with Debtors' counsel to explore consensual resolution of the dispute.  Each motion must include a certificate of conference ("**Certificate of Conference**") certifying that: (i) the parties conferred and were unable to resolve the matter; (ii) the parties conferred and were able to resolve some, but not all, of the issues in dispute; or (iii) if the movant attempted to contact Debtors' counsel, but was unable to confer, a description of movant's efforts to reach Debtors' counsel.  To the extent the parties partially resolved the issues, the Certificate of Conference should describe the substance of any remaining disputes; and it is further

ORDERED that, unless otherwise shortened by an order of the Court, motions and applications to compromise and settle claims, disputes and causes of action pursuant to Bankruptcy Rule 9019 shall be noticed for hearing on the next hearing day that is at least ten (10) days after such motion or application is filed with the Clerk of the Court.  Unless otherwise ordered by the Court, the objection deadline with respect thereto shall be three (3) days prior to the hearing day with respect thereto.  In the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing on the hearing day.  To the extent that the parties reach an agreement prior to the hearing thus obviating the need for a contested hearing, the parties shall notify chambers that the matter has been settled as soon as practicable.  In the

11

event the Court determines that the notice of the dispute and the hearing is adequate notice of the

effects of the settlement (i.e., that the terms of the settlement are not materially different from

what parties-in-interest could have expected if the dispute were fully litigated), the Court may

approve the settlement at the hearing without further notice of the terms of the settlement.  In the

event the Court determines that additional or supplemental notice is required, the Debtors shall

serve such notice in accordance with the procedures set forth herein and a hearing to consider

such settlement shall be on the next hearing day deemed appropriate by the Court; and it is

further

ORDERED that the Court may not consider citations to orders that have been

entered in other cases (whether or not in this district) unless a copy of the referenced order is

included with the document submitted to the Court; and it is further

ORDERED that, notwithstanding anything contained herein, motions for relief

from the automatic stay filed pursuant to section 362 of the Bankruptcy Code shall be noticed for

consideration on the Omnibus Hearing date that is at least twenty-five (25) days after the motion

is filed and notice is served upon the Debtors.  Unless otherwise ordered by the Court, the

objection deadline shall be five (5) calendar days before the scheduled hearing; and it is further

ORDERED that, notwithstanding the provisions of section 362(e) of the

Bankruptcy Code, if a scheduled motion with respect to a request for relief under section 362(d)

of the Bankruptcy Code is adjourned upon the Debtors' consent and the moving party to a date

that is on or after the 30th day after the moving party's request for relief was made, the moving

party shall be deemed to have consented to the continuation of the automatic stay in effect

pending the conclusion of, or as a result of, a final hearing and determination under section

362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the

termination of the automatic stay under section 362(e) of the Bankruptcy Code; and it is further

ORDERED that Federal Rules of Civil Procedure 26(a)(1) (initial disclosures),

26(a)(2) (disclosures with respect to expert testimony), 26(a)(3) (additional pretrial disclosures)

and 26(f) (mandatory meeting before scheduling conference/discovery plan) are inapplicable in

Contested Matters, but are applicable in adversary proceedings commenced under this case,

unless otherwise agreed by the parties or ordered by the Court; and it is further

ORDERED that the Debtors may amend the Procedures from time to time

throughout these chapter 11 cases and shall present such amendments to the Court in accordance

with the terms and provisions of this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation, interpretation and/or enforcement of this

Order.

Dated: _____, 2009
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE