**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                  :

**In re**                                         :         **Chapter 11 Case No.**
                                         :
**GENERAL GROWTH**                 :         **09-11977 (ALG)**
**PROPERTIES, INC., et al.,**         :
                                         :         **(Jointly Administered)**
            **Debtors.**                      :
------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 9019 (I) ESTABLISHING ALTERNATIVE DISPUTE
RESOLUTION PROCEDURES FOR RESOLUTION OF PERSONAL INJURY
CLAIMS, (II) GRANTING DEBTORS LIMITED SETTLEMENT AUTHORITY
FOR PERSONAL INJURY CLAIMS, AND (III) GRANTING DEBTORS LIMITED
SETTLEMENT AUTHORITY FOR PAST DUE RENT INVOLVING TENANT
RENT COLLECTION MATTERS, AND TENANT BANKRUPTCY MATTERS
AND (IV) GRANTING AUTHORITY TO RESOLVE CERTAIN DE MINIMIS
<u>CUSTOMER ACCOMMODATION MATTERS</u>**

Upon the motion, dated June 1, 2009 (the "**Motion**"), of South Street Seaport Limited Partnership, its ultimate parent, General Growth Properties, Inc. ("**GGP**"), and their debtor affiliates, as debtors and debtors in possession (collectively, "**General Growth**" or the "**Debtors**"),[1] pursuant to section 105(a) of the Bankruptcy Code[2] and Bankruptcy Rule 9019 for approval of (i) alternative dispute resolution procedures for resolution of personal injury claims, a form of which is attached hereto as Exhibit A (the "ADR Procedures"), (ii) limited settlement authority to resolve outstanding personal injury claims, (iii) limited settlement authority to resolve outstanding tenant rent collection

---

[1] A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is filed with the Court at Docket No. 593 and is also available for free online at www.kccllc.net/GeneralGrowth.

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

matters and tenant bankruptcy matters and (iv) limited authority to resolve certain de minimis customer accommodation matters; this Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; this is a core proceeding pursuant to 28 U.S.C. § 157(b) and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Debtors having provided notice of the Motion and the hearing to consider the requested relief (the "Hearing") by (i) filing on the public docket, (ii) serving the Motion on all parties to the service list, (iii) providing notice to all personal injury claimants that filed prepetition litigations or a proof of claim, and (iv) providing notice to all personal injury claimants whose contact information is known by the Debtors; the Court held the Hearing to consider the requested relief with appearances from all interested parties noted in the record of the Hearing; the Court having determined, based upon the legal and factual bases set forth in the Motion, that the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; the Court having found that the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the requested relief herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted to the extent provided herein; and it is further;

ORDERED that the ADR Procedures, as set forth in Exhibit A, are approved ~~in all respects~~ pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019; and it is further

ORDERED that the Debtors are authorized to take any and all steps that are necessary or appropriate to implement the ADR Procedures, including without limitation,

2

by entering into settlements of PI Claims through the use of the ADR Procedures whereby the Debtors may agree to grant Claimants allowed general unsecured claims; and it is further

ORDERED that the Debtors shall serve notice of the ADR Procedures by mail within thirty (30) days following entry of this Order to all Claimants who commenced prepetition proceedings against the Debtors (which may also include claims against non-Debtor GGP Group entities) and/or have filed a valid proof of claim as of the entry of **this** Order.  By 30 days following the Bar Date, the Debtors shall mail notices including the ADR Procedures and the Confirmation of Loss Form to all remaining **PI** Claimants who have filed proofs of claim but did not file a prepetition lawsuit; it is further

ORDERED that any PI Claim covered by third party insurance or PI Claim in which a third party indemnification agreement exists is subject to the ADR Procedures, and the Debtors shall provide the Creditors' Committee notice of disputes with third parties over indemnification agreements; provided, however, that the ADR Procedures shall not apply to worker's compensation claims and PI Claims against the Debtors that have been tendered to a third party such as an insurer, contractor or service provider pursuant to an agreement whereby the third party has agreed and is currently completely responsible for the defense of PI Claim and has agreed to pay any damages associated with the PI Claim; and it is further

ORDERED that any Claimant who is a holder of a PI Claim that is settled through the ADR Procedures, including the Offer Exchange Procedure and the Mediation Procedure, or who obtains a final, non-appealable judgment from a court with jurisdiction after the Automatic Stay has been lifted will be granted an allowed general, unsecured

claim in these chapter 11 cases (to the extent not covered by in full by Debtors' insurance, a third-party's insurance or a third party indemnity arrangement) and will be paid only pursuant to the terms of a chapter 11 plan or plans; and it is further

ORDERED that all Claimants (and any other persons or entities asserting an interest in the relevant PI Claim) are required to comply with the ADR Procedures in good faith, including the Offer Exchange Procedure, the Mediation Procedure, and any other applicable requirement of the ADR Procedures. Nonetheless, Claimants shall retain the right to seek relief from the Automatic Stay **and from the terms of this Order, for cause shown**; and it is further

ORDERED that this Order shall not extinguish, limit or modify any discharge injunction or any similar injunction that may be imposed upon the confirmation or effectiveness of a plan or plans in the applicable Debtors' chapter 11 cases (a "Plan Injunction"), and the Automatic Stay and the Plan Injunction shall remain in place to the extent then in effect; and it is further

ORDERED that the Debtors shall have authority to waive the ADR Procedure requirement on a case-by-case basis where participation would not be likely to resolve the matter; and it is further

ORDERED that after a Claimant has completed the Offer Exchange Procedure, the Mediation Procedure, and any other applicable requirement of the ADR Procedures without liquidation of his or her claim, such Claimant may seek relief from the Automatic Stay to liquidate the PI Claim in the court in which the claim or litigation originated or in another court with jurisdiction over the underlying PI Claim, provided that this is without prejudice to the Debtors' rights to dispute jurisdiction or venue in any

4

particular court, and without waiver of removal rights. In addition, after a Claimant has completed the Offer Exchange Procedure, the Mediation Procedure, and any other applicable requirements of the ADR Procedures, the parties may submit stipulations on presentment allowing the Claimant to lift the Automatic Stay to liquidate the PI Claim in the court in which the underlying claim originated or in another court with jurisdiction over the underlying PI Claim, provided that this is without prejudice to the Debtors' rights to dispute jurisdiction or venue in any particular court, and without waiver of removal rights. Additionally, the Creditors Committee shall be provided seven (7) business days notice of any stipulations to lift the Automatic Stay to liquidate a PI Claim in the court in which the underlying claim originated or in another court with jurisdiction over the underlying PI Claim; and it is further

ORDERED that the Debtors are authorized to enter into Allowed Claim Stipulations with Claimants without further court approval where the amount of the claim sought to be allowed (i) will be fully paid by the Debtors' insurance (without the Debtors paying a deductible or SIR), (ii) will be completely paid by a third party pursuant to insurance, an indemnification agreement or similar agreement, or (iii) is equal to or less than $5,000.00. For Allowed Claim Stipulations described in points (i) and (ii) in this paragraph, the Automatic Stay shall be lifted to the extent required to enter into settlement agreements, enter into and obtain releases, obtain dismissal of actions, and effectuate the Allowed Claim Stipulation; and it is further

ORDERED where the amount of the claim settlement sought to be allowed is greater than $5,000.00, the Debtors are authorized to present such proposed settlement to the Court upon seven (7) business days negative notice and without the need to file a

motion with respect to such settlement. The Debtors shall file a copy of the notice on the public docket and shall serve a copy of the proposed settlement on all official committees in the bankruptcy. In addition, the Debtors shall provide summary information supporting the proposed settlement to the Creditors Committee. Parties wishing to object will have seven (7) business days from the date the notice is filed on the public docket to file an objection. All objections must be in writing and must specifically state the basis for the objection. If an objection is filed, the Debtors shall set the matter for hearing at the next omnibus hearing date and shall file any response to the objection in accordance with the deadlines established by the order entitled Final Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 to Implement Certain Notice and Case Management Procedures. If no objection is received before the expiration of seven (7) business days from the date the notice is filed on the public docket, the proposed settlement will be deemed final and binding upon all parties; and it is further

ORDERED that with respect to PI Claims covered by a third party pursuant to an indemnification or similar agreement, this Order and the ADR Procedures shall not alter such third party obligations, including indemnification obligations; and it is further

ORDERED that notwithstanding any other term or provision in the ADR Procedures or this Order, nothing in the ADR Procedures or this Order (i) prejudices any of the rights, claims or defenses of Debtors or Debtors' insurers ("**Insurers**") under any of their insurance policies issued to Debtors (the "**Policies**") and any agreements between Debtors and Insurers related to the Policies (together, with the Policies, the "Insurance Agreements"), including, but not limited to the rights, if any, to (a) control the defense of otherwise covered claims, (b) participate in settlement negotiations with respect to

otherwise covered claims and (c) approve the settlement of any otherwise covered claims; (ii) modifies any of the terms, conditions, limitations and/or exclusions contained in the Insurance Agreements; (iii) shall be deemed to create any insurance coverage or defense that does or does not otherwise exist, if at all, under the terms of the Insurance Agreements, or create any direct right of action against the Insurers that does not otherwise exist under applicable law; (iv) prejudices any of the Debtors' or Insurers' rights and/or defenses in any subsequent litigation in which the Debtors or Insurers may seek any declaration or other relief regarding the nature and/or extent of any insurance coverage under the Insurance Agreements; (v) shall be deemed to alter the Debtors' and Insurers' continuing duties and obligations under the Insurance Agreements; or (vi) shall be construed as an acknowledgement that the Insurance Agreements cover or otherwise apply to any PI Claims or that any PI Claims are eligible for payment under any of the Insurance Agreements**; and it is further**

ORDERED that if a Claimant fails to comply with the ADR Procedures, negotiate in good faith, or cooperate with the Debtors as may be necessary to effectuate the ADR Procedures, this Court may, after notice and hearing, find such conduct to be in violation of this Order or an abandonment of or failure to prosecute the PI Claim, or both. Upon such findings, this Court may, among other things, disallow and expunge the PI Claim, in whole or in part, or grant such other or further remedy deemed just and appropriate under the circumstances; and it is further

ORDERED that the Debtors may enter into agreements with Claimants on a case-by-case basis to make non-material modifications of the ADR Procedures without

further order of the Court. For material modifications, the Debtors shall have the right to file and shall file a motion with the Court; and it is further

ORDERED that all Claimants will continue to be required to file a proof of claim in the Debtors' chapter 11 cases by the Bar Date that will be established for filing general, unsecured claims. Participation in the ADR Procedures shall not substitute for filing a timely proof of claim in accordance with any Bar Date established by the Court. Submission of documentation pursuant to the ADR Procedures, including the Confirmation of Loss Form, does not constitute a proof of claim and will not be treated as a proof of claim. The ADR Procedures are mandatory upon all Claimants who file proofs of claim before the Bar Date; and it is further

ORDERED that the Debtors are authorized to settle Rent Collection Actions. Specifically, the Debtors are authorized to settle Rent Collection Actions without seeking specific approval from the Court or by noticing any party when the difference between the Debtors' claim amount and the proposed settlement amount is below or equal to $300,000; and it is further

ORDERED that the Debtors are further authorized to enter into settlements of Rent Collection Actions, without the need to file a motion with respect to such settlement, when the difference between the Debtors' claim amount and the proposed settlement amount is an amount greater than $300,000 but less than or equal to $600,000 by presenting such proposed settlement to the Court upon seven (7) business days negative notice. The Debtors shall file a copy of the notice on the public docket and shall serve a copy of the proposed settlement on all official committees in the bankruptcy. Parties wishing to object will have seven (7) business days from the date the notice is filed on the

public docket to file an objection. All objections must be in writing and must specifically state the basis for the objection. If an objection is filed, the Debtors shall set the matter for hearing at the next omnibus hearing date and shall file any response to the objection in accordance with the deadlines established by the Case Management Order. If no objection is received before the expiration of seven (7) business days from the date the notice is filed on the public docket, the proposed settlement will be deemed final and binding upon all parties; and it is further

ORDERED that any proposed settlement of a Rent Collection Action in which the difference between the Debtors' claim amount and the proposed settlement amount is an amount above $600,000 will continue to be subject to normal Bankruptcy Rule 9019 requirements; and it is further

ORDERED that the Debtors are authorized to return unused deposits to third parties, including contractors, in Rent Collection Actions and non-Rent Collection Actions at the conclusion of the project when the contracts or agreements creating the deposit in question have been fulfilled; and it is further

ORDERED that the Automatic Stay is modified to the extent necessary to effectuate the settlements concerning Rent Collection Actions and deposits; and it is further

ORDERED that the Debtors are authorized, in their discretion, to continue the Debtors' prepetition business practices with respect to addressing prepetition and postpetition Tenant Bankruptcy Matters; and it is further

ORDERED that the Debtors are specifically authorized to settle a Debtor's claims against a Tenant Debtor. Specifically, the Debtors are authorized to settle claims

9

against a Tenant Debtor without seeking specific approval from the Court and without noticing any party when the difference between the Debtors' claim amount and the proposed settlement amount is below or equal to $500,000 per location for each Tenant Debtor; and it is further

ORDERED that if the aggregate difference between the Debtors' claim amounts and the actual settlement amounts for any Tenant Debtor exceeds $4,000,000, the Debtors shall provide the Creditors Committee seven (7) business days notice of any further settlements with that Tenant Debtor. If the Creditors Committee does not notify the Debtors of an objection before the expiration of seven (7) business days from the date the notice is served on the Creditors Committee, the settlement will be deemed final and binding upon all parties. If the Creditors Committee does notify the Debtors of an objection within the seven (7) business day response period and the parties are unable to otherwise resolve the objection, the Debtors shall not conclude the settlement except pursuant to the requirements of Bankruptcy Rule 9019; and it is further

ORDERED that the Debtors are further authorized to enter into settlements of Tenant Bankruptcy Matters against Tenant Debtors, without the need to file a motion with respect to such settlement, when the difference between the Debtors' claim amount and the proposed settlement amount is an amount greater than $500,000 but less than or equal to $750,000 per location for each Tenant Debtor by presenting such proposed settlement to the Court upon seven (7) business days negative notice. The Debtors shall file a copy of the notice on the public docket and shall serve a copy of the proposed settlement on all official committees in the bankruptcy. Parties wishing to object will have seven (7) business days from the date the notice is filed on the public docket to file an

objection. All objections must be in writing and must specifically state the basis for the objection. If an objection is filed, the Debtors shall set the matter for hearing at the next omnibus hearing date and shall file any response to the objection in accordance with the deadlines established by the Case Management Order. If no objection is received before the expiration of seven (7) business days from the date the notice is filed on the public docket, the proposed settlement will be deemed final and binding upon all parties; and it is further

ORDERED that any proposed settlement of a Tenant Bankruptcy Matter in which the difference between the Debtors' claim amount and the proposed settlement amount is an amount above $750,000 per location for each Tenant Debtor will continue to be subject to normal Bankruptcy Rule 9019 requirements; and it is further

ORDERED that the Automatic Stay is modified to the extent necessary to effectuate the resolution of a Tenant Bankruptcy Matter; and it is further

ORDERED that the Debtors are authorized to settle certain *de minimis* customer accommodation matters through making payments not to exceed $250.00 through reimbursement of reasonable expenses, issuance of gift cards, a cash payment or through other similar mechanisms; and it is further

ORDERED that this Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: July 7, 2009
 New York, New York

                                            */s/ Allan L. Gropper*
                                            THE HONORABLE ALLAN L. GROPPER
                                            UNITED STATES BANKRUPTCY JUDGE