UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                          :
In re                                                     :    Chapter 11 Case No.
                                                          :
GENERAL GROWTH                                            :    09 – 11977 (ALG)
PROPERTIES, INC., et al.,                                 :
                                                          :    (Jointly Administered)
                Debtors.                                  :
-----------------------------------------------------------------x

### AMENDED ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN MILLER BUCKFIRE& CO., LLC AS FINANCIAL ADVISOR AND INVESTMENT BANKER

Upon the application, dated April 16, 2009 (the "**Application**")[1] of South Street Seaport Limited Partnership, its ultimate parent, General Growth Properties, Inc. ("**GGP**"), and their debtor affiliates, as debtors and debtors in possession (collectively, "**General Growth**" or the "**Debtors**"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure, requesting authorization to employ and retain Miller Buckfire & Co., LLC ("**Miller Buckfire**"), all as more fully described in the Application; and the Court having jurisdiction to consider the Application and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having provided notice of the Application and Hearing (as defined below) to: (i) the Office of

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Application.

the United States Trustee for the Southern District of New York (Attn: Greg M. Zipes); (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) EuroHypo AG, New York Branch, administrative agent for the lenders to certain of the Debtors under (a) the Second Amended and Restated Credit Agreement dated as of February 24, 2006 and (b) the Loan Agreement, dated as of July 11, 2008, as amended; (v) Deutsche Bank Trust Company Americas, as administrative agent for the lenders to certain of the Debtors under certain Loan Agreements, dated as of January 2, 2008 and February 29, 2009, respectively; (vi) Goldman Sachs Mortgage Company, as administrative agent for the lenders to certain of the Debtors under the Amended and Restated Credit Agreement, dated as of November 3, 2008; (vii) Wilmington Trust, FSB, as indenture trustee under (a) that certain Indenture, dated as of May 5, 2006, and (b) that certain Indenture, dated as of April 16, 2007; (viii) LaSalle Bank National Association and Wilmington Trust, FSB,[2] as indenture trustee under that certain Junior Subordinated Indenture, dated as of February 24, 2006; (ix) The Bank of New York Mellon Corporation, as indenture trustee under that certain Indenture, dated as of February 24, 1995; and (x) those creditors holding the 100 largest unsecured claims against the Debtors' estates (on a consolidated basis); and the Court having held a hearing to consider the requested relief (the "**Hearing**"); and upon the Declarations, the record of the Hearing, and all of the proceedings before the Court, the Court finds and determines that the requested relief is in the best interests of the Debtors, their estates, creditors, and all parties in interest; the Debtors have provided due and proper notice of the Application and Hearing and no further notice is necessary; the legal and factual bases set forth

---

[2] Wilmington Trust, FSB recently entered into an agreement pursuant to which it will assume the indenture trustee assignments of LaSalle Bank National Association. As of the Commencement Date, the trustee assignment with respect to this indenture has not yet been transferred to Wilmington Trust, FSB; however, Wilmington Trust, FSB will succeed LaSalle Bank National Association as indenture trustee for this series of notes upon the transfer of the trustee assignment.

in the Application establish just and sufficient cause to grant the requested relief herein; and therefor, it is

>ORDERED that the Application is approved; and it is further

>ORDERED that the Debtors are authorized to retain and employ Miller Buckfire as their financial advisor and investment banker, *nunc pro tunc* to the Commencement Date, pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, on the terms and conditions set forth in the Engagement Letter as modified by this Order, provided, however that the Court will hold a hearing on **July 22, 2009 at 11:00 a.m. (EST)** to consider those portions of the Application that seek approval of a Completion Fee, Initial DIP Financing Fee, and other Financing Fees; and it is further

>ORDERED that objections, if any, to the proposed Completion Fee, Initial DIP Financing Fee or other Financing Fees specified in the Engagement Letter and the Application shall be set forth in a writing describing the basis therefor which shall be filed with the Court electronically in accordance with General Order M-242 (N.B. General Order M-242 and the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the United States Bankruptcy Court for the Southern District of New York) by registered users of the Court's electronic case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and served in accordance with General Order M-242 or otherwise so as to be actually received no later than **July 16, 2009 at 4:00 p.m. (EST)** by (i) the Office of the United States Trustee for the Southern District of New York (Attn: Greg M. Zipes); (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) EuroHypo AG, New York Branch,

administrative agent for the lenders to certain of the Debtors under (a) the Second Amended and Restated Credit Agreement dated as of February 24, 2006 and (b) the Loan Agreement, dated as of July 11, 2008, as amended; (v) Deutsche Bank Trust Company Americas, as administrative agent for the lenders to certain of the Debtors under certain Loan Agreements, dated as of January 2, 2008 and February 29, 2009, respectively; (vi) Goldman Sachs Mortgage Company, as administrative agent for the lenders to certain of the Debtors under the Amended and Restated Credit Agreement, dated as of November 3, 2008; (vii) Wilmington Trust, FSB, as indenture trustee under (a) that certain Indenture, dated as of May 5, 2006, and (b) that certain Indenture, dated as of April 16, 2007; (viii) LaSalle Bank National Association and Wilmington Trust, FSB, as indenture trustee under that certain Junior Subordinated Indenture, dated as of February 24, 2006; (ix) The Bank of New York Mellon Corporation, as indenture trustee under that certain Indenture, dated as of February 24, 1995; (x) proposed counsel to the Committee; (xi) Weil, Gotshal & Manges LLP, Attorneys for the Debtors, 767 5th Avenue, New York, New York 10023 (Attn: Gary Holtzer); (xii) Weil, Gotshal & Manges LLP, Attorneys for the Debtors, 700 Louisiana Suite, 1600 Houston, Texas 77002 (Attn: Sylvia Mayer); (xiii) Weil, Gotshal & Manges LLP, Attorneys for the Debtors, 767 5th Avenue, New York, New York 10023 (Attn: Blaire Cahn); and (xiv) Kirkland & Ellis LLP, Co-Attorneys for Certain Subsidiary Debtors, 300 North LaSalle, Chicago, Illinois 60654 (Attn: Anup Sathy); and it is further

ORDERED that Miller Buckfire will file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Sections 330 and 331 of the Bankruptcy Code, any applicable Bankruptcy Rules, Local Rules of the Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), any orders of this Court and any procedures as may be fixed by order of this Court; and it is further

ORDERED, notwithstanding the prior paragraph, that the monthly financial advisory fees payable to Miller Buckfire pursuant to the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in Section 330 of the Bankruptcy Code, and it is further

ORDERED, notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any orders of this Court or any guidelines regarding submission and approvals of fee applications, Miller Buckfire and its professionals (i) shall only be required to maintain time records for services rendered post-petition, in half-hour increments and (ii) shall not be required to provide or conform to any schedule of hourly rates; and it is further

ORDERED that the United States Trustee retains all rights to object to Miller Buckfire's monthly statements (including the monthly financial advisory fees), interim fee applications, final fee applications, and any other fee applications (including, but not limited to, expense reimbursement and the Completion Fee, the Initial DIP Financing Fee, and other Financing Fees) on all grounds including but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further.

ORDERED that the Debtors shall indemnify and hold harmless Miller Buckfire and other Indemnified Persons, as that term is defined in the Engagement Letter, pursuant to the indemnification provisions of the Engagement Letter and, during the pendency of these chapter 11 proceedings, subject to the following conditions:

(a) all requests of Indemnified Persons for payment of indemnity, contribution, or otherwise pursuant to the indemnification provisions of the Engagement Letter

shall be made by means of a final fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Engagement Letter, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and other orders of this Court and is reasonable based on the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided*, *however*, that in no event shall an Indemnified Persons be indemnified or receive contribution to the extent that any claim arose or expense has resulted for any such losses finally judicially determined by a court of competent jurisdiction to have primarily resulted from the bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct of Indemnified Persons;

      (b)    in no event shall Indemnified Persons be indemnified or receive contribution or other payment under the indemnification provisions of the Engagement Letter if the Debtors or a representative of the Debtors' estate asserts a claim for, and a court determines by a final order that such claims primarily arose out of, such person's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct of Indemnified Person; and

      (c)    in the event an Indemnified Person seeks reimbursement of attorneys' fees from the Debtors pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be attached to Miller Buckfire's own interim and final fee applications, and such invoices and time records shall be subject to the United States Trustee guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and it is further

ORDERED that to the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter and this Order, the terms of this Order shall govern; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: July 13, 2009
      New York, New York

                          */s/ Allan L. Gropper*
                         THE HONORABLE ALAN L. GROPPER
                         UNITED STATES BANKRUPTCY JUDGE