# STATEMENT OF FINANCIAL AFFAIRS

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: **Southland Center Holding, LLC** <br> Debtor. | Chapter 11 <br> Case Number: 09-12275 |

This statement is to be completed by every debtor. Spouses filing a joint petition may file a statement on which the informaiton for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, mangaging executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None ☑ — State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of debtor's businessbusiness, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

---

**2. Income other than from employment or operation of business**

None  — State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two year** immediately preceding the commencement of this case. Give particular If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

## 3. Payments to Creditors

*Complete a. or b., as appropriate, and c.*

None ✔    *a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ✔    b.*Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ✔    c.*All debtors:* List all payments made within **one year** immediately preceeding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**See Attachment 3c of the Statement of Financial Affairs for GGP Limited Partnership**

## 4. Suits, executions, garnishments, and attachments

None ✔    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ✔    b. Describe all property that has been attached, garnished, or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**In the ordinary course of business, the Debtors may be obligated to withhold amounts from the paychecks of various regular employees in connection with garnishment orders or other state law withholding orders. The Debtors believe that these amounts do not constitute property of the estate and, accordingly, are not responsive to this question. Moreover, out of concerns for the confidentiality of the Debtors' employees, the Debtors have not listed any such garnishment in response to this question.**

### 5. Repossessions, foreclosures, and returns

None ☑  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 6. Assignments and receiverships

None ☑  a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑  b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 7. Gifts

None ☑  List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 8. Losses

None ☑  List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 o chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 9. Payments related to debt counseling or bankruptcy

None ☑  List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, or consultation concerning debt consolidation, relief under the bankruptcy laws, preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

### 10. Other transfers

None ☑  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the Debtor transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑  b. List all property transferred by the debtor within **two years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

### 11. Closed financial accounts

**None** ☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 12. Safe deposit boxes

**None** ☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 13. Setoffs

**None** ☑

List all setoffs made by any creditor, including a bank, against debts or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

> **In the ordinary course of its business prior to the Petition Date (and subsequent to the Petition Date pursuant to Bankruptcy Court approval), Debtors routinely agreed to (and continue to agree to) provide rent credits or other setoffs to tenants under real property leases as a result of tenant overpayments of non-rent items, tenant improvement allowances and other matters. Given the high number and normal course nature of these setoffs, the Debtors have not reflected these setoffs under Question 13.**
>
> **On April 2, 2009, U.S. Bank National Association ("U.S. Bank") notified GGP Limited Partnership ("GGPLP") of an event of default under the parties' standard form master agreement promulgated by the International Swap and Derivatives Association, Inc. ("ISDA") dated as of July 31, 2008 (the "ISDA Master Agreement"). U.S. Bank then froze a portion of the funds in a general deposit account ("Deposit Account") that GGPLP maintained at U.S. Bank. The following day U.S. Bank declared $3,627,764.24 due and owing under the ISDA Master Agreement and withdrew and set off that amount from the Deposit Account. GGPLP and the Debtors reserve all rights in connection with the setoff and the withdrawal of funds from the Deposit Account at U.S. Bank.**

### 14. Property held for another person

**None** ☑

List all property owned by another person that the debtor holds or controls.

### 15. Prior address of debtor

**None** ☑

If the debtor has moved within the **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

### 16. Spouses and Former Spouses

**None** ☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington or Wisconsin) within **eight-years** immediately preceding the commencement of this case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

### 17. Environmental Information

For the purposes of this questions, the following definitions apply:

"Environmental Law" means any federal, state, of local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

**None** ☑  a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

**None** ☑  b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

**None** ☑  c. List all judicial or administrative proceedings, including settlements or order, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

### 18. Nature, location, and names of business

**None** ☑  *a. If the debtor is an individual,* list the names, addresses and taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six-years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting of equity securities within the **six-years** immediately preceding the commencement of this case

*If the debtor is a partnership,* list the names, addresses and taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the **six-years** immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses and taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the **six-years** immediately preceding the commencement of this case.

**None** ☑  b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the **six-years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sold proprietor or otherwise self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

☐ None

a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

**Edmund Hoyt, Chief Financial Officer from 10/03/08 to present.**
**Bernard Freibaum, Chief Financial Officer from 10/18/93 to 10/03/08.**

☐ None

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

**NAME AND ADDRESS**
**Deloitte & Touche LLP – Chicago, IL**

☑ None

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

☐ None

d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of this case by the debtor.

**General Growth files reports with the SEC (collectively, the 'SEC Filings') which contain consolidated financial information relating to General Growth and its affiliates. Because the SEC Filings are of public record, the Debtors do not maintain records of the parties who requested or obtained copies of any of the SEC Filings from the SEC, the Debtors or other sources. In addition, Debtors provide reporting information to lenders as required by their individual loan agreements, which information may include financial statements of the Debtors.**

**20. Inventories**

☑ None

a. List the dates of the last two inventories taken of the debtor's property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

☑ None

b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

**21. Current Partners, Officers, Directors and Shareholders**

None ☐    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

**See attachment 21a of the Statement of Financial Affairs**

None ☑    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent of more of the voting or equity securities of the corporation.

**22. Former partners, officers, directors, and shareholders.**

None ☑    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

None ☐    b. If the debtor is a corporation, list all officers, or directors whose relationships with the corporation terminated within **one year** immediately preceding the commencement of this case.

**See attachment 22b of the Statement of Financial Affairs**

**23. Withdrawals from a partnership or distributions by a corporation**

None ☑    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

**24. Tax Consolidation Group**

None ☑    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the **six-years** immediately preceding the commencement of this case.

**25. Pension Funds**

None ☑    If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six-years** immediately preceding the commencement of this case.

**Southland Center Holding, LLC**  
**Case Number: 09-12275**

Attachment 21b

**21b. Current Officers, Directors and Stockholders holding 5% or more of the voting or equity securities**

| Name | Title | Address | City, State, Zip |
|---|---|---|---|
| ADAM S. METZ | CHIEF EXECUTIVE OFFICER | 110 N. WACKER | CHICAGO, IL 60606 |
| CAROL A. WILLIAMS | ASSISTANT SECRETARY | 110 N. WACKER | CHICAGO, IL 60606 |
| EDMUND J. HOYT | TREASURER | 110 N. WACKER | CHICAGO, IL 60606 |
| HOWARD A. SIGAL | ASSISTANT SECRETARY | 110 N. WACKER | CHICAGO, IL 60606 |
| KATHLEEN M. COURTIS | VICE PRESIDENT | 110 N. WACKER | CHICAGO, IL 60606 |
| LINDA J. WIGHT | VICE PRESIDENT & ASSISTANT SECRETARY | 110 N. WACKER | CHICAGO, IL 60606 |
| MICHAEL CHIMITRIS | ASSISTANT SECRETARY | 110 N. WACKER | CHICAGO, IL 60606 |
| ROBERT A. MICHAELS | MANAGER | 110 N. WACKER | CHICAGO, IL 60606 |
| ROBERT A. MICHAELS | CHIEF OPERATING OFFICER | 110 N. WACKER | CHICAGO, IL 60606 |
| RONALD L. GERN | SENIOR VICE PRESIDENT & SECRETARY | 110 N. WACKER | CHICAGO, IL 60606 |
| SHARON M. POLONIA | EXECUTIVE VICE-PRESIDENT | 110 N. WACKER | CHICAGO, IL 60606 |
| THOMAS H. NOLAN, JR. | PRESIDENT | 110 N. WACKER | CHICAGO, IL 60606 |
| THOMAS H. NOLAN, JR. | MANAGER | 110 N. WACKER | CHICAGO, IL 60606 |

**Specific Notes**

Stockholders that own, control, or hold 5 percent or more of the voting or equity securities of Debtor named above can be found on the organizational chart on Exhibit B-13.

**Southland Center Holding, LLC**  
**Case Number: 09-12275**

Attachment 22b

**22b. Former Partners, Officers, Directors and Shareholders (Hold 5% or more)**

| Name | Title | Address | City, State, Zip |
| --- | --- | --- | --- |
| BERNARD FREIBAUM | MANAGER | 110 N. WACKER DRIVE | CHICAGO, IL 60606 |
| BERNARD FREIBAUM | EXECUTIVE VICE PRESIDENT AND TREASURER | 110 N. WACKER DRIVE | CHICAGO, IL 60606 |
| JAMES D. LANO | ASSISTANT SECRETARY | 110 N. WACKER DRIVE | CHICAGO, IL 60606 |
| JEAN SCHLEMMER | SENIOR VICE PRESIDENT | 110 N. WACKER DRIVE | CHICAGO, IL 60606 |
| JOHN W. STEELE, III | ASSISTANT SECRETARY | 110 N. WACKER DRIVE | CHICAGO, IL 60606 |

**Southland Center Holding, LLC**                                      Case Number: 09-12275

# DECLARATION CONCERNING DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS

I, authorized signatory of this debtor entity, declare under penalty of perjury that I have read the answers contained in the foregoing Statement of Financial Affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

                                                                     SOUTHLAND CENTER HOLDING, LLC

**Date:**    **August 26, 2009**                          **By:**       _/s/ Edmund Hoyt_

                                                                     EDMUND HOYT ,   Authorized Signatory

*Penalty for making a false statement: Fine of up to $500,000, or imprisonment for up to 5 years, or both.  18 U.S.C. § 152 and 3571.*