WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Marcia L. Goldstein
Gary T. Holtzer
Adam P. Strochak
Stephen A. Youngman (*admitted pro hac vice*)
Sylvia A. Mayer (*admitted pro hac vice*)

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
James H.M. Sprayregen, P.C.
Anup Sathy, P.C. (*admitted pro hac vice*)

Attorneys for Debtors and
Debtors in Possession

Co-Attorneys for Certain Subsidiary
Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
              :
In re                  :       **Chapter 11 Case No.**
              :
**GENERAL GROWTH**     :       **09-11977 (ALG)**
**PROPERTIES, INC., et al.,**  :
              :       **(Jointly Administered)**
        Debtors.      :
-------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' MOTION PURSUANT TO SECTION 502(b)(9)**
**OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3)**
**FOR AN ORDER  ESTABLISHING THE DEADLINE FOR FILING PROOFS**
**OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

        **PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "**Motion**")

for entry of an order establishing **November 10, 2009 at 5:00 p.m. (Prevailing Pacific Time)** as

the deadline for all persons or entities to file proofs of claim (the "**Bar Date**"), and approving the

form and manner of notice thereof, all as more fully described in the Motion, will be held before

to the Honorable Allan L. Gropper, United States Bankruptcy Judge, at the United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 617,

New York, New York 10004 (the "**Bankruptcy Court**") on **September 25, 2009** at **10:00 a.m.**

**(Prevailing Eastern Time)** (the "**Hearing**").

**PLEASE TAKE FURTHER NOTICE** that the deadline to file any objections or responses to the Motion is **September 18, 2009** at **4:00 p.m. (Prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that objections or responses, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to the chambers of the Honorable Allan L. Gropper), and shall be served upon: (i) the chambers of the Honorable Allan L. Gropper, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 617, New York, New York 10004; (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10044, (Attn: Greg Zipes and Linda Riffkin, Esqs.); (iii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York 10153, (Attn: Marcia L. Goldstein and Gary T. Holtzer, Esqs.), attorneys for the Debtors; (iv) Weil, Gotshal & Manges LLP, 700 Louisiana Street, Suite 1600, Houston, Texas 77002, (Attn: Sylvia A. Mayer, Esq.), attorneys for the Debtors; (v) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, (Attn: Michael S. Stamer, Esq.) and 1333 New Hampshire Avenue, N.W., Washington, D.C. 20036-1564, (Attn: James Savin, Esq.), counsel for the Official Committee of Unsecured Creditors appointed in these chapter 11 cases;

(vi) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166, (Attn: David M. Feldman, Esq.), attorneys for the debtor in possession lender; and (vii) all parties who have requested notice in these chapter 11 cases; so as to be received no later than the Objection Deadline.

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is timely filed, objecting parties are required to attend a hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  September 2, 2009
      New York, New York

*/s/ Sylvia A. Mayer*
Marcia L. Goldstein
Gary T. Holtzer
Adam P. Strochak
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

and

Stephen A. Youngman (*admitted pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas  75201
Telephone:  (214) 746-7700
Facsimile:  (214)  746-7777

and

Melanie Gray (*admitted pro hac vice*)
Sylvia A. Mayer (*admitted pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas  77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511

Attorneys for Debtors
and Debtors in Possession

and

James H.M. Sprayregen, P.C.
Anup Sathy, P.C. (*admitted pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

Co-Attorneys for Certain Subsidiary
Debtors and Debtors in Possession

| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP | KIRKLAND & ELLIS LLP |
| 767 Fifth Avenue | 300 North LaSalle |
| New York, New York 10153 | Chicago, Illinois 60654 |
| Telephone: (212) 310-8000 | Telephone: (312) 862-2000 |
| Facsimile: (212) 310-8007 | Facsimile: (312) 862-2200 |
| Marcia L. Goldstein | James H.M. Sprayregen, P.C. |
| Gary T. Holtzer | Anup Sathy, P.C. (*admitted pro hac vice*) |
| Adam P. Strochak | |
| Stephen A. Youngman (*admitted pro hac vice*) | |
| Sylvia A. Mayer (*admitted pro hac vice*) | |
| Melanie Gray (*admitted pro hac vice*) | |
| | |
| Attorneys for Debtors and | Co-Attorneys for Certain Subsidiary |
| Debtors in Possession | Debtors and Debtors in Possession |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :        Chapter 11 Case No.
                                                            :
**GENERAL GROWTH**                                          :        **09 – 11977 (ALG)**
**PROPERTIES, INC., et al.,**                               :
                                                            :        **(Jointly Administered)**
                **Debtors.**                                :
------------------------------------------------------------x

## DEBTORS' MOTION PURSUANT TO SECTION 502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3) FOR AN ORDER ESTABLISHING THE DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

TO THE HONORABLE ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE:

General Growth Properties, Inc. ("**GGP**"), and its debtor affiliates, as debtors and

debtors in possession (collectively, the "**Debtors**"),[1] submit this motion for an order (a)

establishing November 10, 2009, as the Bar Date (as defined below) and (b) approving the form

and manner of notice thereof, and respectfully represent:

---

[1]      A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is filed with the Court at Docket No. 593 and is also available for free online at www.kccllc.net/GeneralGrowth.

## Relief Requested

1.       By this Motion, the Debtors request that, pursuant to section 502(b)(9) of

title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3003(c)(3) of the Federal

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Court:

  (i)      establish **November 10, 2009** at **5:00 p.m. (Prevailing Pacific Time)** as
           the deadline for each person or entity (including, without limitation,
           individuals, partnerships, corporations, joint ventures, trusts, and
           Governmental Units (as defined in section 101(27) of the Bankruptcy
           Code)) to file a proof of claim based on prepetition claims (as defined in
           section 101(5) of the Bankruptcy Code, including, for the avoidance of
           doubt, secured claims and priority claims) (each a "**Proof of Claim**")
           against the Debtors (the "**Bar Date**");

  (ii)     approve the proposed procedures for notice of the Bar Date, including,
           among other things, the form of notice (the "**Bar Date Notice**"); and

  (iii)    approve the proposed Proof of Claim form (the "**Proof of Claim Form**").

A proposed order is attached hereto as <u>Exhibit "A"</u> (the "**Proposed Order**").  The proposed Bar

Date Notice is attached as <u>Exhibit "1"</u> to the Proposed Order.  The proposed Proof of Claim

Form is attached as <u>Exhibit "2"</u> to the Proposed Order.

## Establishing The Bar Date

2.       Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time

within which claimants must file a Proof of Claim in a chapter 11 case pursuant to section 501 of

the Bankruptcy Code.  Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor who

asserts a claim against the Debtors that (a) arose prior to **April 16, 2009 or April 23, 2009**, as

appropriate with respect to the date on which the particular Debtor commenced their case under

the Bankruptcy Code (the "**Commencement Date**"), and is not scheduled in the Debtors'

schedules of assets and liabilities (the "**Schedules**") or (b) is listed on the Schedules as disputed,

contingent, or unliquidated, <u>must</u> file a Proof of Claim.  The Debtors filed their Schedules

commencing on August 26, 2009 and continuing thereafter.

3. The Debtors believe that no fewer than 89,000 individuals or entities may be creditors in these cases. Establishing November 10, 2009 as the Bar Date and approving the procedures set forth below will enable the Debtors to mail the Bar Date Notice, afford ample opportunity for creditors to prepare and file Proofs of Claim, and allow the Debtors to receive, process, and begin their analysis of the filed claims in a timely and efficient manner.

**Indenture Trustees' Master Proof of Claim**

4. Consistent with section 501(a) of the Bankruptcy Code, the indenture trustee under that certain indenture dated February 24, 1995, pursuant to which The Rouse Company, LP ("**TRCLP**") issued five series of public bonds (collectively, the "**1995 Rouse Bonds**"), and the indenture trustee under that certain indenture dated May 5, 2006, pursuant to which TRCLP and TRC Co-Issuer, Inc., issued one series of bonds in a private placement (the "**2006 Rouse Bonds**"), shall each file a single master proof of claim on behalf of all holders of the 1995 Rouse Bonds and the 2006 Rouse Bonds, respectively, against the applicable Debtor.

5. In addition, the indenture trustee under that certain indenture dated April 16, 2007, pursuant to which GGP Limited Partnership ("**GGP LP**") issued $1.55 billion of 3.98% Exchangeable Senior Notes pursuant to Rule 144A under the Securities Act of 1933 (the "**GGP LP Notes**") shall file a single master proof of claim on behalf of all holders of the GGP LP Notes against the applicable Debtor.

6. Similarly, the indenture trustee under that certain Junior Subordinated Indenture, dated February 24, 2006, pursuant to which GGP Capital Trust I holds $206.2 million of junior subordinated notes issued by GGP LP and issued $200 million of trust preferred securities held by outside investors, shall file a single master proof of claim with respect to the $206.2 million of junior subordinated notes (the "**TRUPS Notes**") against the applicable Debtor.

(Hereinafter, the indenture trustees for the 1995 Rouse Bonds, 2006 Rouse Bonds, GGP LP Notes, and TRUPS Notes shall be referred to collectively as the "**Trustees**.")

### **Project-Level Lenders' Master Proofs of Claim**

7.      Any administrative agent and, for commercial mortgage backed securities ("**CMBS**") loans, the special servicer and noticing agent (the "**CMBS Special Servicer**"), for the Debtors' prepetition secured loans (the "**Project Level Debt**") may file a single master proof of claim against the applicable Debtor on behalf of all parties holding a direct interest in the applicable Project Level Debt (collectively, the "**Holders**" and individually, a "**Holder**") for the repayment of principal, interest and/or other applicable fees and charges and any other amounts owed under the prepetition loan documents related to the Project Level Debt under which it serves as administrative agent or CMBS Special Servicer, and shall include in the master proof of claim a schedule identifying any underlying notes and/or trusts and listing the amounts owed thereunder.  Nothing in this paragraph is intended to alter existing contractual relationships between CMBS Special Servicers and/or the Holders.

### **Master Proofs of Claim**

8.      Any Trustee, administrative agent or CMBS Special Servicer filing a master proof of claim with respect to the 1995 Rouse Bonds, 2006 Rouse Bonds, GGP LP Notes, TRUPS Notes or Project Level Debt (collectively, the "**Bank/Bond Claims**") need only file such proof of claim against the Debtor(s) acting as the primary obligor on the underlying debt obligation and such proof of claim shall be deemed to have been filed against any Debtors identified in such proof of claim as guarantors or otherwise secondary obligors; **provided**, **however**, that the proof of claim specifically identifies the applicable Debtors with guaranty or

other secondary obligations, lists their respective case numbers, and specifies the basis for the guaranty or other secondary obligations under the applicable Bank/Bond Claim instruments.

9. Upon the filing of any master proofs of claim with respect to the Bank/Bond Claims, each beneficial holder of the Bank/Bond Claims shall be deemed to have filed a proof of claim in their pro rata share of the amount set forth in the master proof of claim without the necessity of filing separate claims; **provided**, **however**, that, to the extent any holder of the Bank/Bond Debt wishes to assert a claim arising out of or relating to the Bank/Bond Claim and unrelated to the repayment of principal, interest, and other applicable fees, charges or other claims under the Bank/Bond Debt instrument, then such claimant must file a Proof of Claim asserting such claim on or before the Bar Date.

## Personal Injury Claimants Must File Proofs of Claim

10. On July 9, 2009, the Court entered an order establishing mandatory alternative dispute resolution procedures for the resolution of any claim for liability against any of the Debtors for death or bodily injury, and any related damages, including, but not limited to, causes of action under tort, wrongful death, or negligence laws or theories arising from or related to events occurring prior to the Commencement Date [Docket No. 964] (the "**ADR Order**"). The ADR Order requires, among other things, that personal injury claimants produce certain documentation in support of their claims. In addition, the ADR Order provides that any personal injury claimant must also file a Proof of Claim in the applicable Debtor's chapter 11 case in accordance with the procedures described herein.

## Proposed Procedures for Filing Proofs of Claim

11. The Debtors propose the following procedures for filing Proofs of Claim:

(a) Unless otherwise provided herein, the deadline to file a Proof of Claim for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust, or Governmental Unit

(as defined by section 101(27) of the Bankruptcy Code)) to assert a claim (as defined by section 101(5) of the Bankruptcy Code) against any Debtor that arose prior to the Commencement Date is **November 10, 2009** at **5:00 p.m. (Prevailing Pacific Time)**.

(b)     Proofs of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Commencement Date; (iii) conform substantially with the Proof of Claim Form or the Official Bankruptcy Form No. 10 ("**Official Form 10**")[2]; (iv) specify the Debtor by name and case number against which the Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

(c)     As the Official Form 10 does not include a separate designation for section 503(b)(9) claims, to the extent a claimant seeks to assert a claim under section 503(b)(9) of the Bankruptcy Code, in box 5 of the Proof of Claim Form, check the "Other" box and designate the claim as a claim under sections 507(a)(2) and 503(b)(9) of the Bankruptcy Code.

(d)     If a claimant asserts a claim against more than one Debtor, the claimant must file a separate Proof of Claim against each Debtor; **provided**, **however**, any Trustee, administrative agent or CMBS Special Servicer filing a master proof of claim for Bank/Bond Debt may file such claims as provided for herein.

(e)     Proofs of Claim shall be deemed timely filed only if the Proofs of Claim are **actually received** by the Debtors' claim agent, Kurtzman Carson Consultants, LLC (the "**Claims Agent**"), or by the Court, on or before the Bar Date at the following addresses –

If by post or hand delivery to:

General Growth Claims Processing Center
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, California 90245

---

[2]     Official Form 10 is available at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#official, the Official Website for the United States Bankruptcy Courts.

Or if by hand delivery to:

> United States Bankruptcy Court
> Southern District of New York
> One Bowling Green, Room 534
> New York, New York 10004-1408

(f)     Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission **will** **not** be accepted.

(g)     Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the Bar Date or (ii) the date that is fixed by the Court in the applicable order approving such rejection, or if no date is specified, thirty (30) days after such rejection, or be forever barred from doing so.

(h)     Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Commencement Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the Bar Date unless an exception identified in paragraph (j) below applies.

(i)     In the event the Debtors amend their Schedules to (i) designate a claim as disputed, contingent, unliquidated, or undetermined, (ii) change the amount of a claim reflected therein, or (iii) add a claim that was not listed on the Schedules, the Debtors shall notify the claimant of the amendment. The deadline for any holder of a claim so designated, changed, or added to file a Proof of Claim on account of any such claim is the later of (i) the Bar Date or (ii) the date that is **thirty (30) days** after the Debtors provide notice of the amendment.

(j)     The following persons or entities are **not** required to file a Proof of Claim on or before the Bar Date, with respect to the claims described below:

1.     any person or entity whose claim is listed on the Schedules and (i) whose claim is **not** described as "disputed," "contingent," or "unliquidated," (ii) who does not dispute the amount, nature or priority of the claim set forth in the Schedules, and (iii) who does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

2.     any person or entity that holds an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or

warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders that wish to assert claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies;

3. any person or entity whose claim has been paid in full by the Debtors;

4. any holder of a claim allowable as an administrative expense under sections 503(b) and 507(a)(2) of the Bankruptcy Code; **provided**, **however**, that any party asserting a claim pursuant to section 503(b)(9) must file a Proof of Claim on or before the Bar Date in accordance with the procedures described herein;

5. any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the Bar Date;

6. any holder of a claim for which a separate deadline is fixed by this Court;

7. any holder of a claim that is limited exclusively to the repayment of the Bank/Bond Claims to the extent that the applicable Trustee, administrative agent or CMBS Servicer timely filed a master proof of claim on behalf of all holders of such claims; **provided**, **however**, that, to the extent any holder of the Bank/Bond Claims wishes to assert a claim, other than a Bank/BondClaim, arising out of or relating to such obligation, such claimant must file a Proof of Claim asserting such claim on or before the Bar Date;

8. any Debtor in these cases having a claim against another Debtor;

9. any wholly owned subsidiary of any Debtor having a claim against a Debtor; and

10. any holder of a claim who has already properly filed a Proof of Claim against the Debtors with the Clerk of the Court or the Claims Agent utilizing a claim form which substantially conforms to the Proof of Claim Form.

(k) Any person or entity that relies on the Schedules has the responsibility to determine that the claim is accurately listed in the Schedules.

## Consequences of Failure to File a Proof of Claim

12.     Bankruptcy Rule 3003(c)(2) states that any creditor that is required to file a Proof of Claim before the Bar Date but fails to do so "shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors request that any holder of a claim against the Debtors that is required to file a proof of such claim in accordance with the Bar Date Order, but fails to do so on or before the Bar Date, shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim. Moreover, the holder of such claim shall not be permitted to vote to accept or reject any chapter 11 plan filed in these cases, participate in any distribution in these chapter 11 cases on account of such claim, or receive further notices regarding such claim.

## Notice of the Bar Date

13.     Pursuant to Bankruptcy Rule 2002(a)(7), (f), and (*l*), the Debtors propose to provide notice of the Bar Date in accordance with the following procedures:

(a)     At least thirty-five (35) days prior to the Bar Date, the Debtors shall cause to be served via first-class mail (i) a Bar Date Notice, substantially in the form attached as Exhibit 1 to the Proposed Order and (ii) a Proof of Claim Form, substantially in the form attached as Exhibit 2 to the Proposed Order, on the following parties:

1.     the United States Trustee for the Southern District of New York (the "**U.S. Trustee**");

2.     attorneys for the official committee of unsecured creditors (the "**Creditors' Committee**");

3.     all known holders of claims listed on the Schedules at the addresses stated therein;

4.     all parties known to the Debtors as having potential claims against the Debtors' estates;

5.       all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

6.       all parties to litigation with the Debtors;

7.       in accordance with Bankruptcy Rule 2002(j), the Internal Revenue Service, the United States Attorney's Office for the Southern District of New York, and all applicable government entities; and

8.       all parties who have requested notice pursuant to Bankruptcy Rule 2002 (together with 1-7, the "**Notice Parties**").

(b)       At least **twenty-five (25) days** prior the Bar Date, the Debtors shall publish the Bar Date Notice, with any modifications necessary for ease of publication, once in the Wall Street Journal (National Edition) and the Chicago Tribune.

(c)       The Debtors shall also post the Proof of Claim Form and Bar Date Notice on the Claims Agent's website at www.kccllc.net/GeneralGrowth.

### The Proof of Claim Form

14.      Attached to the Proposed Order as <u>Exhibit 2</u> the Debtors have included a Proof of Claim Form that substantially conforms to Official Form No. 10. The Proof of Claim Form will also include instructions on how to complete and submit the form.

### The Bar Date Notice

15.      The proposed Bar Date Notice conforms substantially to the form annexed to the Amended Procedural Guidelines for Filing Requests for Bar Orders in the United States Bankruptcy Court for the Southern District of New York, dated March 27, 2008, established by the Board of Judges for the Southern District of New York (M-350, amending M-279) (the "**Procedural Guidelines**"). The Bar Date Notice notifies the parties of (a) the Bar Date, (b) who must file a Proof of Claim, (c) the procedure for filing a Proof of Claim, and (d) the consequences for failing to timely file a Proof of Claim.

## The Proposed Bar Date and Notice Procedures Are
## Reasonably Calculated to Provide Due and Proper Notice

16.     Bankruptcy Rule 2002(a)(7) requires the Debtors to provide at least twenty (20) days' notice of the deadline to file proofs of claim.  Bankruptcy Rule 2002(p)(2), which applies to notice to foreign creditors, requires thirty (30) days' notice.  Procedural Guideline #3 requires at least thirty-five (35) days' notice for all creditors.  Because the procedures proposed by the Debtors provide for thirty-five (35) days' notice, the proposed notice procedures provide sufficient time for all parties in interest to assert their claims.  Further, because the proposed procedures will provide notice to all known parties in interest by mail and notice to any unknown parties in interest by publication, the proposed notice procedures are reasonably calculated to provide notice to all parties that may wish to assert a claim in these chapter 11 cases.  Accordingly, the Debtors submit that no further or other notice of the Bar Date is necessary and that the proposed notice procedures provide due and proper notice of the Bar Date.

## Objections to Claims and Reservation of Rights

17.     After the Bar Date passes, the Debtors will begin their review of claims to determine which are valid and proper obligations of the estates and in what amounts.  The Debtors thus reserve all rights and defenses with respect to any Proof of Claim, including, among other things, the right to object to any Proof of Claim on any grounds.  The Debtors also reserve all rights and defenses to any claim listed on the Schedules, including, among other things, the right to dispute any such claim and assert any offsets or defenses thereto.  To the extent the Debtors dispute any claim listed on their Schedules and such claim is not already listed as disputed, contingent, or unliquidated, the Debtors shall amend their Schedules as appropriate.

18.     Further, the Debtors reserve the right to seek a further order of this Court to fix a deadline by which holders of claims **not** subject to the Bar Date must file Proofs of Claim against the Debtors or be barred from doing so.

19.     Based on the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

## Notice

20.     No trustee or examiner has been appointed in these chapter 11 cases.  The Debtors have served notice of this Motion on: (i) the Office of the U.S. Trustee, (Attn: Greg M. Zipes and Linda Riffkin, Esqs.); (ii) attorneys for the Creditors' Committee, Akin Gump Strauss Hauer & Feld LLP, (Attn: Michael S. Stamer and James Savin, Esqs.); (iii) attorneys for the debtor in possession lender, Gibson, Dunn & Crutcher LLP, (Attn: David M. Feldman, Esq.); and (iv) parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  The Debtors submit that no other or further notice need be provided.

21.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just and appropriate.

Dated:  September 2, 2009
        New York, New York

*/s/ Sylvia A. Mayer*
Marcia L. Goldstein
Gary T. Holtzer
Adam P. Strochak
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007

and

Stephen A. Youngman (*admitted pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas  75201
Telephone:  (214) 746-7700
Facsimile:   (214)  746-7777

and

Melanie Gray (*admitted pro hac vice*)
Sylvia A. Mayer (*admitted pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas  77002
Telephone:  (713) 546-5000
Facsimile:   (713) 224-9511

Attorneys for Debtors
and Debtors in Possession

and

James H.M. Sprayregen, P.C.
Anup Sathy, P.C. (*admitted pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

Co-Attorneys for Certain Subsidiary
Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
:
In re                              :            **Chapter 11 Case No.**
:
**GENERAL GROWTH**         :             **09-11977 (ALG)**
**PROPERTIES, INC., et al.,**   :
:            **(Jointly Administered)**
Debtors.         :
-------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 502(b)(9) OF THE
### BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3)
### ESTABLISHING THE DEADLINE FOR FILING PROOFS OF CLAIM
### AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the motion, dated September 2, 2009 (the "**Motion**"),[1] of General Growth

Properties, Inc. ("**GGP**"), and its debtor affiliates, as debtors and debtors in possession

(collectively, the "**Debtors**"), pursuant to section 502(b)(9) of chapter 11 of title 11 of the United

States Code (the "**Bankruptcy Code**") and Rule 3003(c)(3) of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**"), requesting that the Court enter an order (i) fixing

**November 10, 2009,** at **5:00 p.m. (Prevailing Pacific Time)** as the last date and time for each

person or entity (including, without limitation, individuals, partnerships, corporations, joint

ventures, trusts, and Governmental Units (as such term is defined in section 101(27) of the

Bankruptcy Code)), to file a proof of claim ("**Proof of Claim**" or "**Proofs of Claim**," as

applicable) based on prepetition claims against the Debtors (the "**Bar Date**"), and (ii) approving

the form and manner of service thereof (the "**Notice Procedures**"), all as more fully set forth in

the Motion; and the Court having jurisdiction to consider the Motion and the relief requested

therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 of the United States

---

[1]      Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion having been provided and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.      The Motion is granted to the extent set forth herein.

2.      The following procedures for filing Proofs of Claim are approved:

(a)     Except as otherwise provided herein, the deadline to file a Proof of Claim for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust, or Governmental Unit (as defined by section 101(27) of the Bankruptcy Code)) to assert a claim (as defined by section 101(5) of the Bankruptcy Code) against any Debtor that arose prior to the Commencement Date is **November 10, 2009** at **5:00 p.m. (Prevailing Pacific Time)**.

(b)     Proofs of Claim must:  (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Commencement Date; (iii) conform substantially with the Proof of Claim Form or the Official Bankruptcy Form No. 10 ("**Official Form 10**")[2]; (iv) specify the Debtor by name and case number against which the Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

(c)     As the Official Form 10 does not include a separate designation for section 503(b)(9) claims, to the extent a claimant seeks to assert a claim under section 503(b)(9) of the Bankruptcy Code, in box 5 of the Proof of Claim Form, check the "Other" box and designate the claim as a claim under sections 507(a)(2) and 503(b)(9) of the Bankruptcy Code.

---

[2]      Official Form 10 is available at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#official, the Official Website for the United States Bankruptcy Courts.

(d)     If a claimant asserts a claim against more than one Debtor, the claimant must file a separate Proof of Claim against each Debtor; **provided**, **however**, any Trustee, administrative agent or CMBS Special Servicer filing a master proof of claim for Bank/Bond Debt may file such claims as provided for herein.

(e)     Proofs of Claim shall be deemed timely filed only if the Proofs of Claim are **actually** **received** by the Debtors' claims agent, Kurtzman Carson Consultants, LLC (the "**Claims Agent**"), or by the Court, on or before the Bar Date at the following addresses –

        If by post or hand delivery to:

                General Growth Claims Processing Center
                c/o Kurtzman Carson Consultants LLC
                2335 Alaska Avenue
                El Segundo, California  90245

        Or if by hand delivery to:

                United States Bankruptcy Court
                Southern District of New York
                One Bowling Green, Room 534
                New York, New York  10004-1408

(f)     Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission **will** **not** be accepted.

(g)     Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the Bar Date or (ii) the date that is fixed by the Court in the applicable order approving such rejection, or if no date is specified, thirty (30) days after such rejection, or be forever barred from doing so.

(h)     Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Commencement Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the Bar Date unless an exception identified in paragraph (j) below applies.

(i)     In the event the Debtors amend their Schedules to (i) designate a claim as disputed, contingent, unliquidated, or undetermined, (ii) change the amount of a claim reflected therein, or (iii) add a claim that was not listed on the Schedules, the Debtors shall notify the claimant of the amendment. The deadline for any holder of a claim so designated, changed, or added to

file a Proof of Claim on account of any such claim is the later of (i) the Bar Date or (ii) the date that is **thirty (30) days** after the Debtors provide notice of the amendment.

(j)　　The following persons or entities are **not** required to file a Proof of Claim on or before the Bar Date, with respect to the claims described below:

1.　　any person or entity whose claim is listed on the Schedules and (i) whose claim is **not** described as "disputed," "contingent," or "unliquidated," (ii) who does not dispute the amount, nature or priority of the claim set forth in the Schedules, and (iii) who does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

2.　　any person or entity that holds an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders that wish to assert claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies;

3.　　any person or entity whose claim has been paid in full by the Debtors;

4.　　any holder of a claim allowable as an administrative expense under sections 503(b) and 507(a)(2) of the Bankruptcy Code; **provided**, **however**, that any party asserting a claim pursuant to section 503(b)(9) must file a Proof of Claim on or before the Bar Date in accordance with the procedures described herein;

5.　　any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the Bar Date;

6.　　any holder of a claim for which a separate deadline is fixed by this Court;

7.　　any holder of a claim that is limited exclusively to the repayment of the Bank/Bond Claims (as defined below) to the extent that the applicable Trustee, administrative agent or CMBS Servicer (as defined below) timely filed a master proof of claim on behalf of all holders of such claims; **provided**, **however**, that, to the extent any holder of the Bank/Bond Claims wishes to assert a claim, other than a Bank/Bond Claim, arising out of or relating to such

obligation, such claimant must file a Proof of Claim asserting such claim on or before the Bar Date;

8.       any Debtor in these cases having a claim against another Debtor;

9.       any wholly owned subsidiary of any Debtor having a claim against a Debtor; and

10.     any holder of a claim who has already properly filed a Proof of Claim against the Debtors with the Clerk of the Court or the Claims Agent utilizing a claim form which substantially conforms to the Proof of Claim Form.

(k)      Any person or entity that relies on the Schedules has the responsibility to determine that the claim is accurately listed in the Schedules.

3.       Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim against the Debtors that is required but fails to file a proof of such claim in accordance with the Bar Date Order on or before the Bar Date shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto), the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, or participate in any distribution in the Debtors' chapter 11 cases on account of such claim.

4.       Consistent with section 501(a) of the Bankruptcy Code, the indenture trustee under that certain indenture dated February 24, 1995, pursuant to which The Rouse Company, LP ("**TRCLP**") issued five series of public bonds (collectively, the "**1995 Rouse Bonds**"), and the indenture trustee under that certain indenture dated May 5, 2006, pursuant to which TRCLP and TRC Co-Issuer, Inc., issued one series of bonds in a private placement (the "**2006 Rouse Bonds**"), shall each file a single master proof of claim on behalf of all holders of the 1995 Rouse Bonds and the 2006 Rouse Bonds, respectively, against the applicable Debtor.

5.     The indenture trustee under that certain indenture dated April 16, 2007, pursuant to which GGP Limited Partnership ("**GGP LP**") issued $1.55 billion of 3.98% Exchangeable Senior Notes pursuant to Rule 144A under the Securities Act of 1933 (the "**GGP LP Notes**") shall file a single master proof of claim on behalf of all holders of the GGP LP Notes against the applicable Debtor.

6.     The indenture trustee under that certain Junior Subordinated Indenture, dated February 24, 2006, pursuant to which GGP Capital Trust I holds $206.2 million of junior subordinated notes issued by GGP LP and issued $200 million of trust preferred securities held by outside investors, shall file a single master proof of claim with respect to the $206.2 million of junior subordinated notes (the "**TRUPS Notes**") against the applicable Debtor.  (Hereinafter, the indenture trustees for the 1995 Rouse Bonds, 2006 Rouse Bonds, GGP LP Notes, and TRUPS Notes shall be referred to collectively as the "**Trustees**.")

7.     Any administrative agent and, for commercial mortgage backed securities ("**CMBS**") loans, the special servicer and noticing agent (the "**CMBS Special Servicer**"), for the Debtors' prepetition secured loans (the "**Project Level Debt**") may file a single master proof of claim against the applicable Debtor on behalf of all parties holding a direct interest in the applicable Project Level Debt (collectively, the "**Holders**" and individually, a "**Holder**") for the repayment of principal, interest and/or other applicable fees and charges and any other amounts owed under the prepetition loan documents related to the Project Level Debt under which it serves as administrative agent or CMBS Special Servicer, and shall include in the master proof of claim a schedule identifying any underlying notes and/or trusts and listing the amounts owed thereunder.  Nothing in this paragraph is intended to alter existing contractual relationships between CMBS Special Servicers and/or the Holders.

8. Any Trustee, administrative agent or CMBS Special Servicer filing a master proof of claim with respect to the 1995 Rouse Bonds, 2006 Rouse Bonds, GGP LP Notes, TRUPS Notes or Project Level Debt (collectively, the "**Bank/Bond Claims**") need only file such proof of claim against the Debtor(s) acting as the primary obligor on the underlying debt obligation and such proof of claim shall be deemed to have been filed against any Debtors identified in such proof of claim as guarantors or otherwise secondary obligors; **provided**, **however**, that the proof of claim specifically identifies the applicable Debtors with guaranty or other secondary obligations, lists their respective case numbers, and specifies the basis for the guaranty or other secondary obligations under the applicable Bank/Bond Claim instruments.

9. Upon the filing of any master proofs of claim with respect to the Bank/Bond Claims, each beneficial holder of the Bank/Bond Claims shall be deemed to have filed a proof of claim in their pro rata share of the amount set forth in the master proof of claim without the necessity of filing separate claims; **provided**, **however**, that, to the extent any holder of the Bank/Bond Debt wishes to assert a claim arising out of or relating to the Bank/Bond Claim and unrelated to the repayment of principal, interest, and other applicable fees, charges or other claims under the Bank/Bond Debt instrument, then such claimant must file a Proof of Claim asserting such claim on or before the Bar Date.

10. Pursuant to this Court's order, dated July 9, 2009 [Docket No. 964], establishing mandatory alternative dispute resolution procedures for the resolution of any claim for liability against any of the Debtors for death or bodily injury, and any related damages, including but not limited to causes of action under tort, wrongful death, or negligence laws or theories, arising from or related to events occurring prior to the Commencement Date, any

personal injury claimant must also file a Proof of Claim in the applicable Debtor's chapter 11 case in accordance with the procedures described herein.

11.      The proposed notice of Bar Date, attached hereto as <u>Exhibit 1</u> (the "**Bar Date Notice**"), and the proposed form Proof of Claim, attached hereto as <u>Exhibit 2</u> (the "**Proof of Claim Form**"), are hereby approved.

12.      The following Notice Procedures are hereby approved:

(a)      Notice of the Bar Date shall be deemed adequate if at least thirty-five (35) days prior to the Bar Date, the Debtors cause to be served via first-class mail (i) a Bar Date Notice, substantially in the form attached hereto as <u>Exhibit 1</u> and (ii) a Proof of Claim Form, substantially in the form attached hereto as <u>Exhibit 2</u>, on the following parties:

1.      the United States Trustee for the Southern District of New York (the "**U.S. Trustee**");

2.      attorneys for the official committee of unsecured creditors (the "**Creditors' Committee**");

3.      all known holders of claims listed on the Schedules at the addresses stated therein;

4.      all parties known to the Debtors as having potential claims against the Debtors' estates;

5.      all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

6.      all parties to litigation with the Debtors;

7.      in accordance with Bankruptcy Rule 2002(j), the Internal Revenue Service, the United States Attorney's Office for the Southern District of New York, and all applicable government entities; and

8.      all parties who have requested notice pursuant to Bankruptcy Rule 2002 (together with 1-7, the "**Notice Parties**").

(b)      At least **twenty-five (25) days** prior the Bar Date, the Debtors shall publish the Bar Date Notice, with any necessary modifications for ease of publication, once in the Wall Street Journal (National Edition), and the Chicago Tribune.

      (c)      The Debtors shall also post the Proof of Claim Form and Bar Date Notice on the Claims Agent's website at www.kccllc.net/GeneralGrowth.

13.      The Debtors and the Claims Agent are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

14.      Nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules.

15.      Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of claims **not** subject to the Bar Date established herein must file such claims against the Debtors or be barred from doing so.

16.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2009
      New York, New York

                           _____
                           THE HONORABLE ALLAN L. GROPPER
                           UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**Proposed Bar Date Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
:
In re                         :          **Chapter 11 Case No.**
:
**GENERAL GROWTH**       :          **09-11977 (ALG)**
**PROPERTIES, INC., et al.,**[1]   :
:          **(Jointly Administered)**
**Debtors.**        :
-------------------------------------------------------------x

<u>**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM**</u>

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST
ANY OF THE DEBTORS LISTED HEREIN:

       **PLEASE TAKE NOTICE THAT**, on _____, 2009, the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), having jurisdiction over the chapter 11 cases of General Growth Properties, Inc. ("**GGP**"), and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), entered an order (the "**Bar Date Order**")[2] establishing **November 10, 2009, at 5:00 p.m. (Prevailing Pacific Time)** as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units (as defined in section 101(27) of the Bankruptcy Code)) to file a proof of claim ("**Proof of Claim**") based on prepetition claims against the Debtors (the "**Bar Date**").

       The Bar Date Order, the Bar Date, and the procedures set forth below for the filing of Proofs of Claim apply to all claims (other than those set forth below as being specifically excluded) against the Debtors that arose prior to **April 16, 2009**, for those Debtors that commenced their case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") on that date, or **April 23, 2009**, for those Debtors that commenced their case under the Bankruptcy Code on that date.  A list of all Debtors, the date on which they were filed, their case numbers, and the their federal tax ID numbers is attached hereto.

       **A CLAIMANT SHOULD CONSULT THEIR OWN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

**1.**      **WHO MUST FILE A PROOF OF CLAIM**

       You **MUST** file a **Proof of Claim** to vote on a chapter 11 plan filed by the Debtors or to share in the Debtors' estate if you have a claim that arose prior to **April 16, 2009 or April 23, 2009**, as appropriate with respect to the date on which the particular Debtor commenced their case under the Bankruptcy Code (the "**Commencement Date**"), and it is not one of the other types of claims described in Section 2 below.  Acts or omissions of the Debtors that arose before the Commencement Date may give rise to claims against the Debtors that must be filed by the Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated or certain prior to the Commencement Date.

---

[1]     A list of all Debtors, the date on which they were filed, their case numbers, and the their federal tax ID numbers is attached hereto.

[2]     The Bar Date Order is filed with the Court at Docket No. ____ and is available online at www.nysb.uscourts.gov (a PACER login and password are required and can be obtained at www.pacer.psc.uscourts.gov) and is also available for free at http://www.kccllc.net/GeneralGrowth.

Pursuant to section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

Consistent with section 501(a) of the Bankruptcy Code, the indenture trustee under that certain indenture dated February 24, 1995, pursuant to which The Rouse Company, LP ("**TRCLP**") issued five series of public bonds (collectively, the "**1995 Rouse Bonds**"), and the indenture trustee under that certain indenture dated May 5, 2006, pursuant to which TRCLP and TRC Co-Issuer, Inc., issued one series of bonds in a private placement (the "**2006 Rouse Bonds**"), shall each file a single master proof of claim on behalf of all holders of the 1995 Rouse Bonds and the 2006 Rouse Bonds, respectively, against the applicable Debtor.

The indenture trustee under that certain indenture dated April 16, 2007, pursuant to which GGP Limited Partnership ("**GGP LP**") issued the 3.98% Exchangeable Senior Notes pursuant to Rule 144A of the Securities Act of 1933 (the "**GGP LP Notes**") shall file a single master proof of claim on behalf of all holders of the GGP LP Notes against the applicable Debtor.

The indenture trustee under that certain Junior Subordinated Indenture, dated February 24, 2006, pursuant to which GGP Capital Trust I holds junior subordinated notes issued by GGP LP, and issued trust preferred securities held by outside investors, shall file a single master proof of claim with respect to the junior subordinated notes (the "**TRUPS Notes**") against the applicable Debtor. (Hereinafter, the indenture trustees for the 1995 Rouse Bonds, 2006 Rouse Bonds, GGP LP Notes, and TRUPS Notes shall be referred to collectively as the "**Trustees**.")

Any administrative agent and, for commercial mortgage backed securities ("**CMBS**") loans, the special servicer and noticing agent (the "**CMBS Special Servicer**"), for the Debtors' prepetition secured loans (the "**Project Level Debt**") may file a single master proof of claim against the applicable Debtor on behalf of all parties holding a direct interest in the applicable Project Level Debt (collectively, the "**Holders**" and individually, a "**Holder**") for the repayment of principal, interest and/or other applicable fees and charges and any other amounts owed under the prepetition loan documents related to the Project Level Debt under which it serves as administrative agent or CMBS Special Servicer, and shall include in the master proof of claim a schedule identifying any underlying notes and/or trusts and listing the amounts owed thereunder. Nothing in this paragraph is intended to alter existing contractual relationships between CMBS Special Servicers and/or the Holders.

Any Trustee, administrative agent or CMBS Special Servicer filing a master proof of claim with respect to the 1995 Rouse Bonds, 2006 Rouse Bonds, GGP LP Notes, TRUPS Notes or Project Level Debt (collectively, the "**Bank/Bond Claims**") need only file such proof of claim against the Debtor(s) acting as the primary obligor on the underlying debt obligation and such proof of claim shall be deemed to have been filed against any Debtors identified in such proof of claim as guarantors or otherwise secondary obligors; **provided**, **however**, that the proof of claim specifically identifies the applicable Debtors with guaranty or other secondary obligations, lists their respective case numbers, and specifies the basis for the guaranty or other secondary obligations under the applicable Bank/Bond Claim instruments.

Upon the filing of any master proofs of claim with respect to the Bank/Bond Claims, each beneficial holder of the Bank/Bond Claims shall be deemed to have filed a proof of claim in their pro rata share of the amount set forth in the master proof of claim without the necessity of filing separate claims; **provided**, **however**, that, to the extent any holder of the Bank/Bond Debt wishes to assert a claim arising out of or relating to the Bank/Bond Claim and unrelated to the repayment of principal, interest, and other applicable fees, charges or other claims under the Bank/Bond Debt instrument, then such claimant must file a Proof of Claim asserting such claim on or before the Bar Date.

Pursuant to this Court's order, dated July 9, 2009 (the "**ADR Order**"), establishing mandatory alternative dispute resolution procedures for the resolution of any claim for liability against any Debtor for death or bodily injury, and any related damages, including but not limited to causes of action under tort, wrongful death, or negligence laws or theories, arising from or related to events occurring prior to the Commencement Date, any personal injury claimant must also file a Proof of Claim in the applicable Debtor's chapter 11 case by the Bar Date.

**2.     WHO NEED <u>NOT</u> FILE A PROOF OF CLAIM**

You need not file a Proof of Claim if:

(1)   Your claim is listed on the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "**Schedules**") and (i) is **not** described as "disputed," "contingent," or "unliquidated," (ii) you do **not** dispute the amount, nature or priority of the claim set forth in the Schedules, and (iii) you do **not** dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(2)   You hold an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that parties holding such ownership interests who wish to assert claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies;

(3)   Your claim has been paid in full by the Debtors;

(4)   You hold a claim allowable as an administrative expense under sections 503(b) and 507(a)(2) of the Bankruptcy Code; **provided**, **however**, that any party asserting a claim pursuant to section 503(b)(9) must file a Proof of Claim on or before the Bar Date in accordance with the procedures described in the Bar Date Order and herein;

(5)   You hold a claim that has been allowed by an order of this Court entered on or before the Bar Date;

(6)   You hold a claim for which a separate deadline is fixed by this Court (whereupon you will be required to file a Proof of Claim by that separate deadline);

(7)   You hold a Bank/Bond Claim and the extent that the applicable trustee, administrative agent or CMBS Special Servicer timely filed a master proof of claim on behalf of all holders of such claims; **provided**, **however**, that, to the extent any holder of the Bank/Bond Debt wishes to assert a claim arising out of or relating to the Bank/Bond Claim and unrelated to the repayment of principal, interest, and other applicable fees, charges or other claims under the Bank/Bond Debt instrument, then such claimant must file a Proof of Claim asserting such claim on or before the Bar Date;

(8)   You are a Debtor in these cases having a claim against another Debtor;

(9)   You are a wholly owned subsidiary of any Debtor having a claim against a Debtor; or

(10)  You hold a claim for which you have already properly filed a Proof of Claim against the Debtors with the Clerk of the Court or the Claims Agent utilizing a claim form which substantially conforms to the Proof of Claim Form.

If your claim falls within any of the above categories, your rights as the holder of such claim will be preserved without you filing a Proof of Claim.  Any other person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust or Governmental Unit) must file a Proof of Claim, as described herein, before the Bar Date.

**THIS NOTICE IS BEING SENT TO MANY PERSONS OR ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTORS BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE DEBTORS.  THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

3.      **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Any person or entity holding a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the Bar Date, and (ii) the date that is fixed by the Court in the applicable order approving such rejection, or if no date is specified, thirty (30) days after such rejection, or be forever barred from doing so.

4.      **WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be **actually received** on or before the Bar Date at the following address:

| | |
|---|---|
| If by post or hand delivery to: | Or if delivered by hand: |
| General Growth Processing Center | United States Bankruptcy Court |
| c/o Kurtzman Carson Consultants LLC | Southern District of New York |
| 2335 Alaska Avenue | One Bowling Green, Room 534 |
| El Segundo, California  90245 | New York, New York  10004-1408 |

Proofs of Claim will be deemed timely filed only if **actually received** by the Kurtzman Carson Consultants (the "**Claims Agent**") or the Court on or before the Bar Date.  Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

5.      **WHAT TO FILE**

If you file a Proof of Claim, your filed Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States; (iii) conform substantially with the form attached hereto ("**Proof of Claim Form**"); (iv) state the Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

If you are asserting a claim against more than one Debtor, separate Proofs of Claim must be filed against each such Debtor and all holders of claims must identify on their Proof of Claim the specific Debtor against which their claim is asserted and the case number of that Debtor's bankruptcy case; **provided**, **however**, a Trustee, administrative agent or CMBS Special Servicer filing a master proof of claim for Bank/Bond Debt may file such claims as provided for in the Bar Date Order and herein.  A list of the names of the Debtors and their case numbers is attached hereto.

Additional Proof of Claim forms may be obtained for free at www.uscourts.gov/bkforms or the Claims Agent's website at www.kccllc.net/GeneralGrowth.

As the Official Form 10 does not include a separate designation for section 503(b)(9) claims, to the extent a claimant seeks to assert a claim under section 503(b)(9) of the Bankruptcy Code, in box 5 of the Proof of Claim Form, check the "Other" box and designate the claim as a claim under sections 507(a)(2) and 503(b)(9) of the Bankruptcy Code.

**YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED.  IF THE DOCUMENTS ARE VOLUMINOUS, YOU MUST ALSO ATTACH A SUMMARY.**

6.      **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

**Except with respect to claims of the type set forth in Section 2 above, any creditor who fails to file a Proof of Claim on or before the Bar Date in the appropriate form for any claim such creditor holds or wishes to assert against the Debtors, will be forever barred from asserting such claim against the Debtors and their**

**estates, and the holder of such claim shall not be permitted to vote on any chapter 11 plan or participate in any distribution in the Debtors' chapter 11 cases on account of such claim.**

7.      **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtors in the Schedules. If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the specified Debtor, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the Bar Date and in accordance with the procedures set forth in this notice.

Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the internet at www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov) and http://www.kccllc.net/GeneralGrowth. Copies of the Schedules may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Prevailing Eastern Time), Monday through Friday at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004. Copies of the Debtors' Schedules may also be obtained by written request to the Claims Agent at the address set forth below:

General Growth Processing Center
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, California 90245

**The General Growth Hotline may be contacted at 888-830-4665 if there are questions with respect to this Notice.  The General Growth Hotline is not permitted to provide legal advice.  A holder of a possible claim against the Debtors should consult their own attorney regarding any matters not covered by this notice, such as whether the holder should file a Proof of Claim.**

DATED:  _____, 2009                    **BY ORDER OF THE COURT**
        New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
Marcia L. Goldstein
Gary T. Holtzer
Adam P. Strochak

WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas  75201
Telephone:  (214) 746-7700
Facsimile:  (214) 746-7777
Stephen A. Youngman

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas  77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Sylvia A. Mayer

Attorneys for Debtors
and Debtors in Possession

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
James H.M. Sprayregen
Anup Sathy

Co-Attorneys for Certain Subsidiary
Debtors and Debtors in Possession

# List of Debtors

| Debtor | Case Number | Date Filed | Federal Tax I.D. No. |
|---|---|---|---|
| 10000 Covington Cross, LLC | 09-12324 (ALG) | April 16, 2009 | N/A |
| 10000 West Charleston Boulevard, LLC | 09-12040 (ALG) | April 16, 2009 | N/A |
| 10190 Covington Cross, LLC | 09-12041 (ALG) | April 16, 2009 | N/A |
| 1120/1140 Town Center Drive, LLC | 09-12042 (ALG) | April 16, 2009 | N/A |
| 1160/1180 Town Center Drive, LLC | 09-12043 (ALG) | April 16, 2009 | N/A |
| 1201-1281 Town Center Drive, LLC | 09-12044 (ALG) | April 16, 2009 | N/A |
| 1251 Center Crossing, LLC | 09-12045 (ALG) | April 16, 2009 | N/A |
| 1450 Center Crossing Drive, LLC | 09-12046 (ALG) | April 16, 2009 | N/A |
| 1451 Center Crossing Drive, LLC | 09-12047 (ALG) | April 16, 2009 | N/A |
| 1551 Hillshire Drive, LLC | 09-12048 (ALG) | April 16, 2009 | N/A |
| 1635 Village Centre Circle, LLC | 09-12049 (ALG) | April 16, 2009 | N/A |
| 1645 Village Center Circle, LLC | 09-12050 (ALG) | April 16, 2009 | N/A |
| 9901-9921 Covington Cross, LLC | 09-12051 (ALG) | April 16, 2009 | N/A |
| 9950-9980 Covington Cross, LLC | 09-12052 (ALG) | April 16, 2009 | N/A |
| Alameda Mall Associates | 09-11986 (ALG) | April 16, 2009 | N/A |
| Alameda Mall L.L.C. | 09-12053 (ALG) | April 16, 2009 | N/A |
| Apache Mall, LLC | 09-12054 (ALG) | April 16, 2009 | N/A |
| Arizona Center Parking, LLC | 09-12055 (ALG) | April 16, 2009 | N/A |
| Augusta Mall Anchor Acquisition, LLC | 09-12056- (ALG) | April 16, 2009 | N/A |
| Augusta Mall Anchor Holding, LLC | 09-12057 (ALG) | April 16, 2009 | N/A |
| Augusta Mall Holding, LLC | 09-12058 (ALG) | April 16, 2009 | N/A |
| Augusta Mall, LLC | 09-12024 (ALG) | April 16, 2009 | N/A |
| Austin Mall Limited Partnership | 09-12059 (ALG) | April 16, 2009 | N/A |
| Austin Mall, LLC | 09-12060 (ALG) | April 16, 2009 | N/A |
| Bakersfield Mall LLC | 09- 12062 (ALG) | April 16, 2009 | 36-4243084 |
| Bakersfield Mall, Inc. | 09-12061 (ALG) | April 16, 2009 | N/A |
| Baltimore Center Associates Limited Partnership | 09-12006 (ALG) | April 16, 2009 | 52-1355598 |
| Baltimore Center Garage Limited Partnership | 09-12007 (ALG) | April 16, 2009 | 52-1366087 |
| Baltimore Center, LLC | 09-12063 (ALG) | April 16, 2009 | N/A |
| Bay City Mall Associates L.L.C. | 09-12064 (ALG) | April 16, 2009 | N/A |

| Debtor | Case Number | Date Filed | Federal Tax I.D. No. |
|---|---|---|---|
| Bay Shore Mall II L.L.C. | 09-12065 (ALG) | April 16, 2009 | 36-4369502 |
| Bay Shore Mall Partners | 09-11987 (ALG) | April 16, 2009 | 42-1425255 |
| Bay Shore Mall, Inc. | 09-12066 (ALG) | April 16, 2009 | N/A |
| Beachwood Place Holding, LLC | 09-12067 (ALG) | April 16, 2009 | N/A |
| Beachwood Place Mall, LLC | 09-12068 (ALG) | April 16, 2009 | N/A |
| Bellis Fair Partners | 09-11968 (ALG) | April 16, 2009 | 42-1425992 |
| Benson Park Business Trust | 09-12069 (ALG) | April 16, 2009 | N/A |
| Birchwood Mall, LLC | 09-12070 (ALG) | April 16, 2009 | N/A |
| Boise Mall, LLC | 09-12071 (ALG) | April 16, 2009 | N/A |
| Boise Town Square Anchor Acquisition, LLC | 09-12072 (ALG) | April 16, 2009 | N/A |
| Boise Towne Plaza L.L.C. | 09-12073 (ALG) | April 16, 2009 | N/A |
| Boulevard Associates | 09-12074 (ALG) | April 16, 2009 | 88-0147916 |
| Boulevard Mall I LLC | 09-12076- (ALG) | April 16, 2009 | 36-4243079 |
| Boulevard Mall II LLC | 09-12077 (ALG) | April 16, 2009 | 36-4243080 |
| Boulevard Mall, Inc. | 09-12075 (ALG) | April 16, 2009 | N/A |
| BTS Properties L.L.C. | 09-12078- (ALG) | April 16, 2009 | N/A |
| Cache Valley, LLC | 09-12079 (ALG) | April 16, 2009 | N/A |
| Caledonian Holding Company, Inc. | 09-11981 (ALG) | April 16, 2009 | N/A |
| Century Plaza L.L.C. | 09-12008 (ALG) | April 16, 2009 | 36-4139142 |
| Century Plaza, Inc. | 09-12080 (ALG) | April 16, 2009 | N/A |
| Champaign Market Place L.L.C. | 09-12081 (ALG) | April 16, 2009 | N/A |
| Chapel Hills Mall L.L.C. | 09-12082 (ALG) | April 16, 2009 | N/A |
| Chattanooga Mall, Inc. | 09-12083 (ALG) | April 16, 2009 | N/A |
| Chico Mall L.L.C. | 09-12084 (ALG) | April 16, 2009 | N/A |
| Chico Mall, L.P. | 09-11988 (ALG) | April 16, 2009 | N/A |
| Chula Vista Center, LLC | 09-12085 (ALG) | April 16, 2009 | N/A |
| Collin Creek Anchor Acquisition, LLC | 09-12086 (ALG) | April 16, 2009 | N/A |
| Collin Creek Mall, LLC | 09-12087 (ALG) | April 16, 2009 | N/A |
| Colony Square Mall L.L.C. | 09-12088 (ALG) | April 16, 2009 | N/A |
| Columbia Mall L.L.C. | 09-12089 (ALG) | April 16, 2009 | N/A |
| Coronado Center Holding L.L.C. | 09-12091 (ALG) | April 16, 2009 | N/A |

| Debtor | Case Number | Date Filed | Federal Tax I.D. No. |
|---|---|---|---|
| Coronado Center L.L.C. | 09-12090 (ALG) | April 16, 2009 | N/A |
| Cottonwood Mall, LLC | 09-12092 (ALG) | April 16, 2009 | N/A |
| Country Hills Plaza, LLC | 09-12093 (ALG) | April 16, 2009 | N/A |
| Deerbrook Mall, LLC | 09-12094 (ALG) | April 16, 2009 | N/A |
| DK Burlington Town Center LLC | 09-12095 (ALG) | April 16, 2009 | N/A |
| Eagle Ridge Mall, Inc. | 09-12096 (ALG) | April 16, 2009 | N/A |
| Eagle Ridge Mall, L.P. | 09-12097 (ALG) | April 16, 2009 | 42-1421211 |
| Eastridge Shopping Center L.L.C. | 09-12098 (ALG) | April 16, 2009 | N/A |
| Eden Prairie Anchor Building L.L.C. | 09-12099 (ALG) | April 16, 2009 | N/A |
| Eden Prairie Mall L.L.C. | 09-12101 (ALG) | April 16, 2009 | 36-4121182 |
| Eden Prairie Mall, Inc. | 09-12100 (ALG) | April 16, 2009 | N/A |
| Elk Grove Town Center L.L.C. | 09-12102 (ALG) | April 16, 2009 | N/A |
| Elk Grove Town Center, L.P. | 09-12005 (ALG) | April 16, 2009 | N/A |
| ER Land Acquisition L.L.C. | 09-12103 (ALG) | April 16, 2009 | N/A |
| Fallbrook Square Partners L.L.C. | 09-12105 (ALG) | April 16, 2009 | N/A |
| Fallbrook Square Partners Limited Partnership | 09-12104 (ALG) | April 16, 2009 | N/A |
| Fallen Timbers Shops II, LLC | 09-12107 (ALG) | April 16, 2009 | N/A |
| Fallen Timbers Shops, LLC | 09-12106 (ALG) | April 16, 2009 | N/A |
| Faneuil Hall Marketplace, LLC | 09-12108 (ALG) | April 16, 2009 | N/A |
| Fashion Place Anchor Acquisition, LLC | 09-12110 (ALG) | April 16, 2009 | N/A |
| Fashion Place, LLC | 09-12109 (ALG) | April 16, 2009 | N/A |
| Fashion Show Mall LLC | 09-12026 (ALG) | April 16, 2009 | N/A |
| Fifty Columbia Corporate Center, LLC | 09-12111 (ALG) | April 16, 2009 | N/A |
| Forty Columbia Corporate Center, LLC | 09-12112 (ALG) | April 16, 2009 | N/A |
| Fox River Shopping Center, LLC | 09-12113 (ALG) | April 16, 2009 | N/A |
| Franklin Park Mall Company, LLC | 09-12115 (ALG) | April 16, 2009 | N/A |
| Franklin Park Mall, LLC | 09-12114 (ALG) | April 16, 2009 | 51-0341736 |
| Gateway Crossing L.L.C. | 09-12116 (ALG) | April 16, 2009 | N/A |
| Gateway Overlook Business Trust | 09-12117 (ALG) | April 16, 2009 | N/A |
| Gateway Overlook II Business Trust | 09-12118 (ALG) | April 16, 2009 | N/A |

| Debtor | Case Number | Date Filed | Federal Tax I.D. No. |
|---|---|---|---|
| General Growth Properties, Inc. | 09-11977 (ALG) | April 16, 2009 | 42-1283895 |
| GGP Acquisition, L.L.C. | 09-12119 (ALG) | April 16, 2009 | N/A |
| GGP Ala Moana Holdings L.L.C. | 09-12120 (ALG) | April 16, 2009 | N/A |
| GGP Ala Moana L.L.C. | 09-12027 (ALG) | April 16, 2009 | N/A |
| GGP American Holdings Inc. | 09-12121 (ALG) | April 16, 2009 | N/A |
| GGP American Properties Inc. | 09-11980 (ALG) | April 16, 2009 | N/A |
| GGP General II, Inc. | 09-12122 (ALG) | April 16, 2009 | N/A |
| GGP Holding II, Inc. | 09-12123 (ALG) | April 16, 2009 | 30-0257493 |
| GGP Holding Services, Inc. | 09-12124 (ALG) | April 16, 2009 | 14-1870219 |
| GGP Holding, Inc. | 09-12035- (ALG) | April 16, 2009 | 36-4230211 |
| GGP Ivanhoe II, Inc. | 09-12125 (ALG) | April 16, 2009 | N/A |
| GGP Ivanhoe IV Services, Inc. | 09-12126 (ALG) | April 16, 2009 | 30-0206959 |
| GGP Jordan Creek L.L.C. | 09-12028 (ALG) | April 16, 2009 | N/A |
| GGP Kapiolani Development L.L.C. | 09-12127 (ALG) | April 16, 2009 | N/A |
| GGP Knollwood Mall, LP | 09-12128 (ALG) | April 16, 2009 | 20-3571685 |
| GGP Limited Partnership | 09-11978 (ALG) | April 16, 2009 | 41-1746121 |
| GGP Natick Residence LLC | 09-12129 (ALG) | April 16, 2009 | N/A |
| GGP Savannah L.L.C. | 09-12130 (ALG) | April 16, 2009 | N/A |
| GGP Village at Jordan Creek L.L.C. | 09-12029 (ALG) | April 16, 2009 | N/A |
| GGP/Homart Services, Inc. | 09-12132 (ALG) | April 16, 2009 | 36-4422467 |
| GGP/Homart, Inc. | 09-12131 (ALG) | April 16, 2009 | 36-4032784 |
| GGP-Bay City One, Inc. | 09-12133 (ALG) | April 16, 2009 | N/A |
| GGP-Brass Mill, Inc. | 09-12134 (ALG) | April 16, 2009 | N/A |
| GGP-Burlington L.L.C. | 09-12135 (ALG) | April 16, 2009 | 68-0572109 |
| GGP-Canal Shoppes L.L.C. | 09-12136 (ALG) | April 16, 2009 | N/A |
| GGP-Foothills L.L.C. | 09-12137 (ALG) | April 16, 2009 | N/A |
| GGP-Four Seasons L.L.C. | 09-12030 (ALG) | April 16, 2009 | N/A |
| GGP-Glenbrook Holding L.L.C. | 09-12139 (ALG) | April 16, 2009 | N/A |
| GGP-Glenbrook L.L.C. | 09-12138 (ALG) | April 16, 2009 | N/A |
| GGP-Grandville II L.L.C. | 09-11972 (ALG) | April 16, 2009 | N/A |
| GGP-Grandville L.L.C. | 09-11971 (ALG) | April 16, 2009 | 36-4106334 |
| GGP-Grandville Land L.L.C. | 09-12140 (ALG) | April 16, 2009 | 36-4451990 |

| Debtor | Case Number | Date Filed | Federal Tax I.D. No. |
|---|---|---|---|
| GGP-La Place, Inc. | 09-12141 (ALG) | April 16, 2009 | N/A |
| GGP-Lakeview Square, Inc. | 09-12142 (ALG) | April 16, 2009 | N/A |
| GGP-Lansing Mall, Inc. | 09-12143 (ALG) | April 16, 2009 | N/A |
| GGPLP L.L.C. | 09-11982 (ALG) | April 16, 2009 | 36-4369491 |
| GGP-Maine Mall Holding L.L.C. | 09-12145 (ALG) | April 16, 2009 | N/A |
| GGP-Maine Mall L.L.C. | 09-12144 (ALG) | April 16, 2009 | N/A |
| GGP-Maine Mall Land L.L.C. | 09-12146 (ALG) | April 16, 2009 | N/A |
| GGP-Mall of Louisiana, L.P. | 09-12018 (ALG) | April 16, 2009 | 30-0247204 |
| GGP-Mint Hill L.L.C. | 09-11969 (ALG) | April 16, 2009 | N/A |
| GGP-Moreno Valley, Inc. | 09-12147 (ALG) | April 16, 2009 | N/A |
| GGP-Newgate Mall, LLC | 09-12148 (ALG) | April 16, 2009 | N/A |
| GGP-NewPark L.L.C. | 09-12004 (ALG) | April 16, 2009 | N/A |
| GGP-NewPark, Inc. | 09-12149 (ALG) | April 16, 2009 | N/A |
| GGP-North Point Land L.L.C. | 09-12016 (ALG) | April 16, 2009 | N/A |
| GGP-North Point, Inc. | 09-12150 (ALG) | April 16, 2009 | N/A |
| GGP-Pecanland II, L.P. | 09-11991 (ALG) | April 16, 2009 | 33-1020891 |
| GGP-Pecanland, Inc. | 09-12151 (ALG) | April 16, 2009 | N/A |
| GGP-Pecanland, L.P. | 09-11990 (ALG) | April 16, 2009 | 33-1020863 |
| GGP-Redlands Mall L.L.C. | 09-12152 (ALG) | April 16, 2009 | N/A |
| GGP-Redlands Mall, L.P. | 09-11973 (ALG) | April 16, 2009 | N/A |
| GGP-South Shore Partners, Inc. | 09-12153 (ALG) | April 16, 2009 | N/A |
| GGP-Steeplegate, Inc. | 09-12154 (ALG) | April 16, 2009 | N/A |
| GGP-Tucson Land L.L.C. | 09-11975 (ALG) | April 16, 2009 | N/A |
| GGP-Tucson Mall L.L.C. | 09-12155 (ALG) | April 16, 2009 | N/A |
| GGP-UC L.L.C. | 09-12156 (ALG) | April 16, 2009 | N/A |
| Grand Canal Shops II, LLC | 09-12157 (ALG) | April 16, 2009 | N/A |
| Grandville Mall II, Inc. | 09-12158 (ALG) | April 16, 2009 | N/A |
| Grandville Mall, Inc. | 09-12159 (ALG) | April 16, 2009 | N/A |
| Greengate Mall, Inc. | 09-12160 (ALG) | April 16, 2009 | 52-0808940 |
| Greenwood Mall Land, LLC | 09-12161 (ALG) | April 16, 2009 | N/A |
| Harbor Place Associates Limited Partnership | 09-12009 (ALG) | April 16, 2009 | 52-1138763 |
| Harborplace Borrower, LLC | 09-12162 (ALG) | April 16, 2009 | N/A |
| HHP Government Services, Limited Partnership | 09-11996 (ALG) | April 16, 2009 | 88-0275387 |
| Hickory Ridge Village Center, Inc. | 09-12163 (ALG) | April 16, 2009 | N/A |
| HMF Properties, LLC | 09-12164 (ALG) | April 16, 2009 | N/A |
| Ho Retail Properties I Limited Partnership | 09-11997 (ALG) | April 16, 2009 | 36-4066769 |
| Ho Retail Properties II Limited Partnership | 09-12165 (ALG) | April 16, 2009 | N/A |
| Hocker Oxmoor Partners, LLC | 09-12167 (ALG) | April 16, 2009 | N/A |
| Hocker Oxmoor, LLC | 09-12166 (ALG) | April 16, 2009 | N/A |
| Howard Hughes Canyon Pointe Q4, LLC | 09-12168 (ALG) | April 16, 2009 | N/A |
| Howard Hughes Properties IV, LLC | 09-12172 (ALG) | April 16, 2009 | N/A |
| Howard Hughes Properties V, LLC | 09-12173 (ALG) | April 16, 2009 | N/A |
| Howard Hughes Properties, Inc. | 09-12170 (ALG) | April 16, 2009 | 52-2068603 |
| Howard Hughes Properties, Limited Partnership | 09-12171 (ALG) | April 16, 2009 | 88-0193933 |
| HRD Parking, Inc. | 09-12174 (ALG) | April 16, 2009 | N/A |
| HRD Remainder, Inc. | 09-12175 (ALG) | April 16, 2009 | N/A |
| Hulen Mall, LLC | 09-12176 (ALG) | April 16, 2009 | N/A |
| Kapiolani Condominium Development, LLC | 09-12178 (ALG) | April 16, 2009 | N/A |
| Kapiolani Retail, LLC | 09-12179 (ALG) | April 16, 2009 | N/A |
| Knollwood Mall, Inc. | 09-12180 (ALG) | April 16, 2009 | N/A |
| La Place Shopping, L.P. | 09-11974 (ALG) | April 16, 2009 | N/A |
| Lakeside Mall Holding, LLC | 09-12181 (ALG) | April 16, 2009 | 38-3147441 |
| Lakeside Mall Property LLC | 09-12182 (ALG) | April 16, 2009 | N/A |
| Lakeview Square Limited Partnership | 09-12183 (ALG) | April 16, 2009 | 36-4118376 |
| Land Trust No. 89433 | 09-12184 (ALG) | April 16, 2009 | N/A |
| Land Trust No. 89434 | 09-12185 (ALG) | April 16, 2009 | N/A |
| Land Trust No. FHB-TRES 200601 | 09-12186 (ALG) | April 16, 2009 | N/A |
| Land Trust No. FHB-TRES 200602 | 09-12187 (ALG) | April 16, 2009 | N/A |
| Landmark Mall L.L.C. | 09-12188 (ALG) | April 16, 2009 | N/A |
| Lansing Mall Limited Partnership | 09-11989 (ALG) | April 16, 2009 | 36-4118373 |

| Debtor | Case Number | Date Filed | Federal Tax I.D. No. |
|---|---|---|---|
| Lincolnshire Commons, LLC | 09-12031 (ALG) | April 16, 2009 | N/A |
| Lockport L.L.C. | 09-11966 (ALG) | April 16, 2009 | 42-1425991 |
| Lynnhaven Holding L.L.C. | 09-12189 (ALG) | April 16, 2009 | N/A |
| Lynnhaven Mall L.L.C. | 09-12190 (ALG) | April 16, 2009 | N/A |
| Majestic Partners-Provo, LLC | 09-12017 (ALG) | April 16, 2009 | N/A |
| Mall of Louisiana Holding, Inc. | 09-12191 (ALG) | April 16, 2009 | N/A |
| Mall of Louisiana Land Holding, LLC | 09-12193 (ALG) | April 16, 2009 | N/A |
| Mall of Louisiana Land, LP | 09-12192 (ALG) | April 16, 2009 | N/A |
| Mall of the Bluffs, LLC | 09-12194 (ALG) | April 16, 2009 | N/A |
| Mall St. Matthews Company, LLC | 09-12195 (ALG) | April 16, 2009 | N/A |
| Mall St. Vincent, Inc. | 09-12196 (ALG) | April 16, 2009 | N/A |
| Mall St. Vincent, L.P. | 09-12197 (ALG) | April 16, 2009 | 36-4246370 |
| Mayfair Mall, LLC | 09-12198 (ALG) | April 16, 2009 | N/A |
| MSAB Holdings L.L.C. | 09-12200 (ALG) | April 16, 2009 | 36-4387198 |
| MSAB Holdings, Inc. | 09-12199 (ALG) | April 16, 2009 | N/A |
| MSM Property L.L.C. | 09-12201 (ALG) | April 16, 2009 | 20-2502929 |
| Natick Retail, LLC | 09-12202 (ALG) | April 16, 2009 | N/A |
| New Orleans Riverwalk Associates | 09-11998 (ALG) | April 16, 2009 | 52-1490856 |
| New Orleans Riverwalk Limited Partnership | 09-11999 (ALG) | April 16, 2009 | 52-1381645 |
| Newgate Mall Land Acquisition, LLC | 09-12203 (ALG) | April 16, 2009 | N/A |
| NewPark Anchor Acquisition, LLC | 09-12019 (ALG) | April 16, 2009 | N/A |
| NewPark Mall L.L.C. | 09-12204 (ALG) | April 16, 2009 | N/A |
| North Plains Mall, LLC | 09-12205 (ALG) | April 16, 2009 | N/A |
| North Star Anchor Acquisition, LLC | 09-12206 (ALG) | April 16, 2009 | N/A |
| North Star Mall, LLC | 09-12207 (ALG) | April 16, 2009 | N/A |
| North Town Mall, LLC | 09-12208 (ALG) | April 16, 2009 | N/A |
| Northgate Mall L.L.C. | 09-12209 (ALG) | April 16, 2009 | N/A |
| NSMJV, LLC | 09-12210 (ALG) | April 16, 2009 | 52-1039431 |
| Oakwood Hills Mall, LLC | 09-12211 (ALG) | April 16, 2009 | N/A |
| Oakwood Shopping Center Limited Partnership | 09-11985 (ALG) | April 16, 2009 | 52-1519385 |
| Oglethorpe Mall L.L.C. | 09-12212 (ALG) | April 16, 2009 | N/A |
| Oklahoma Mall L.L.C. | 09-12213 (ALG) | April 16, 2009 | 36-4118382 |
| OM Borrower, LLC | 09-12214 (ALG) | April 16, 2009 | N/A |
| One Willow Company, LLC | 09-12215 (ALG) | April 16, 2009 | N/A |
| Orem Plaza Center Street, LLC | 09-12216 (ALG) | April 16, 2009 | N/A |
| Owings Mills Limited Partnership | 09-12217 (ALG) | April 16, 2009 | N/A |
| Park Mall L.L.C. | 09-12219 (ALG) | April 16, 2009 | 36-4268169 |
| Park Mall, Inc. | 09-12218 (ALG) | April 16, 2009 | N/A |
| Park Square Limited Partnership | 09-12022 (ALG) | April 16, 2009 | N/A |
| Parke West, LLC | 09-12003 (ALG) | April 16, 2009 | N/A |
| Parkside Limited Partnership | 09-12021 (ALG) | April 16, 2009 | N/A |
| Parkview Office Building Limited Partnership | 09-12020 (ALG) | April 16, 2009 | N/A |
| PDC Community Centers L.L.C. | 09-12220 (ALG) | April 16, 2009 | N/A |
| PDC-Eastridge Mall L.L.C. | 09-12221 (ALG) | April 16, 2009 | N/A |
| PDC-Red Cliffs Mall L.L.C. | 09-12222 (ALG) | April 16, 2009 | N/A |
| Peachtree Mall L.L.C. | 09-12223 (ALG) | April 16, 2009 | N/A |
| Pecanland Anchor Acquisition, LLC | 09-12224 (ALG) | April 16, 2009 | N/A |
| Phase II Mall Subsidiary, LLC | 09-12032 (ALG) | April 16, 2009 | N/A |
| Piedmont Mall, LLC | 09-12225 (ALG) | April 16, 2009 | N/A |
| Pierre Bossier Mall, LLC | 09-12226 (ALG) | April 16, 2009 | N/A |
| Pine Ridge Mall L.L.C. | 09-12227 (ALG) | April 16, 2009 | N/A |
| Pines Mall Partners | 09-11970 (ALG) | April 16, 2009 | 42-1422185 |
| Pioneer Office Limited Partnership | 09-12228 (ALG) | April 16, 2009 | 52-1534181 |
| Pioneer Place Limited Partnership | 09-12229 (ALG) | April 16, 2009 | 52-1534180 |
| Price Development Company, Limited Partnership | 09-12010 (ALG) | April 16, 2009 | N/A |
| Price Development TRS, Inc. | 09-12230 (ALG) | April 16, 2009 | 26-0518038 |
| Price Financing Partnership, L.P. | 09-11994 (ALG) | April 16, 2009 | N/A |
| Price GP L.L.C. | 09-11995 (ALG) | April 16, 2009 | N/A |
| Price-ASG L.L.C. | 09-12231 (ALG) | April 16, 2009 | N/A |
| Prince Kuhio Plaza, Inc. | 09-12232 (ALG) | April 16, 2009 | N/A |
| Providence Place Holdings, LLC | 09-12233 (ALG) | April 16, 2009 | N/A |

| Debtor | Case Number | Date Filed | Federal Tax I.D. No. |
|---|---|---|---|
| RASCAP Realty, Ltd. | 09-11967 (ALG) | April 16, 2009 | N/A |
| Redlands Land Acquisition Company L.L.C. | 09-12234 (ALG) | April 16, 2009 | N/A |
| Redlands Land Acquisition Company L.P. | 09-12235 (ALG) | April 16, 2009 | N/A |
| Redlands Land Holding L.L.C. | 09-12236 (ALG) | April 16, 2009 | N/A |
| Ridgedale Center, LLC | 09-12237 (ALG) | April 16, 2009 | N/A |
| Rio West L.L.C. | 09-12238 (ALG) | April 16, 2009 | N/A |
| River Falls Mall, LLC | 09-12239 (ALG) | April 16, 2009 | N/A |
| River Hills Land, LLC | 09-12240 (ALG) | April 16, 2009 | N/A |
| River Hills Mall, LLC | 09-12241 (ALG) | April 16, 2009 | N/A |
| Rogue Valley Mall Holding L.L.C. | 09-12243 (ALG) | April 16, 2009 | N/A |
| Rogue Valley Mall L.L.C. | 09-12242 (ALG) | April 16, 2009 | N/A |
| Rouse F.S., LLC | 09-12250 (ALG) | April 16, 2009 | 52-2109886 |
| Rouse LLC | 09-11979 (ALG) | April 16, 2009 | N/A |
| Rouse Office Management of Arizona, LLC | 09-12251 (ALG) | April 16, 2009 | N/A |
| Rouse Providence LLC | 09-12252 (ALG) | April 16, 2009 | N/A |
| Rouse Ridgedale Holding, LLC | 09-12254 (ALG) | April 16, 2009 | N/A |
| Rouse Ridgedale, LLC | 09-12253 (ALG) | April 16, 2009 | N/A |
| Rouse SI Shopping Center, LLC | 09-12023 (ALG) | April 16, 2009 | N/A |
| Rouse Southland, LLC | 09-12255 (ALG) | April 16, 2009 | N/A |
| Rouse-Arizona Center, LLC | 09-12256 (ALG) | April 16, 2009 | N/A |
| Rouse-Arizona Retail Center Limited Partnership | 09-12012 (ALG) | April 16, 2009 | 52-1644885 |
| Rouse-Fairwood Development Corporation | 09-12257 (ALG) | April 16, 2009 | 52-2069217 |
| Rouse-New Orleans, LLC | 09-12258 (ALG) | April 16, 2009 | N/A |
| Rouse-Oakwood Shopping Center, LLC | 09-12259 (ALG) | April 16, 2009 | N/A |
| Rouse-Orlando, LLC | 09-12260 (ALG) | April 16, 2009 | N/A |
| Rouse-Phoenix Cinema, LLC | 09-12261 (ALG) | April 16, 2009 | N/A |
| Rouse-Phoenix Corporate Center Limited Partnership | 09-12262 (ALG) | April 16, 2009 | N/A |
| Rouse-Phoenix Development Company, LLC | 09-12263 (ALG) | April 16, 2009 | N/A |

| Debtor | Case Number | Date Filed | Federal Tax I.D. No. |
|---|---|---|---|
| Rouse-Phoenix Master Limited Partnership | 09-12013 (ALG) | April 16, 2009 | 52-1535092 |
| Rouse-Phoenix Theatre Limited Partnership | 09-12011 (ALG) | April 16, 2009 | N/A |
| Rouse-Portland, LLC | 09-12264 (ALG) | April 16, 2009 | N/A |
| RS Properties Inc. | 09-12265 (ALG) | April 16, 2009 | N/A |
| Saint Louis Galleria Anchor Acquisition, LLC | 09-12267 (ALG) | April 16, 2009 | N/A |
| Saint Louis Galleria Holding L.L.C. | 09-12268 (ALG) | April 16, 2009 | N/A |
| Saint Louis Galleria L.L.C. | 09-12266 (ALG) | April 16, 2009 | N/A |
| Saint Louis Land L.L.C. | 09-12014 (ALG) | April 16, 2009 | N/A |
| Seaport Marketplace Theatre, LLC | 09-11965 (ALG) | April 16, 2009 | N/A |
| Seaport Marketplace, LLC | 09-11964 (ALG) | April 16, 2009 | N/A |
| Sierra Vista Mall, LLC | 09-12269 (ALG) | April 16, 2009 | N/A |
| Sikes Senter, LLC | 09-12270 (ALG) | April 16, 2009 | N/A |
| Silver Lake Mall, LLC | 09-12271(ALG) | April 16, 2009 | N/A |
| Sixty Columbia Corporate Center, LLC | 09-12272 (ALG) | April 16, 2009 | N/A |
| Sooner Fashion Mall L.L.C. | 09-12273 (ALG) | April 16, 2009 | N/A |
| South Shore Partners, L.P. | 09-11993 (ALG) | April 16, 2009 | 42-1426053 |
| South Street Seaport Limited Partnership | 09-11963 (ALG) | April 16, 2009 | N/A |
| Southlake Mall L.L.C. | 09-12274 (ALG) | April 16, 2009 | N/A |
| Southland Center Holding, LLC | 09-12275 (ALG) | April 16, 2009 | N/A |
| Southland Center, LLC | 09-12015 (ALG) | April 16, 2009 | N/A |
| Southland Mall, Inc. | 09-12276 (ALG) | April 16, 2009 | N/A |
| Southland Mall, L.P. | 09-11992 (ALG) | April 16, 2009 | 13-4221889 |
| Southwest Denver Land L.L.C. | 09-12277 (ALG) | April 16, 2009 | N/A |
| Southwest Plaza L.L.C. | 09-12278 (ALG) | April 16, 2009 | N/A |
| Spring Hill Mall L.L.C. | 09-12279 (ALG) | April 16, 2009 | N/A |
| St. Cloud Land L.L.C. | 09-12280 (ALG) | April 16, 2009 | N/A |
| St. Cloud Mall Holding L.L.C. | 09-12281 (ALG) | April 16, 2009 | N/A |
| St. Cloud Mall L.L.C. | 09-12033 (ALG) | April 16, 2009 | N/A |
| Stonestown Shopping Center L.L.C. | 09-12282 (ALG) | April 16, 2009 | N/A |
| Stonestown Shopping Center, L.P. | 09-12283 (ALG) | April 16, 2009 | N/A |

| Debtor | Case Number | Date Filed | Federal Tax I.D. No. |
|---|---|---|---|
| Summerlin Centre, LLC | 09-12284 (ALG) | April 16, 2009 | N/A |
| Summerlin Corporation | 09-12285 (ALG) | April 16, 2009 | 88-0195927 |
| The Burlington Town Center LLC | 09-12025 (ALG) | April 16, 2009 | N/A |
| The Howard Hughes Corporation | 09-12169 (ALG) | April 16, 2009 | 74-0698800 |
| The Hughes Corporation | 09-12177 (ALG) | April 16, 2009 | 52-2044858 |
| The Rouse Company at Owings Mills, LLC | 09-12244 (ALG) | April 16, 2009 | N/A |
| The Rouse Company BT, LLC | 09-12036 (ALG) | April 16, 2009 | N/A |
| The Rouse Company LP | 09-11983 (ALG) | April 16, 2009 | N/A |
| The Rouse Company of Florida, LLC | 09-12245 (ALG) | April 16, 2009 | N/A |
| The Rouse Company of Louisiana, LLC | 09-12246 (ALG) | April 16, 2009 | N/A |
| The Rouse Company of Michigan, LLC | 09-12247 (ALG) | April 16, 2009 | N/A |
| The Rouse Company of Minnesota, LLC | 09-12248 (ALG) | April 16, 2009 | N/A |
| The Rouse Company of Ohio, LLC | 09-12249 (ALG) | April 16, 2009 | N/A |
| The Rouse Company Operating Partnership LP | 09-12037 (ALG) | April 16, 2009 | N/A |
| The Village of Cross Keys, LLC | 09-12306 (ALG) | April 16, 2009 | N/A |
| The Woodlands Mall Associates, LLC | 09-12323 (ALG) | April 16, 2009 | N/A |
| Three Rivers Mall L.L.C. | 09-12286 (ALG) | April 16, 2009 | N/A |
| Three Willow Company, LLC | 09-12287 (ALG) | April 16, 2009 | N/A |
| Town East Mall, LLC | 09-12288 (ALG) | April 16, 2009 | N/A |
| Tracy Mall Partners I L.L.C. | 09-12291 (ALG) | April 16, 2009 | 36-4369500 |
| Tracy Mall Partners II, L.P. | 09-12292 (ALG) | April 16, 2009 | 36-4369495 |
| Tracy Mall Partners, L.P. | 09-12290 (ALG) | April 16, 2009 | 42-1407674 |
| Tracy Mall, Inc. | 09-12289 (ALG) | April 16, 2009 | N/A |
| TRC Co-Issuer, Inc. | 09-11984 (ALG) | April 16, 2009 | 20-5160460 |
| TRC Willow, LLC | 09-12293 (ALG) | April 16, 2009 | N/A |
| Tucson Anchor Acquisition, LLC | 09-11976 (ALG) | April 16, 2009 | N/A |
| TV Investment, LLC | 09-12294 (ALG) | April 16, 2009 | N/A |
| Two Arizona Center, LLC | 09-12295 (ALG) | April 16, 2009 | N/A |
| Two Willow Company, LLC | 09-12296 (ALG) | April 16, 2009 | N/A |

| Debtor | Case Number | Date Filed | Federal Tax I.D. No. |
|---|---|---|---|
| Tysons Galleria L.L.C. | 09-12297 (ALG) | April 16, 2009 | N/A |
| U.K.-American Properties, Inc. | 09-12298 (ALG) | April 16, 2009 | N/A |
| Valley Hills Mall L.L.C. | 09-12034 (ALG) | April 16, 2009 | 36-4186809 |
| Valley Hills Mall, Inc. | 09-12299 (ALG) | April 16, 2009 | N/A |
| Valley Plaza Anchor Acquisition, LLC | 09-12300 (ALG) | April 16, 2009 | N/A |
| VCK Business Trust | 09-12301 (ALG) | April 16, 2009 | N/A |
| Victoria Ward Center L.L.C. | 09-12302 (ALG) | April 16, 2009 | N/A |
| Victoria Ward Entertainment Center L.L.C. | 09-12303 (ALG) | April 16, 2009 | N/A |
| Victoria Ward Services, Inc. | 09-12305 (ALG) | April 16, 2009 | 48-1298057 |
| Victoria Ward, Limited | 09-12304 (ALG) | April 16, 2009 | 99-0057590 |
| Visalia Mall L.L.C. | 09-12307 (ALG) | April 16, 2009 | N/A |
| Visalia Mall, L.P. | 09-12309 (ALG) | April 16, 2009 | N/A |
| Vista Commons, LLC | 09-12308 (ALG) | April 16, 2009 | N/A |
| Vista Ridge Mall, LLC | 09-12310 (ALG) | April 16, 2009 | N/A |
| VW Condominium Development, LLC | 09-12311 (ALG) | April 16, 2009 | N/A |
| Ward Gateway-Industrial-Village, LLC | 09-12312 (ALG) | April 16, 2009 | N/A |
| Ward Plaza-Warehouse, LLC | 09-12313 (ALG) | April 16, 2009 | N/A |
| Weeping Willow RNA, LLC | 09-12314 (ALG) | April 16, 2009 | N/A |
| West Kendall Holdings, LLC | 09-12315 (ALG) | April 16, 2009 | N/A |
| Westwood Mall, LLC | 09-12316 (ALG) | April 16, 2009 | N/A |
| White Marsh General Partnership | 09-12000 (ALG) | April 16, 2009 | N/A |
| White Marsh Mall Associates | 09-12001 (ALG) | April 16, 2009 | N/A |
| White Marsh Mall LLC | 09-12317 (ALG) | April 16, 2009 | N/A |
| White Marsh Phase II Associates | 09-12002 (ALG) | April 16, 2009 | N/A |
| White Mountain Mall, LLC | 09-12318 (ALG) | April 16, 2009 | N/A |
| Willow SPE, LLC | 09-12319 (ALG) | April 16, 2009 | N/A |
| Willowbrook II, LLC | 09-12320 (ALG) | April 16, 2009 | N/A |
| Willowbrook Mall, LLC | 09-12321 (ALG) | April 16, 2009 | N/A |
| Woodbridge Center Property, LLC | 09-12322 (ALG) | April 16, 2009 | N/A |
| 10 CCC Business Trust | 09-12457 (ALG) | April 22, 2009 | N/A |

| Debtor | Case Number | Date Filed | Federal Tax I.D. No. |
|---|---|---|---|
| 20 CCC Business Trust | 09-12458 (ALG) | April 22, 2009 | N/A |
| 30 CCC Business Trust | 09-12459 (ALG) | April 22, 2009 | N/A |
| Burlington Town Center II LLC | 09-12477 (ALG) | April 22, 2009 | N/A |
| Capital Mall, Inc. | 09-12480 (ALG) | April 22, 2009 | N/A |
| Capital Mall L.L.C. | 09-12462 (ALG) | April 22, 2009 | 36-4369469 |
| GGP-Columbiana Trust | 09-12464 (ALG) | April 22, 2009 | N/A |
| GGP-Gateway Mall, Inc. | 09-12481 (ALG) | April 22, 2009 | N/A |
| GGP-Gateway Mall L.L.C. | 09-12467 (ALG) | April 22, 2009 | 42-1426052 |
| GGP-Mall of Louisiana, Inc. | 09-12478 (ALG) | April 22, 2009 | N/A |
| GGP-Mall of Louisiana II, L.P. | 09-12482 (ALG) | April 22, 2009 | 37-1489443 |
| Grand Traverse Mall Holding, Inc. | 09-12483 (ALG) | April 22, 2009 | N/A |
| Grand Traverse Mall Partners, LP | 09-12469 (ALG) | April 22, 2009 | 41-1749582 |
| Greenwood Mall, Inc. | 09-12484 (ALG) | April 22, 2009 | N/A |
| Greenwood Mall L.L.C. | 09-12471 (ALG) | April 22, 2009 | 36-4425815 |
| Kalamazoo Mall, Inc. | 09-12485 (ALG) | April 22, 2009 | N/A |
| Kalamazoo Mall L.L.C. | 09-12472 (ALG) | April 22, 2009 | 36-4265371 |
| Lancaster Trust | 09-12473 (ALG) | April 22, 2009 | N/A |
| Mondawmin Business Trust | 09-12474  (ALG) | April 22, 2009 | 26-1382758 |
| PARCIT-IIP Lancaster Venture | 09-12486 (ALG) | April 22, 2009 | N/A |
| Parcity L.L.C. | 09-12487 (ALG) | April 22, 2009 | N/A |
| Parcity Trust | 09-12488 (ALG) | April 22, 2009 | N/A |
| Park City Holding, Inc. | 09-12489 (ALG) | April 22, 2009 | N/A |
| PC Lancaster L.L.C. | 09-12490 (ALG) | April 22, 2009 | N/A |
| PC Lancaster Trust | 09-12491 (ALG) | April 22, 2009 | N/A |
| Running Brook Business Trust | 09-12475 (ALG) | April 22, 2009 | N/A |
| Stonestown Shopping Center Holding L.L.C. | 09-12479 (ALG) | April 22, 2009 | N/A |
| Town Center East Business Trust | 09-12476 (ALG) | April 22, 2009 | N/A |

## Exhibit 2

**Proposed Proof of Claim Form**

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor: | Case Number: |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:

**Court Claim Number:**_____
  (*If known*)

Telephone number:

Filed on:_____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Telephone number:

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**  $_____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** _____
  (See instruction #2 on reverse side.)

**3.** Last four digits of any number by which creditor identifies debtor: _____

  **3a.  Debtor may have scheduled account as:** _____
    (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
  Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

  **Nature of property or right of setoff:**  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
  **Describe:**

  **Value of Property:**$_____ **Annual Interest Rate____%**

  **Amount of arrearage and other charges as of time case filed included in secured claim,**

  **if any:** $_____ **Basis for perfection:** _____

  **Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____

**6.  Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7.  Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED BY CLAIMS AGENT AFTER SCANNING.

If the documents are not available, please explain:

**5.  Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

  **Amount entitled to priority:**

  $_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| DATE: | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor that arose on or before the date of the bankruptcy filing. See 11 U.S.C. § 101 (10)

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.
A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may view your claim information by visiting the website of the Claims Agent (www.kccllc.net/GeneralGrowth).

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.