HONIGMAN MILLER SCHWARTZ AND COHN LLP
Counsel for Dillard's Inc.
Judy B. Calton (Mich. Bar. No. P38733)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
Telephone: (313) 465-7344
Facsimile: (313) 465-7345
Email: jcalton@honigman.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11 Case No.** |
| **GENERAL GROWTH PROPERTIES, INC.,** <u>et al.</u>, | **09-11977** (ALG) |
| **Debtors.** / | **(Jointly Administered)** |

### DILLARD'S OBJECTION TO PLAN DEBTORS' JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

Dillard's Inc. and its affiliates (jointly, "**Dillard's**"), by its counsel, for its Dillard's Objection to Plan Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code states:

1. Dillard's is an occupant at the following malls which are owned by the Plan Debtors, as defined in the Plan Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "**Plan**"),[1] as supplemented through December 7, 2009:

    1. Augusta Mall
    2. Boise Town Square
    3. Capital Mall
    4. Chapel Hills Mall

---

[1] Capitalized terms not defined herein have the meaning as defined in the Plan.

5. Collin Creek Mall
6. Deerbrook Mall
7. Eagle Ridge Mall
8. Fashion Place Mall
9. Four Seasons Town Center
10. Greenwood Mall
11. Hulen Mall
12. Lynnhaven Mall
13. Mall of Louisiana
14. Mall St. Matthews
15. Mall St. Vincent
16. Newgate Mall
17. Market Place at Oviedo
18. North Point
19. North Star Mall
20. Park Place
21. Peachtree Mall
22. Peacanland Mall
23. Pine Ridge Mall
24. Red Cliffs Mall
25. Regency Square Mall
26. Saint Louis Galleria
27. Sikes Senter
28. Tucson Mall
29. The Boulevard Mall
30. Town East Mall
31. Valley Hills Mall
32. Village at Jordan Creek
33. Vista Ridge Mall
34. Washington Park Mall
35. Willowbrook Mall
36. The Woodlands

2. Prior to the filing of Debtors' bankruptcy petitions, Dillard's and Debtors entered into numerous agreements, including but not limited to, leases, licenses and other occupancy agreements; construction, operation and reciprocal easement agreements; and other associated or similar documents or contractual arrangements (collectively, the "**Dillard's Agreements**"). The Dillard's Agreements grant many rights to Dillard's including, but not limited to, leasehold and other real property possessory interests, easements (for ingress, egress, parking, utilities, drainage, lighting, etc.), site plan orientation restrictions (including permissible building areas

2

and common area locations), use restrictions, clearance of mechanic's liens, tenant mix or balance requirements, shopping center operations, common area maintenance (including monetary contributions thereto), operating covenants, architectural standards, construction standards (including monetary contributions to initial development), developer/landlord representations and warranties, buy-back/purchase rights, outparcel restrictions, parking ratios, lighting, signage, indemnity, hold harmless and defense rights, destruction (rebuild obligations), arbitration rights, forum selection, insurance requirements and condemnation rules.

3. Dillards' has filed proofs of claim against the following Plan Debtors (as supplemented through December 7, 2009) for liquidated and unliquidated amounts based upon the Dillard's Agreements:

1. Augusta Mall, LLC
2. Augusta Mall Anchor Acquisition, LLC
3. Boulevard Associates
4. Boulevard Mall I LLC
5. Boulevard Mall II LLC
6. Deerbrook Mall, LLC
7. Greenwood Mall L.L.C.
8. Greenwood Mall Land, LLC
9. GGP-Mall of Louisiana L.P.
10. Mall of Louisiana Holding, Inc.
11. MSM Property L.L.C.
12. North Star Mall, LLC
13. Peachtree Mall, L.L.C.
14. Pine Ridge Mall L.L.C.
15. Saint Louis Galleria L.L.C.
16. Sikes Senter, LLC
17. Town East Mall, LLC
18. Valley Hills Mall L.L.C.
19. Vista Ridge Mall LLC
20. Willowbrook Mall, LLC
21. Boise Towne Plaza L.L.C.
22. Boise Mall, LLC
23. Capital Mall L.L.C.
24. Chapel Hills Mall L.L.C.
25. Collin Creek Mall, LLC
26. Eagle Ridge Mall, L.P.

27. Eagle Ridge Mall, Inc.
28. GGP-Four Seasons L.L.C.
29. Hulen Mall, LLC
30. HMF Properties, LLC
31. GGP-Jordan Creek L.L.C.
32. GGP-Village at Jordon Creek, L.L.C.
33. Rouse-Orlando, LLC
34. Lynnhaven Mall L.L.C.
35. Mall St. Vincent, L.P.
36. Mall St. Vincent, Inc.
37. GGP-Newgate Mall, LLC
38. GGP-North Point, Inc.
39. GGP-North Point Land L.L.C.
40. Park Mall, LLC
41. GGP-Pecanland, L.P.
42. GGP-Pecanland, Inc.
43. PDC - Red Cliffs Mall L.L.C.
44. Fashion Place, LLC
45. Fashion Place Anchor Acquisition LLC
46. RS Properties Inc.
47. GGP-Tucson Mall L.L.C.
48. Tucson Anchor Acquisition LLC
49. The Woodlands Mall Associates, LLC
50. Ho Retail Properties II Limited Partnership
51. GGP General II, Inc.

4. The Plan designates Dillard's as an unimpaired creditor. A creditor such as Dillard's is unimpaired only if the Plan "leaves unaltered the legal, equitable and contractual rights to which such claim or interest entitles the holder . . ." 11 U.S.C. §1124(1), *In re Drexel Burnham Lambert Group, Inc.*, 960 F. F2d 285, 290 (2d Cir. 1992).

5. Moreover, the Plan and the Exhibits to the Notice of Filing Supplement to Plan Debtors' Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code provide that the Plan Debtors will be assuming certain of the Dillard's Agreements with the Plan Debtors, that no Dillard's Agreements will be treated as expired or nonbinding, and that none will be rejected [Docket 3700].

6. In assuming the Dillard's Agreements, the Plan Debtors will be required to assume all of the obligations of the Dillard's Agreements. The Plan Debtors cannot pick and choose which contractual provisions they will perform postconfirmation and which will be overridden by other provisions of the Plan. 11 U.S.C. §365(f)

> requires a debtor to assume a contract subject to the benefits and burdens therewith. 'The [debtor] . . . may not blow hot and cold. If he accepts the contract he accepts it *cum onere.* He cannot accept one and reject the other.' 'The *com onere* rule prevents the [bankruptcy] estate from avoiding obligations that are an integral part of an assumed agreement.'

*In re Fleming Companies, Inc,* 499 F.3d 300, 308 (3d Cir. 2007) (citations omitted). *See also In re Collins & Aikman Corp.*, 384 B.R. 751, 761 (Bankr. E.D. MI 2008) ("If a contract is assumed, 'the estate becomes liable for the entire contract, as if bankruptcy had never intervened.'"); *In re S.E. Nichols Inc.,* 121 B.R. 745, 747 (Bankr. S.D.N.Y. 1990) ("It is well-settled that a debtor cannot assume part of an unexpired lease while rejecting another part; the debtor must assume the lease *in toto* with both the benefits and burdens intact.").

7. Dillard's objects to confirmation of the Plan because it impairs Dillard's legal, equitable and contractual rights, as summarized below.

(a) Under the Dillard's Agreements, Debtors are required to satisfy all mechanic's lien claims against Dillard's premises. For example, the Dillard's Agreements typically require the Debtors to keep a shopping center free from liens that arise from the Debtors' obligations, and authorized Dillard's, 30 days after giving notice, to discharge the lien and offset the lien and lien costs against amounts otherwise due the Debtors. Nevertheless, the Plan purports in Section 7.2(c) to override and therefore impair Dillard's contractual rights relating to lien claims.

(b) Under the Dillard's Agreements, Debtors are responsible for certain claims asserted against Dillard's, including to indemnify, hold harmless and defend Dillard's from such claims. Some of such claims, upon information and belief, may be covered by and payable by third parties, such as affiliates of the Plan Debtors and/or insurance policies held by the Plan Debtors. Dillard's is entitled to have its claims against the Plan Debtors handled according to the terms of the Dillard's Agreements, notwithstanding the Plan Debtors' rights against such third parties or insurance policies. The Plan impairs Dillard's rights in Sections 7.7(b) and 7.7(c) by requiring Dillard's to first exhaust all remedies against such third parties and/or insurance policies, instead of being paid as required by the Dillard's Agreements.

(c) As discussed above, the Plan Debtors have indemnification obligations to Dillard's under the Dillard's Agreements. Section 8.7(a) preserves indemnification rights of directors, officers, managers, trustees and employees, and Section 8.7(b) states, that except for the indemnification obligations under Section 8.7(a) and to Secured Debt Loan Holders, the Plan Debtors shall have no obligation to indemnify any other Person, such as Dillard's. Thus Section 8.7 of the Plan purports to abrogate all other indemnification rights, thereby impairing Dillard's indemnification rights.

(d) Dillard's has or may have claims against persons or parties other than the Plan Debtors arising out of the Dillard's Agreements and the business relationship between Dillard's and the Plan Debtors. For example, with respect to the Mall of Louisiana, Dillard's filed proofs of claim against Debtors Mall of Louisiana Land, LP and Mall of Louisiana Land Holding, LLC, which are not Plan Debtors. Similarly, Dillard's has claims against the general partners of the Plan Debtors which are limited

partnerships. Section 10.8 of the Plan would release Dillard's claims against any such entities which are not Plan Debtors, impairing Dillard's and contrary to the structures of 11 U.S.C. §524(e).

(e) Section 11.1 of the Plan purports to bestow exclusive jurisdiction in the Bankruptcy Court post confirmation on an extensive list of broadly defined matters, including disputes with respect to executory contracts and transactions contemplated by the Plan. This grant of exclusive jurisdiction is forbidden by law. 11 U.S.C. §1129(a)(3). Title 28 of the United States Code grants the Bankruptcy Courts (as referred by the District Courts) exclusive jurisdiction only over cases under Title 11. 28 U.S.C. §1334(a). The Bankruptcy Courts have only original but not exclusive jurisdiction over matters arising under Title 11, or arising in or related to cases under Title 11. 28 U.S.C. §1334(b). Moreover, even where the Bankruptcy Court has jurisdiction, there are circumstances where abstention from exercising that jurisdiction is mandatory. 28 U.S.C. §1334(c)(2). In any event, such provision impairs Dillard's to the extent it is contrary to forum selection and/or arbitration provisions in the Dillard's Agreements being assumed.

8. The Plan is unclear as to which executory contracts are being assumed or rejected. Section 8.1(a) of the Plan provides in pertinent part:

> Unless otherwise specified on an Executory Contract and Property Document Schedule, each executory contract or unexpired Property Document listed on such schedule shall include all exhibits, schedules, riders, modifications, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document **that, in any manner, affects such executory contract or unexpired Property Document,** without regard to whether such agreement, instrument or other document is listed on such schedule. (emphasis added)

7

It is unclear whether such language means that where an agreement between Dillard's and the Plan Debtors is being assumed, the assumption would include **all** contracts and agreements between Dillard's and Plan Debtors with respect to a particular mall, or whether it excludes certain such agreements or contracts because the Plan Debtors would consider such agreements or contracts not to "affect" the scheduled executory contract or unexpired Property Document.

9. The Plan is not confirmable because it treats Dillard's as unimpaired when it is impaired as described above.

10. The Plan is not confirmable because its exclusive jurisdiction provisions are contrary to law. See 28 U.S.C. §1334 and 11 U.S.C. §1129(a)(3).

11. The Plan is further unconfirmable as proposed. It it does not comply with 11 U.S.C. §365(f) because it would assume the benefits of executory contracts while rejecting the burdens of those contract by Plan provisions overriding contractual obligations. *See* 11 U.S.C. §1129(a)(1).

12. The Plan cannot be confirmed because it inappropriately compels releases of third parties in violation of 11 U.S.C. §524(e).

WHEREFORE, Dillard's requests that confirmation of the Plan be denied unless the Plan is revised to preserve Dillard's rights, and for such other relief as is proper and just.

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND
COHN LLP
Attorneys for Dillard's, Inc.

By: /s/ Judy B. Calton
    Judy B. Calton (P38733)
    2290 First National Building
    660 Woodward Avenue
    Detroit, MI 48226-3506

Telephone: (313) 465-7344
Facsimile: (313) 465-7345
Email: jcalton@honigman.com

Dated: December 9, 2009

DETROIT.3975579.1