**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                    :

In re                             :       **Chapter 11 Case No.**
                                      :

**GENERAL GROWTH**          :       **09-11977 (ALG)**
**PROPERTIES, INC., et al.,**     :
                                      :       **(Jointly Administered)**
           **Debtors.**          :
-------------------------------------------------------------x

## ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105(a) AND BANKRUPTCY RULE 9019 MODIFYING THE ALTERNATIVE DISPUTE RESOLUTION PROCEDURES AND GRANTING RELIEF FROM THE AUTOMATIC STAY TO LIQUIDATE CERTAIN PREPETITION PERSONAL INJURY CLAIMS

Upon the motion, dated January 29, 2010 (the "**Motion**"),[1] of General Growth

Properties, Inc., and its debtor affiliates, as debtors and debtors in possession (collectively, the

"**Debtors**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy**

**Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"),

for an order modifying the alternative dispute resolution procedures for personal injury claims and

granting limited relief from the automatic stay to liquidate certain prepetition personal injury

claims, all as more fully described in the Motion; and the Court having jurisdiction to consider the

Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334 and the

Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any

and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of

the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having provided notice

of the Motion and Hearing (as defined below) to: (i) the Office of the United States Trustee for the

---

[1]   Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Southern District of New York, Attn: Greg M. Zipes (the "**U.S. Trustee**"); (ii) Attorneys for the official committee of unsecured creditors (the "**Committee**"), Akin Gump Strauss Hauer & Feld LLP, Attn: Michael S. Stamer and James Savin; (iii) Attorneys for the Committee of Equity Security Holders, Saul Ewing LLP, Attn: J. Kuhns and J. Jerome; (iv) holders of PI Claims who filed Proofs of Claim in these chapter 11 cases; and (v) parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002; and the Court having held a hearing to consider the requested relief (the "**Hearing**"); and the record of the Hearing, and all of the proceedings before the Court, the Court finds and determines that the requested relief is in the best interests of the Debtors, their estates, creditors, and all parties in interest; the Debtors have provided due and proper notice of the Motion and Hearing and no further notice is necessary; the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the requested relief herein; and therefor, it is

ORDERED that the Motion is granted to the extent set forth herein; and it is further

ORDERED that the ADR Order entered on July 9, 2009 [Docket No. 964] is modified to eliminate the requirement that the Debtors utilize the ADR Procedures for any personal injury claim that is not currently subject to the ADR Procedures; *provided, however*, that nothing in this Order in any way amends or extinguishes the additional authority provided in the ADR Order, including, but not limited to, the Debtors' authority to (i) settle past due tenant rent collection actions subject to certain notice requirements; (ii) settle tenant bankruptcy matters subject to certain notice requirements and to continue prepetition business practices with respect to tenant bankruptcy matters; and (iii) resolve certain *de minimis* customer accommodation matters; and it is further

ORDERED that the ADR Procedures shall remain in full force and effect for any personal injury claim currently engaged in either the offer/exchange process or non-binding mediation as set forth in the ADR Procedures; *provided, however*, that the ADR Procedures shall be modified to allow the Debtors and the personal injury claimant(s), at the conclusion of the offer/exchange process, to (a) stipulate to the non-binding mediation procedures provided in the ADR Procedures, or (b) stipulate to lift the Automatic Stay to allow the personal injury claim to be liquidated in the court where the claim was originally filed or another court with appropriate jurisdiction. Where the Parties are unable to agree to mediation or litigation of the PI Claim, the Automatic Stay shall be modified to allow the PI Claim to be liquidated in the originating court; and it is further

ORDERED that the Automatic Stay is modified solely to the extent necessary to allow any personal injury claim that was in litigation prior to the Commencement Date to be liquidated in the court in which such litigation originated or another court of appropriate jurisdiction so long as the personal injury claimant filed a valid Proof of Claim and the personal injury claim is not currently subject to the ADR Procedures; *provided, however*, that such relief from the Automatic Stay is without prejudice to the Debtors' rights to dispute jurisdiction or venue in any particular court, and without waiver of removal rights; and it is further

ORDERED that any claimant who is a holder of a personal injury claim liquidated through settlement or judgment by a court with appropriate jurisdiction shall be granted an allowed, general, unsecured claim in these chapter 11 cases, to the extent not covered in full by the Debtors' insurance, a third-party's insurance or a third-party indemnity agreement, and will be paid only pursuant to the terms of any applicable chapter 11 plan or plans; and it is further

ORDERED that with respect to personal injury claims covered by a third party pursuant to an indemnification or similar agreement, this Order and the ADR Procedures shall not alter such third party obligations, including indemnification obligations; and it is further

ORDERED that notwithstanding any other term or provision in the ADR Procedures or this Order, nothing in the ADR Procedures or this Order (i) prejudices any of the rights, claims or defenses of Debtors or Debtors' insurers ("**Insurers**") under any of their insurance policies issued to Debtors (the "**Policies**") and any agreements between Debtors and Insurers related to the Policies (together, with the Policies, the "**Insurance Agreements**"), including, but not limited to the rights, if any, to (a) control the defense of otherwise covered claims, (b) participate in settlement negotiations with respect to otherwise covered claims and (c) approve the settlement of any otherwise covered claims; (ii) modifies any of the terms, conditions, limitations and/or exclusions contained in the Insurance Agreements; (iii) shall be deemed to create any insurance coverage or defense that does or does not otherwise exist, if at all, under the terms of the Insurance Agreements, or create any direct right of action against the Insurers that does not otherwise exist under applicable law; (iv) prejudices any of the Debtors' or Insurers' rights and/or defenses in any subsequent litigation in which the Debtors or Insurers may seek any declaration or other relief regarding the nature and/or extent of any insurance coverage under the Insurance Agreements; (v) shall be deemed to alter the Debtors' and Insurers' continuing duties and obligations under the Insurance Agreements; or (vi) shall be construed as an acknowledgement that the Insurance Agreements cover or otherwise apply to any PI Claims or that any PI Claims are eligible for payment under any of the Insurance Agreements; and it is further

ORDERED that the Debtors are authorized to settle personal injury claims and agree to grant Allowed Claims without further order of the Court or on limited notice as provided in the Settlement Procedures Order entered on January 20, 2010 [Docket No. 4240]; *provided, however*, that to the extent the claims will be satisfied, in whole or in part, by the Insurers from proceeds of the Insurance Agreements, the Debtors shall be required to provide notice to such Insurers pursuant to the terms of the Insurance Agreements; and it is further

ORDERED that the Debtors are authorized to take any and all steps that are necessary or appropriate to settle the personal injury claims and to implement the settlement of any Allowed Claims; and it is further

ORDERED that nothing in this Order shall obligate the Debtors to settle or pursue settlement of any particular personal injury claim and all settlements may be negotiated and compromised by the Debtors within their sole discretion; and it is further

ORDERED that nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any personal injury claim asserted in these cases; and it is further

ORDERED that entry of this Order is without prejudice to the Debtors' rights to seek entry of an order modifying or supplementing the relief granted herein; and it is further

ORDERED that this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: March 3, 2010
      New York, New York

_____/s/ Allan L. Gropper_____
THE HONORABLE ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE