**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
GENERAL GROWTH                                              :
    PROPERTIES, INC., et al.,                               :
                                                            :    09 – 11977 (ALG)
               Debtors.                                     :
                                                            :    (Jointly Administered)
                                                            :
------------------------------------------------------------x
```

**ORDER PURSUANT TO SECTIONS 327(a) AND 328(a)
OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO
EMPLOY AND RETAIN MILLER BUCKFIRE & CO., LLC AS
FINANCIAL ADVISOR AND INVESTMENT BANKER AND APPROVING THE
TRANSACTION-BASED FEES AND AMENDING THE AMENDED
ENGAGEMENT LETTER OF MILLER BUCKFIRE & CO., LLC**

Upon the application, dated April 16, 2009 (the "**Application**")[1] of South Street Seaport Limited Partnership, its ultimate parent, General Growth Properties, Inc. ("**GGP**"), and their debtor affiliates, as debtors and debtors in possession (collectively, "**General Growth**" or the "**Debtors**"), and the terms and conditions contained in that certain letter dated as of December 10, 2008 between Miller Buckfire & Co., LLC ("**Miller Buckfire**") and GGP, and amended as of August 11, 2009 (collectively, the "**Amended Engagement Letter**"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure, requesting authorization to employ and retain Miller Buckfire, all as more fully described in the Application; and this Court having entered an order on July 13, 2009 approving the Application and August 13, 2009

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Application.

approving the Completion Fee, the Initial DIP Financing Fee, and other Financing Fees; and the Court having jurisdiction to consider the Application and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having provided notice of the Application to: (i) the Office of the U.S. Trustee, Attn: Tracy Hope Davis, Esq., Linda Riffkin, Esq. and Andrea Schwartz, Esq.; (ii) attorneys for the Creditors' Committee, Akin Gump Strauss Hauer & Feld LLP, Attn: Michael S. Stamer, Esq. and James Savin, Esq.; and (iii) attorneys for the Equity Committee, Saul Ewing LLP, Attn: Joyce A. Kuhns, Esq. and John J. Jerome, Esq.; and (iv) parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002; the Court finds and determines that the requested relief is in the best interests of the Debtors, their estates, creditors, and all parties in interest; the Debtors have provided due and proper notice of the Application and no further notice is necessary; the legal and factual bases set forth in the Application establish just and sufficient cause to grant the requested relief herein; and therefor, it is

      ORDERED, that the Amended Engagement Letter is deemed modified by the terms contained in the Third Supplemental Submission as to Proposed Transaction-Based Fees and Amended Engagement Letter of Miller Buckfire & Co, LLC [Docket No. 4327]; and it is further

3

ORDERED, that all fees payable to Miller Buckfire shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code; and it is further

ORDERED, that notwithstanding the immediately preceding paragraph, the United States Trustee retains all rights to object to Miller Buckfire's interim and final fee applications on all grounds including but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

ORDERED, that to the extent that there may be any inconsistency between the terms of the Application, the Amended Engagement Letter, and this Order, the terms of this Order shall govern; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: March 18, 2010
New York, New York

                                              */s/ Allan L. Gropper*
                                          THE HONORABLE ALAN L. GROPPER
                                          UNITED STATES BANKRUPTCY JUDGE