**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
**In re**                                                   :    **Chapter 11 Case No.**
                                                            :
**GENERAL GROWTH**                                          :    **09-11977 (ALG)**
**PROPERTIES, INC., et al.,**                               :
                                                            :    **(Jointly Administered)**
            **Debtors.**                                    :
------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105(a) AND 363
OF THE BANKRUPTCY CODE (A) AUTHORIZING THE DEBTORS
TO ENTER INTO AN INVESTMENT AGREEMENT WITH THE TEACHER
RETIREMENT SYSTEM OF TEXAS, (B) APPROVING RELATED BREAKUP FEE
AND EXPENSE REIMBURSEMENT, AND (C) GRANTING RELATED RELIEF**

Upon the motion, dated July 12, 2010 (the "**Motion**")[1] of South Street Seaport Limited Partnership, its ultimate parent, General Growth Properties, Inc. ("**GGP**"), and their debtor affiliates, as debtors and debtors in possession (collectively, "**General Growth**"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "**Bankruptcy Code**"), seeking entry of an order (A) authorizing General Growth to enter into an investment agreement (the "**Supplemental Equity Investment Agreement**") with the Teacher Retirement System of Texas, a public pension plan and entity of the State of Texas (the "**Supplemental Equity Investor**"), (B) approving related breakup fee and expense reimbursement, and (C) granting related relief, all as more fully set forth in the Motion; and the Court having reviewed the Motion; and General Growth having provided notice of the Motion and Hearing (as defined below) to (i) the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), (ii) counsel to the official committee of unsecured creditors (the "**Committee**"), (iii) counsel to the committee of equity security holders (the "**Equity**

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**Committee**"), (iv) counsel to the Supplemental Equity Investor, (v) counsel to Brookfield Asset Management Inc., (vi) counsel to Fairholme Funds, Inc., (vii) counsel to Pershing Square Capital Management, L.P., and (viii) parties entitled to receive notice in these chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and the Court having held a hearing to consider the requested relief (the "**Hearing**"); and the legal and factual bases set forth in the Motion establishing just cause for the relief granted herein; and upon the record of the Hearing, and all of the proceedings before the Court, the Court finds and determines that the requested relief is in the best interests of General Growth, its estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor, the Court hereby

**FINDS, DETERMINES AND CONCLUDES THAT:**

      A.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      B.    Good and sufficient notice of the relief sought in the Motion has been given, and no other or further notice is required. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested persons.

      C.    The statutory predicates for the relief granted herein are sections 105(a) and 363(b) of the Bankruptcy Code. In addition the relief granted herein is in accordance with Bankruptcy Rules 2002 and 6004 and rules 2002-1 and 6004-1 of the Local Rules of Bankruptcy

Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York.

D. General Growth has demonstrated sound business justifications for authorization to enter into the Supplemental Equity Investment Agreement, to the extent provided in this Order, with the Supplemental Equity Investor. These business justifications include without limitation:

  i. commitment of capital providing liquidity necessary to emerge from Chapter 11 in a manner intended to permit satisfaction of all unsecured creditors in full and provide a substantial recovery for shareholders; and

  ii. the preservation of flexibility to reduce some or all of the commitments under the Supplemental Equity Investment Agreement and to maximize equity value by replacing part of the committed capital with financing from more favorable sources.

E. General Growth, assisted by qualified professional advisors, has conducted a competitive process to identify alternative sources of equity capital for a plan of reorganization. General Growth has made a reasonable determination that it is in the best interests of General Growth to enter into the Supplemental Equity Investment Agreement and to provide the Breakup Fee and expense reimbursement pursuant to Section 9.3(a) thereof.

F. Entry of this Order is in the best interests of General Growth and its estates, creditors, and interest holders and all other parties in interest herein.

G. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to

this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any finding of fact shall later be determined to be a conclusion of law, it shall be so deemed and vice versa.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. General Growth is authorized to enter into the Supplemental Equity Investment Agreement and to perform its obligations under the Supplemental Equity Investment Agreement. The Supplemental Equity Investor is authorized to assert its rights under the Supplemental Equity Investment Agreement, including those set forth in Article IX concerning termination.

2. The provisions of Section 9.3 of the Supplemental Equity Investment Agreement are approved and shall be binding upon General Growth. General Growth is authorized to pay the Breakup Fee in the amount of $15 million and to reimburse the Supplemental Equity Investor's reasonable and documented out-of-pocket expenses (including expenses of outside counsel) up to $1,000,000, in accordance with the terms of Section 9.3(a) of the Supplemental Equity Investment Agreement.

3. No relief from the automatic stay or the provisions of section 362 of the Bankruptcy Code shall be required for the Supplemental Equity Investor to take any action, or send any notice, with respect to the exercise of a termination right or to collect the Breakup Fee or expense reimbursement under the terms of the Supplemental Equity Investment Agreement.

4. General Growth is authorized to execute and deliver all instruments and documents and take any other actions as may be necessary or appropriate to implement and effectuate the transaction contemplated by this Order.

5. Notwithstanding Bankruptcy Rules 6004, 6006 or otherwise, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

6. No objections to the Motion or the relief requested therein have been filed.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006.

8. This Court shall retain jurisdiction over any matters related to or arising from the implementation or interpretation of this Order. To the extent any provisions of this Order shall be inconsistent with the Motion or any prior order or pleading in these cases with respect to the Motion, the terms of this Order shall control.

9. The provisions of this Order are non-severable and mutually dependant.

Dated: August 4, 2010
      New York, New York            */s/ Allan L. Gropper*
                                                   THE HONORABLE ALLAN L. GROPPER
                                                   UNITED STATES BANKRUPTCY JUDGE