**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                      :

**In re**                                   :       **Chapter 11 Case No.**
                                      :
**GENERAL GROWTH**                 :       **09-11977 (ALG)**
**PROPERTIES, INC., et al.,**        :
                                      :       **(Jointly Administered)**
            **Debtors.**            :
---------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105(a)
AND 363 OF THE BANKRUPTCY CODE (A) AUTHORIZING DEBTORS TO
(1) EXERCISE CERTAIN CLAWBACK RIGHTS AND INCUR RELATED
CLAWBACK FEES, (2) ENTER INTO COMMITMENT LETTER, SIDE LETTER AND
FEE LETTER IN CONNECTION WITH POTENTIAL EXIT FINANCING FACILITY,
AND (3) ENTER INTO THE EQUITY ROFO LETTER, PRE-EMERGENCE
UNDERWRITING AGREEMENT, AND GUARANTEE, (B) APPROVING UBS AS
UNDERWRITER AND LENDER COMMITMENT PARTY AND (C) AUTHORIZING
ENTRY INTO POTENTIAL ENGAGEMENT LETTER EXTENSIONS**

Upon the motion, dated September 22, 2010 (the "**Motion**")[1] of South Street Seaport Limited Partnership, its ultimate parent, General Growth Properties, Inc. ("**GGP**"), and their debtor affiliates, as debtors and debtors in possession (collectively, "**General Growth**" or the "**Debtors**"), pursuant to sections 105 and 363 of title 11 of the United States Code (the "**Bankruptcy Code**"), (A) authorizing General Growth to (i) enter into the Agreements, and to undertake the obligations (including payment of fees and expenses and the incurrence of the indemnification obligations) in connection therewith and (ii) exercise the Clawback Election and pay the related Clawback Fee in accordance with the Investment Agreements and (B) authorizing UBS to act as an Underwriter and Lender Commitment Party and finding that such engagement will not cause it to fail to be a disinterested person (as defined in section 101(14) of the

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Bankruptcy Code) or to represent or hold an interest adverse to the interest of the Debtors' estates, all as more fully described in the Motion; and the Court having reviewed the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and General Growth having provided notice of the Motion and Hearing (as defined below) to (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel for the Creditors' Committee, (iii) counsel for the Equity Committee, (iv) counsel to the Underwriters, (v) counsel to the Joint Lead Arrangers, and (vi) parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002; and the Court having held a hearing to consider the requested relief (the "**Hearing**"); and upon the record of the Hearing, and all of the proceedings before the Court, the Court finds and determines that the requested relief is in the best interests of the Debtors, their estates, creditors, and all parties in interest; that General Growth has provided due and proper notice of the Motion and Hearing and no further notice is necessary; and that upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it hereby

**FINDS, DETERMINES AND CONCLUDES THAT:**

      A.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.).

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

       B.     Good and sufficient notice of the relief sought in the Motion has been given, and no other or further notice is required. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested persons.

       C.     The statutory predicates for the relief granted herein are sections 105(a) and 363(b) of the Bankruptcy Code. In addition the relief granted herein is in accordance with Bankruptcy Rules 2002 and 6004 and rules 2002-1 and 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York.

       D.     General Growth has demonstrated sound business justifications for authorization to enter into the Agreements, to the extent provided in this Order, and to undertake the obligations contemplated therein subject to the terms of this Order.

       E.     The participation of UBS as an Underwriter as described in the Equity ROFO Letter and as a Lender Commitment Party is in the best interest of General Growth and its estates; the determination of UBS's status as a disinterested person after March 11, 2010 (at which it was determined that UBS was a disinterested person and did not hold or represent an interest adverse to the estate) or whether UBS represents or holds an interest adverse to General Growth's estates is hereby deferred, and the United States Trustee, UBS, and all other parties reserve their rights in connection therewith.

       F.     Entry of this Order is in the best interests of General Growth and its estates, creditors, and interest holders and all other parties in interest herein.

G. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any finding of fact shall later be determined to be a conclusion of law, it shall be so deemed and vice versa; and it is hereby

ORDERED that the Motion is GRANTED as provided herein; and it is further

ORDERED that, except as otherwise set forth herein, the Debtors are authorized (but not directed), in their sole discretion and without further notice or order from this Court, to enter into the Agreements and to undertake the obligations set forth therein, including, but not limited to, paying any fees (subject to a maximum amount of $12 million for the Standalone Revolving Facility and $60 million if the Debtors determine to pursue the Term Loan) plus any expenses required under the Agreements; and it is further

ORDERED that if Debtors determine to enter into the Pre-Emergence Underwriting Agreement and Guarantee, they shall file a separate motion with the Court for approval thereof, and the rights of the United States Trustee, the Debtors and all other parties are reserved in connection therewith; and it is further

ORDERED that the Debtors are authorized, but not required, to accept the financing commitments upon terms substantially similar to the terms set forth in the Commitment Letter and Fee Letter and the term sheets attached thereto, and to perform the Debtors' obligations thereunder provided, however, that (a) the payment of any fees to UBS in connection therewith shall be made within one (1) business day after the order confirming the Plan (the "**Confirmation Order**") is entered and (b) UBS shall be approved as an Underwriter and Lender Commitment Party effective as of the moment after the entry of the Confirmation

Order; provided, however, nothing herein shall prevent the Debtors from naming UBS as Underwriter and/or Lender Commitment Party on any documents prior to the entry of the Confirmation Order or prevent UBS from doing any preparatory work or executing any documents in preparation for being an Underwriter or Lender Commitment Party; notwithstanding the foregoing, the approval of UBS as an Underwriter or Lender Commitment Party shall be effective only after the entry of the Confirmation Order; and it is further

ORDERED that the Debtors are authorized, but not required, to execute the Side Letter and to perform the obligations thereunder; and it is further

ORDERED that the payment obligations of the Debtors under the Commitment Letter and the Fee Letter are entitled to and are hereby granted administrative priority under sections 503(b) and 507(a)(1) of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized, but not directed, to exercise the Clawback Election and to incur any related Clawback Fee; and it is further

ORDERED that the Debtors are authorized, but not required, to provide any indemnification required pursuant to the Agreements, as and to the extent provided by the Agreements; and it is further

ORDERED that the Debtors are authorized to execute and deliver all instruments and documents and take any other actions as may be necessary or appropriate to implement and effectuate the transaction contemplated by this Order; and it is further

ORDERED that UBS is authorized to enter into the Equity ROFO Letter and to serve as an Underwriter effective as of the moment after the entry of the Confirmation Order. UBS is authorized to enter into the Commitment Letter, Fee Letter, and Side Letter and serve as a Lender Commitment Party effective as of the moment after the entry of the Confirmation

Order; provided, however, nothing herein shall prevent the Debtors from naming UBS as an Underwriter and/or Lender Commitment Party on any documents prior to the date of the entry of the Confirmation Order or prevent UBS from doing any preparatory work or executing any documents in preparation for being an Underwriter or Lender Commitment Party; notwithstanding the foregoing, the approval of UBS as an Underwriter or Lender Commitment Party shall be effective only after the entry of the Confirmation Order; and it is further

ORDERED that the determination of UBS's status as a disinterested person after March 11, 2010 (at which it was determined that UBS was a disinterested person and did not hold or represent an interest adverse to the estate) or whether UBS represents or holds an interest adverse to General Growth's estates is hereby deferred, and the United States Trustee, UBS, and all other parties reserve their rights in connection therewith; and it is further

ORDERED that, subject to the express reservation contained in the immediately preceding paragraph, UBS's engagement as an Underwriter or Lender Commitment Party will not limit or modify the terms of UBS's retention under the UBS Retention Orders or UBS's entitlement to compensation thereunder; and it is further

ORDERED that the Debtors are authorized to enter into the Potential Engagement Letter Extensions and to undertake any actions contemplated thereby; and it is further

ORDERED that notwithstanding Bankruptcy Rules 6004, 6006 or otherwise, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing; and it is further

ORDERED that all objections to the Motion or the relief requested therein that have not been withdrawn, waived, settled, or specifically addressed in this Order, and all reservations of rights included in such objections, are overruled in all respects on the merits.

ORDERED that this Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated: October 8, 2010
New York, New York

*/s/ Allan L. Gropper*_____
THE HONORABLE ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE