**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                :
**In re**                                       :        **Chapter 11 Case No.**
                                                :
**GENERAL GROWTH**                              :        **09-11977 (ALG)**
**PROPERTIES, INC., et al.,**                   :
                                                :        **(Jointly Administered)**
                **Debtors.**                    :
-----------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 107(b)**
**OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9018**
**AUTHORIZING THE DEBTORS TO FILE FEE LETTER, SIDE LETTER,**
**POTENTIAL ENGAGEMENT LETTER EXTENSIONS, AND EQUITY ROFO LETTER**
**UNDER SEAL IN CONNECTION WITH POTENTIAL FINANCING TRANSACTIONS**

Upon the ex parte motion, dated September 21, 2010 (the "**Seal Motion**")[1] of

South Street Seaport Limited Partnership, its ultimate parent, General Growth Properties, Inc.

("**GGP**"), and their debtor affiliates, as debtors and debtors in possession (collectively, "**General**

**Growth**" or the "**Debtors**"), pursuant to section 107(b) chapter 11 of title 11 of the United States

Code (the "**Bankruptcy Code**"), and Rule 9018 of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), authorizing General Growth to file under seal the Fee Letter, Side

Letter, Potential Engagement Letter Extensions, and Equity ROFO Letter to be executed in

connection with a potential financing transactions, all as more fully described in the Seal Motion

and Financing Motion; and the Court having reviewed the Seal Motion; and the Court having

jurisdiction to consider the Seal Motion and grant the requested relief in accordance with 28

U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the

Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984

---

[1]     Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them
in the Seal Motion.

(Ward, Acting C.J.); and consideration of the Seal Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that an ex parte order is necessary to expedite consideration of the relief requested in the Seal Motion and that expedited consideration is beneficial to General Growth, its estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that General Growth may file under seal the Fee Letter, Side Letter, unredacted Potential Engagement Letter Extensions (the "**Unredacted Potential Engagement Letter Extensions**"), and unredacted Equity ROFO Letter (the "**Unredacted Equity ROFO Letter**") as exhibits to the Financing Motion; provided, however, that a redacted version of the Potential Engagement Letter Extensions and a redacted version of the Equity ROFO Letter as agreed to by and between the Debtors and the United States Trustee shall be filed with the Court within two (2) business days following entry of this Order. The Fee Letter, Side Letter, the Unredacted Potential Engagement Letter Extensions, and the Unredacted Equity ROFO Letter, if filed under seal, shall remain under seal and confidential and shall not be made available to any party other than the Court and the Limited Notice Parties; and it is further

ORDERED that a copy of this Order, the Fee Letter, Side Letter, Unredacted Potential Engagement Letter Extensions, and Unredacted Equity ROFO Letter, along with the Financing Motion, shall be served upon the Limited Notice Parties, and such notice shall be deemed good and sufficient notice of the relief requested in the Financing Motion, and no further notice shall be required; and it is further

ORDERED that the Limited Notice Parties, including the parties that they represent, shall be bound by this Order, shall at all times keep the Fee Letter, Side Letter, the

Unredacted Potential Engagement Letter Extensions, and Unredacted Equity ROFO Letter

strictly confidential, and shall not disclose the contents of such letters to any party whatsoever;

except that, notwithstanding section 1102(b)(3) of the Bankruptcy Code or otherwise, counsel to

the Creditors' Committee and the Equity Committee may disclose the Fee Letter, the Side Letter,

the Unredacted Potential Engagement Letter Extensions, and/or the Unredacted Equity ROFO

Letter to committee members; provided that any committee member who receives the Fee Letter,

Side Letter, the Unredacted Potential Engagement Letter Extensions, and/or Unredacted Equity

ROFO Letter shall be bound by this Order and shall at all times keep such documents and the

information contained therein confidential; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising

from the interpretation or implementation of this Order.


Dated:    October 8, 2010
          New York, New York

                                        /s/ Allan L. Gropper
                                        THE HONORABLE ALLAN L. GROPPER
                                        UNITED STATES BANKRUPTCY JUDGE