UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                              :
In re:                                        :       Chapter 11 Case No.
                                              :
GENERAL GROWTH                                :       09-11977 (ALG)
PROPERTIES, INC., et al.,                     :
                                              :       (Joint Administered)
                          Debtors.            :
                                              :
-------------------------------------------------------x

## AFFIDAVIT OF PATRICK J. HEALY IN SUPPORT OF
## RESPONSE TO OBJECTION TO REQUEST OF WILMINGTON TRUST FSB FOR
## REIMBURSEMENT OF CERTAIN PROFESSIONAL FEES AND EXPENSES

I, Patrick J. Healy, declare that:

      1.     I am the Vice President of Wilmington Trust FSB ("**Wilmington Trust**"), which serves as Indenture Trustee (the "**Trustee**") for the $1.55 billion 3.98% Exchangeable Notes Due 2027 (the "**Exchangeable Notes**") pursuant to the indenture (the "**Exchangeable Notes Indenture**"), dated April 16, 2007, between GGP Limited Partnership as issuer (the "**Issuer**") and Trustee as successor trustee for the Exchangeable Notes. I submit this declaration based upon my best information and belief in support of the Trustee's response (the "**Response**") to the *Objection to Request of Wilmington Trust FSB for Reimbursement of Certain Professional Fees and Expenses* (the "**Fee Objection**") filed by the above referenced reorganized debtors (the "**Debtors**").

      2.     Pursuant to a certain Transfer Addendum dated as of March 27, 2009, the Trustee stepped in as successor trustee with respect to the Exchangeable Notes. In addition, the Trustee simultaneously stepped in as successor trustee with respect to the notes (the "**Rouse 6.75% Notes**") issued pursuant to that certain indenture (the "**Rouse 6.75% Indenture**"), dated May 5,

NYC_1077220.1

2006 among The Rouse Company, L.P., and TRC Co-Issuer, Inc. as co-issuers and Wilmington Trust Company as successor trustee. Each of the Exchangeable Notes and the Rouse 6.75% Notes were unsecured obligations and were not guaranteed by other entities related to the Debtors, other than their respective issuer with the Exchangeable Notes issued by GGP Limited Partnership and in a structurally subordinate position to the Rouse 6.75% Notes.

3. The Trustee serially retained the firm of Baker & Hostetler LLP ("**Baker**") and then Foley & Lardner LLP ("**Foley**") to represent it as general corporate counsel in connection with its role as trustee on each of the Exchangeable Notes and the Rouse 6.75% Notes.

4. Additionally, and as expressly provided for under the terms of the Indenture, the Trustee accepted and agreed to a Direction and Indemnity Letter (together with additional directions issued thereunder, the "**Direction**"), dated April 23, 2009 issued by an informal consortium of holders of Exchangeable Notes (the "**Consortium**") that collectively held a majority of the Exchangeable Notes. Pursuant to the Direction, the Trustee executed an engagement letter with Brown Rudnick LLP ("**Brown Rudnick**"), retaining Brown Rudnick as special counsel to the Trustee, and agreed to follow any additional directions that may be provided regarding "any restructuring, negotiations and/or litigation concerning the [Exchangeable] Notes."

5. Similarly, at the Consortium's direction, the Trustee executed an engagement letter with Moelis & Company LLC ("**Moelis**") dated September 1, 2009, to serve as financial advisor on behalf of the Exchangeable Notes.

6. The Trustee has requested payment by the Debtors as an Indenture Trustee Fee Claim (as defined in section 2.6 of the Plan Debtors' Third Amended Joint Plan of

Reorganization Under Chapter 11 of the Bankruptcy Code, as Modified (the "Plan")) of the fees and expenses incurred in connection with its retention of Brown Rudnick and Moelis.

7. The retention of Brown Rudnick as special counsel in addition to Baker (and then Foley) as general counsel was in accordance with the Trustee's obligations under the Exchangeable Notes Indenture..

8. Baker and Foley's engagements were as general counsel to Wilmington Trust with respect to its obligations under the Exchangeable Notes Indenture and the Rouse 6.75% Indenture (including, but not limited to, effectively addressing the interplay between the two debt issues for which Wilmington Trust has served as trustee). Brown Rudnick, on the other hand, focused on issues relating to the enforcement of substantive rights and remedies of the holders of the Exchangeable Notes.

9. The Trustee desired that Brown Rudnick should not duplicate the efforts of Baker and Foley and should work together to the extent possible in order to minimize fees and expenses and to avoid unnecessary duplication of the work being done by the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") professionals. However, the Trustee could not simply rely on the Creditors' Committee professionals to protect in full the interests of the holders of the Exchangeable Notes.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States the foregoing is true and correct.

By: */s/ Patrick J. Healy*
Patrick J. Healy, Vice President,

# 1798949 v1